UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

STEELCASE, INC., a Michigan corporation,

    Plaintiff,

v.

HARBIN'S, INC., an Alabama corporation,

    Defendant.

_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## HARBIN'S INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE PURSUANT TO FED.R.CIV.P. 12(b)(2) AND (3), OR IN THE ALTERNATIVE FOR TRANSFER OF VENUE

Defendant Harbin's Inc. ("Harbin's"), by its attorneys, Miller, Canfield, Paddock, and Stone, P.L.C., states as follows in support of its motion for dismissal under Fed.R.Civ.P. 12(b)(2) and (3), or in the alternative, for transfer of venue.

### Introduction

Harbin's is an Alabama corporation that sells furniture in Alabama. Steelcase, Inc. is a Michigan corporation, which is registered in Alabama, employs representatives in Alabama, manufactures furniture in Alabama, and sells furniture in Alabama. Harbin's has purchased furniture from Steelcase in Alabama via computer intranet on software installed on Harbin's computers by a Steelcase representative from Georgia. Goods that Harbin's has purchased in Alabama were delivered to Harbin's in Alabama or retrieved by Harbin's from Steelcase in Alabama.

Steelcase initiated this action to recover money allegedly owed from Harbin's to Steelcase for furniture bought and sold in Alabama. Though this suit was filed in Michigan, Harbin's has not conducted business in Michigan. See Affidavit of Michael Harbin, attached to this Brief as Exhibit A.

### Personal Jurisdiction

Steelcase, which has the burden of proving personal jurisdiction, alleges personal jurisdiction over Harbin's based upon, Michigan's long-arm-statute-- MCLA § 600.715, which reads:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Under subsection 1 of the statute, "transaction of business within the state," it is constitutionally insufficient for jurisdiction to simply show that an out-of-state resident contracts with a forum resident. *Telecast, Inc. v. Pacific Cablevision*, 731 F. Supp. 1319, 1322 (E.D. Mich. 1990)(*citing, Lanier v. American Board of Endodontics*, 843 F.2d 901 (6th Cir. 1988)). A court is to analyze: prior negotiations, contemplated future

-2-

consequences, the terms of the contract, and the actual course of dealing. *Id.* Where the defendant has not purposefully availed itself of the privilege of conducting business in Michigan, and the acts or consequences of the acts complained of did not occur in Michigan and have no substantial connection with Michigan it is not reasonable that courts in Michigan exercise jurisdiction over the nonresident. *Telecast,* at 1323. Limited phone calls and correspondence with a Michigan plaintiff are insufficient, in and of themselves, to confer jurisdiction. *Telecast,* at 1321-22. If negotiations and performance of a contract occur outside of Michigan and the only act which may occur in Michigan is payment of money, Michigan's long-arm-statute is unable to confer jurisdiction over the defendant. *Id. (citing, Capital Dredge & Dock Corp. v. The Midwest Dredging Co.,* 573 F.2d 377 (6th Cir. 1978)).

Harbin's relationship with Steelcase was limited almost exclusively to contacts with Steelcase in Alabama and occasionally Georgia. Harbin's purchased goods from Steelcase in Alabama. Harbin's received goods from Steelcase's manufacturing facilities in Alabama. Finally, Harbin's made payment to Steelcase in either Alabama or Georgia. Harbin's has not purposefully availed itself of the privilege of doing business in Michigan. None of the alleged acts in Steelcase's complaint were alleged to have occurred in Michigan. Consequences of alleged breach of performance by Harbin's would have no substantial consequences in Michigan. Thus, there is no personal jurisdiction of Harbin's in Michigan.

## Venue

Defendant, which has the burden of showing that venue is proper, claims venue pursuant to 28 USC § 1391, which reads:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> . . . . . . .
>
> (c) For purposes of venue under this chapter [28 USCS §§ 1391 et seq.], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Analysis of whether venue is proper, like analysis of personal jurisdiction, rests upon an examination of contacts with the forum state. *J.L. Clark Manufacturing Co. v. Gold Bond Corp.*, 629 F. Supp. 788, 789-90 (E.D. Pa. 1985). However, when considering venue, a greater quantum of contacts is needed than is needed to satisfy due process requirements for personal jurisdiction. *Id.* Accepting delivery of product,

remitting payment, and incidental telephone and written communication with the forum state are, without anything else, insufficient purposeful activity needed for "doing business" pursuant to 28 USC § 1391. *Id., ABN Amro Sage Corp. v. Mitchell Cohen*, 2003 U.S.Dist LEXIS 15380, *13-14 (N.D. Ill. 2003) (attached to this Brief as Exhibit B.). Moreover, if contacts associated with the acts which gave rise to the claim had little or no effect in the forum state, other than the payment of money, venue is inappropriate in that state. *ABN Amro Sage Corp.*, at *13-14.

As in multi-party/multi-district cases, in determining the district in which a claim arose, it is the district where the weight of the contacts or where the events of significance to the plaintiff's claim occurred that determines venue. *Broadcast Company of the Carolinas v. Flair Broadcasting Corp.*, 892 F.2d 372, 375-76 (4th Cir. 1989). This analysis requires a comparison of the defendant's contacts in various districts. Venue is proper in the district having the most significant ties to the claim. *Id.*, at 376-77.

In this case, since by custom Harbin's purchased, received, and paid for Steelcase goods in Alabama and not Michigan, Michigan is an improper venue. Not only has Harbin's had no minimal contacts with Michigan, it has had no contacts in Michigan with regard to the acts alleged to have formed the breach of contract in this action.

### Forum Non Conveniens: 28 USC § 1404

Even if venue is determined to be proper in the Western District of Michigan, this case should be transferred to Alabama pursuant to 28 USC § 1404. That section reads, in pertinent part:

-5-

§ 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The factors to consider in determining whether transfer is appropriate are set forth in *Simmons Ford, Inc. v. Consumers Union of the United States, Inc.*, 490 F.Supp 106, 107 (W.D. Mich 1980). In that case the court stated:

> The court's discretion under section 1404(a) is broader than under the forum non conveniens doctrine, but the criteria applicable under the statute are substantially those developed under the older doctrine. These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

(*quoting, Schneider v. Sears,* 265 F. Supp. 257, 263 (S.D.N.Y. 1967)). Courts are to balance inconvenience to determine where venue is best laid. *Id.*

In this case, since the alleged contract was made and to be performed in Alabama, and since Steelcase operates extensively in Alabama, convenience is equal to Steelcase in either forum. The same is not true for Harbin's. No witness or employee for Harbin's is located outside of Alabama, all of the documents necessary for determination of the issues raised by Steelcase's complaint are located in Alabama. Moreover, it is likely that witnesses for Steelcase are likely to be located either in Alabama or Georgia, since those

were the states where all of the interaction between Steelcase and Harbin's occurred.

## Conclusion

For the reasons stated herein, Harbin's asks this Court to dismiss this case for lack of personal jurisdiction and for improper venue, or in the alternative, for transfer of venue to the United States District Court, Middle District of Alabama.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: _____
Kurt McCamman (P51477)
Matt Lager (P58589)
Attorneys for Defendant
444 West Michigan Avenue
Kalamazoo, MI 49007-3751
(269) 381-7030

Dated: February 24, 2004

KZLIB:446044.1\000000-00000