# B

Get a Document by Citation - 2003 U.S. Dist. LEXIS 15380 Page 1 of 8

Case 3:04-cv-00020-RFC-SC Document 43-3 Filed 02/24/2004 Page 2 of 9

Service: **Get by LEXSEE®**
Citation: **2003 us dist lexis 15380**

2003 U.S. Dist. LEXIS 15380, *

ABN AMRO SAGE CORPORATION, Plaintiff, v. MITCHELL COHEN, Defendant.

Case Number: 03 C 3556

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2003 U.S. Dist. LEXIS 15380

September 2, 2003, Decided
September 3, 2003, Docketed

**DISPOSITION:** [*1] Defendant's motions to dismiss for lack of personal jurisdiction and for improper venue granted. Case dismissed without prejudice.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff guarantor sued defendant borrower for breach of a guaranty agreement. The borrower moved to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3).

**OVERVIEW:** The guarantor failed to identify facts concerning the guarantee agreement and the parties' course of dealing that would show the borrower was subject to the jurisdiction of the court. The underlying loan the bank had with the borrower was irrelevant in determining whether the court had specific jurisdiction over the borrower. The guarantor had not alleged that the guarantee contract was negotiated in Illinois, that the contract required performance in Illinois, or even that the borrower must reimburse the guarantor by mailing payment to Illinois. Accordingly, the borrower's motion to dismiss for lack of personal jurisdiction was granted. Further, venue was also improper. The borrower's failure to reimburse did not occur in Illinois, the agreement was negotiated outside of Illinois, and no facts were alleged to suggest that the guarantee agreement was controlled by Illinois law, and the borrower was not subject to personal jurisdiction in the Northern District of Illinois with respect to the guarantor's breach of contract claim.

**OUTCOME:** The borrower's motions to dismiss for lack of personal jurisdiction and for improper venue were granted, and the case was dismissed without prejudice.

**CORE TERMS:** personal jurisdiction, guaranty, venue, breach of contract, forum state, reimburse, motion to dismiss, course of dealing, substantial part, purposefully, guarantor, lack of personal jurisdiction, burden of demonstrating, judicial district, federal district, clearing, reside, general jurisdiction, jurisdictional facts, guaranty agreement, causal connection, giving rise, third party, fair play, nonresident, negotiated, unrefuted, diversity, long-arm, omissions

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
*HN1* ⚡In deciding a motion to dismiss for lack of personal jurisdiction, plaintiff bears the

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 15780 Page 2 of 8

Case 3:05-cv-00855-RHC-SC Document 45-13 Filed 02/24/2004 Page 3 of 9

burden of demonstrating the existence of personal jurisdiction. Once personal jurisdiction has been challenged under Fed. R. Civ. P. 12(b)(2), plaintiff must prove the case for personal jurisdiction that it alleged in its complaint. To that end, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. Any conflict presented by affidavit must be resolved in plaintiff's favor. Any unrefuted facts offered by defendant, however, will be accepted as true. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN2 Plaintiff has the burden of demonstrating personal jurisdiction over defendant is proper. A federal district court may exercise personal jurisdiction over a nonresident defendant if jurisdiction over that defendant is proper under the law of the forum state. Fed. R. Civ. P. 4(e). More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN3 A federal district court sitting in diversity has personal jurisdiction only if a court of the state in which it sits would have such jurisdiction. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN4 To establish personal jurisdiction in Illinois, a plaintiff must show (1) that defendant satisfies one of the provisions of the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209, and (2) that defendant purposefully established minimum contacts with Illinois that satisfy both state and federal due process. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN5 The Illinois long-arm statute contains both a list of particular, enumerated grounds for jurisdiction and a catch-all provision that authorizes the exercise of personal jurisdiction on any basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States. 735 Ill. Comp. Stat. 5/2-209(c). In application, the reach of Illinois' long arm statute terminates at the boundaries created by state and federal due process requirements. Therefore the inquiry collapses into two constitutional inquiries--one state and one federal. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN6 To establish specific jurisdiction, plaintiff must prove defendant purposefully established minimum contacts within the forum state. In determining whether defendant had sufficient minimum contacts with the forum state, courts consider whether a defendant could reasonably anticipate being haled into court in the state. These contacts may not be fortuitous or attenuated. Instead, this requirement is satisfied when the defendant purposefully directed his activities at the forum state and the litigation arises from injuries caused by those activities. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN7 In the specific jurisdiction context, the suit must arise out of or be related to the defendant's minimum contacts with the state. A court cannot aggregate all of a defendant's contacts with a state as evidence of the constitutionally-required minimum contacts. The United States Court of Appeals for the Seventh Circuit has explained that the causal connection between a suit and a defendant's forum contacts must be close enough to comport with fair play and substantial justice. The action must directly arise out of the specific contacts between the defendant and the forum state. With respect to contract disputes, this means that only the dealings between the parties in regard to the disputed contract are relevant to

minimum contacts analysis. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN8± An out-of-state party's contract with an in-state party alone is not enough to establish the requisite minimum contacts for specific jurisdiction purposes. Rather prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant. Other factors to consider include who initiated the transaction, where the contract was entered into, and where the performance of the contract was to take place. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
HN9± Defendants should not have to wonder whether some aggregation of other past and future forum contacts will render them liable to suit there. More Like This Headnote

Civil Procedure > Venue > Forum Non Conveniens
HN10± In resolving a motion to dismiss for lack of proper venue, plaintiff bears the burden of establishing that venue is proper. Any factual conflicts must be resolved in plaintiff's favor. More Like This Headnote

Civil Procedure > Venue > General Venue
HN11± In a diversity action, venue is governed by 28 U.S.C.S. § 1391(a), which provides that an action may only be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. More Like This Headnote

Civil Procedure > Venue > General Venue
HN12± 28 U.S.C.S. § 1391(a)(2) focuses on the location of the actions creating the injury, not the location of the injury itself. More Like This Headnote

Civil Procedure > Venue > Forum Non Conveniens
HN13± When venue is improper in the district where the claim is filed, a federal district court may dismiss the action. 28 U.S.C.S. § 1406(a). More Like This Headnote

**COUNSEL:** For ABN Amro Sage Corp., plaintiff: Michael T. Trucco, George Michael Hoffman, Stamos & Trucco, Chicago, IL.

For MITCHELL COHEN, defendant: Kurt Joseph Kolar, Law Office of Kurt J. Kolar, Chicago, IL.

**JUDGES:** Suzanne B. Conlon, United States District Judge.

**OPINIONBY:** Suzanne B. Conlon

**OPINION: MEMORANDUM OPINION AND ORDER**

ABN Amro Sage (AA Sage) sues Mitchell Cohen (Cohen) for breach of contract pertaining to a guaranty agreement. Cohen is now fighting AA Sage's efforts to hale him into court. Cohen moves to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal

Rule of Civil Procedure 12(b)(2) and (b)(3).

## BACKGROUND

Both AA Sage and Cohen submitted affidavits to support their positions on personal jurisdiction. In deciding a motion to dismiss for lack of personal jurisdiction, AA Sage bears the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel* 107 F.3d 1272, 1276 (7th Cir. 1997). Once personal jurisdiction has been challenged [*2] under Rule 12(b)(2), AA Sage must prove the case for personal jurisdiction that it alleged in its complaint. *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001); see also *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). To that end, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); see also *Hyatt Int'l Corp.*, 302 F.3d at 712-13. Any conflict presented by affidavit must be resolved in AA Sage's favor. *Hyatt Int'l Corp.*, 302 F.3d at 712-13. Any unrefuted facts offered by Cohen, however, will be accepted as true. *Facilitec Corp. v. Grease Stopper, Inc.*, 2002 U.S. Dist. LEXIS 2178, No. 01-C-2971, 2002 WL 226758, at *2 (N.D. Ill. Feb. 13, 2002).

AA Sage is a Delaware corporation, principally doing business in Chicago. Cohen resides in the State of New York. In 1999, Cohen sought a loan from Harris Trust & Savings Bank to finance the purchase of seats on stock exchanges. Before it would grant the loan, Harris Bank insisted that the loan be guaranteed [*3] by a clearing firm. Cohen entered into an agreement with AA Sage, whereby AA Sage pledged to serve as Cohen's guarantor. n1 Cohen also retained AA Sage to serve as his clearing bank for payments generated by leasing seats on the Pacific and American Stock Exchanges that were purchased with the proceeds from the Harris loan. Cohen eventually defaulted on his obligation to Harris Bank, and in 2003, AA Sage was forced to repay the loan. After honoring Harris Bank's demand for the outstanding balance of the loan, AA Sage sought reimbursement from Cohen. This suit arises out of Cohen's alleged refusal to honor the guaranty agreement.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 In his affidavit, Cohen disclaims knowledge of the guaranty arrangement. Cohen Aff. at PP13-14. However, AA Sage has produced documentation reflecting that Cohen authorized release of financial information from Harris Bank to AA Sage to facilitate the guaranty. See Pl. Ex. 2. While the agreement between Cohen and Harris Bank is discussed in detail by both parties, neither party provides a copy of the agreement or discusses its nature. Neither party explains who initiated their relationship or how AA Sage came to be Cohen's guarantor.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*4]

In obtaining financing from Harris Bank, Cohen made two or three phone calls to Harris' offices in Illinois to facilitate the transaction. Ultimately, Cohen entered into an agreement with Harris Bank that was governed by Illinois law. Cohen also authorized Harris to disclose his personal information related to the loan to AA Sage as his "Guarantor."

As Cohen's clearing bank, AA Sage sent payments to Harris Bank in Illinois. Cohen, however, asserts that he has had no contact with AA Sage's Chicago office, and that he has dealt exclusively with AA Sage's New York and San Francisco offices. Cohen Aff. at P 13. In failing to address these claims, AA Sage concedes these facts.

## DISCUSSION

## I. Personal Jurisdiction

*HN2* AA Sage has the burden of demonstrating personal jurisdiction over Cohen is proper *See RAR,* 107 F.3d at 1276. A federal district court may exercise personal jurisdiction over a nonresident defendant if jurisdiction over that defendant is proper under the law of the forum state. *See id.;* Fed. R. Civ. P. 4(e). *HN3* A federal district court sitting in diversity has personal jurisdiction "only if a court of the state in which it sits would have such [*5] jurisdiction." *Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir. 1995). *HN4* To establish personal jurisdiction, AA Sage must show (1) that Cohen satisfies one of the provisions of the Illinois long-arm statute, 735 ILCS 5/2-209, and (2) that Cohen purposefully established minimum contacts with Illinois that satisfy both state and federal due process. *See RAR, Inc.,* 107 F.3d at 1276.

*HN5* The Illinois long-arm statute contains both a list of particular, enumerated grounds for jurisdiction and a catch-all provision that authorizes the exercise of personal jurisdiction on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c); *see Hyatt Int'l Corp.,* 302 F.3d at 714. In application, the reach of Illinois' long arm statute terminates at the boundaries created by state and federal due process requirements. *See id.; see also Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 940 (7th Cir. 2000). Therefore the inquiry "collapses into two constitutional inquiries--one state and one federal." *RAR,* 107 F.3d at 1276. [*6]

Turning to the state constitutional inquiry, the Illinois Supreme Court has held that the due process requirements imposed by the Illinois Constitution and United States Constitution are not necessarily equivalent. *Rollins v. Ellwood,* 141 Ill.2d 244, 271, 565 N.E.2d 1302, 1314, 152 Ill. Dec. 384 (1990). The *Rollins* court explained that personal jurisdiction may be "asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins,* 141 Ill. 2d at 275, 565 N.E.2d at 1316. The Seventh Circuit, while acknowledging the possibility that state and federal standards might diverge in some cases, has suggested that in practice there is "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp.,* 302 F.3d at 715-16. Nothing about this case suggests that the due process limits applied here would be different under the state and federal constitutions.

AA Sage [*7] has not alleged that Cohen had "continuous and systematic general business contacts" with Illinois that would subject him to general jurisdiction. AA Sage has thus waived any general jurisdiction argument. *See RAR,* 107 F.3d at 1277. AA Sage has instead argued that Cohen is subject to specific personal jurisdiction.

*HN6* To establish specific jurisdiction, AA Sage must prove Cohen "purposefully established minimum contacts within the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). In determining whether Cohen had sufficient minimum contacts with Illinois, courts consider whether a defendant could "reasonably anticipate being haled into court" in Illinois. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980). These contacts may not be fortuitous or attenuated. Instead, this requirement is satisfied when the defendant purposefully directed his activities at the forum state and the litigation arises from injuries caused by those activities. *Burger King Corp.,* 471 U.S. at 474.

*HN7* The suit must arise out of or be related [*8] to the defendant's minimum contacts with the state. *Id.* A court cannot aggregate all of a defendant's contacts with a state as evidence of the constitutionally-required minium contacts. *Hyatt Int'l Corp.,* 302 F.3d at 717. The

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 15880
Case 3:05-cv-00086-RH-SC Document 19-3 Filed 02/22/2004 Page 7 of 9
Page 6 of 8

Seventh Circuit has explained that the causal connection between a suit and a defendant's forum contacts must be close enough to comport with fair play and substantial justice. *RAR*, 107 F.3d at 1277. "The action must directly arise out of the specific contacts between the defendant and the forum state." *Id.* (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995)). With respect to contract disputes, this means that "only the dealings between the parties in regard to the disputed contract" are relevant to minimum contacts analysis. *Hyatt Int'l Corp.*, 302 F.3d at 717.

The vast majority of jurisdictional facts advanced by AA Sage are not related to the disputed guaranty. Facts relating to Cohen's transaction with Harris Bank are only tangentially related to AA Sage's breach of contract action. In the same vein, the facts relating to AA Sage's own relationship with Harris Bank to guaranty [*9] Cohen's debt involve no action by Cohen at all. Harris Bank is not a party to this action, and thus both the agreement Harris Bank had with Cohen and the agreement Harris Bank had with AA Sage are irrelevant in determining whether this court has specific jurisdiction over Cohen. *See Mac Funding Corp. v. Northeast Impressions, Inc.*, 215 F. Supp. 2d 978, 980-81; *see also Sungard Data Systems v. Central Parking Corp.*, 214 F. Supp.2d 879 (N.D.Ill 2002).

While the parties have failed to submit the exact agreement between AA Sage and Cohen, according to AA Sage, Cohen entered into a contract to reimburse AA Sage if Harris Bank ever demanded payment on the guaranty. HN8⚓ An out-of-state party's contract with an in-state party alone is not enough to establish the requisite minimum contacts. *RAR*, 107 F.3d at 1277 (quoting *Burger King*, 471 U.S. at 474-75). Rather "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" must indicate the purposeful availment that makes litigating in the forum state forseeable to the defendant. *RAR*, 107 F.3d at 1277 [*10] (quoting *Burger King*, 471 U.S. at 479). Other factors to consider include who initiated the transaction, where the contract was entered into, and where the performance of the contract was to take place. *Heritage House Restaurants, Inc., v. Continental Funding Group, Inc.*, 906 F.2d 276, 280 (7th Cir. 1990).

This case arises out of an agreement in which Cohen presumably pledged to reimburse AA Sage if Harris Bank collected on the guaranty. The case does not arise out of AA Sage's individual dealings with Harris Bank, nor does it arise out of Cohen's loan agreement with Harris Bank. AA Sage concedes that its only contact with Cohen was by its New York and San Francisco offices. AA Sage fails to refute Cohen's allegation that his only discussions about his Harris Bank loan with AA Sage were with its San Francisco office. AA Sage has not alleged that the contract was negotiated in Illinois, that the contract required performance in Illinois, or even that Cohen must reimburse AA Sage by mailing payment to Illinois. *See Continental Bank, N.A. v. Everett*, 964 F.2d 701, 703 (7th Cir. 1992) (guarantors subject to personal jurisdiction in suit [*11] by bank to demand payment on a guaranty because the guaranty contracts were substantially connected with Illinois).

AA Sage has failed to offer sufficient facts related to the contract that demonstrate Cohen purposefully directed his activities toward Illinois, and that those same activities give rise to this lawsuit. While the guaranty, the loan and the cause of action are related in the sense that the AA Sage's guaranty enabled Cohen to obtain the loan, "using such a loose causal connection between a suit and a defendant's forum contacts as the basis for personal jurisdiction" does not "comport with fair play and substantial justice." *Id.* at 717 quoting *RAR*, 107 F.3d at 1277.

To overcome the loose connection between the jurisdictional facts and the suit, AA Sage asserts that its contract with Cohen "lies in the wake" of Cohen's transaction with Harris. *See, e. g., Heritage House Restaurants, Inc.*, 906 F.2d at 281; *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 592 (7th Cir. 1984); *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215-16 (7thCir. 1984); *In re Oil Spill by Amoco Cadiz*, 699 F.2d 909, 915 (7th Cir.

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 15830

Case 2:05-cv-00886-MHT-CSC Document 19-3 Filed 02/22/2004 Page 8 of 9

Page 7 of 8

1983). **[\*12]** The court disagrees. AA Sage's breach of contract claim does not lie in the wake of Cohen's relationship with Harris Bank. *See Repository Technologies v. Systems Consultants,* 2003 U.S. Dist. LEXIS 8374, No. 02-C-8640, 2003 WL 21148340 (N.D.Ill. May 16, 2003). Rather, AA Sage's claim against Cohen arises out of his failure to reimburse AA Sage for paying off the guaranty.

The cases AA Sage cites in support of this proposition are unavailing. In those cases, personal jurisdiction was based in part on prior dealings between the plaintiff and the defendant because they amounted to a single course of dealing. *See Heritage House,* 906 F.2d at 281 (holding a party was subject to personal jurisdiction in Illinois when the claim arose out of a course of dealing between two parties); *Deluxe Ice Cream Co.,* 726 F.2d at 1215-16 (holding that a breach of contract action arose out of a defendant's prior negotiating activity in the forum state when those activities led up to the actual contract between those same parties). Those cases do not support the proposition that personal jurisdiction may be based on prior dealings the defendant had in the forum state *with a third party.* **[\*13]** AA Sage essentially argues that the minimum contacts Cohen had with Illinois are through participation in the loan transaction with Harris Bank, a third party. However, **HN9** "defendants should not have to wonder whether some aggregation of *other past and future forum contacts* will render them liable to suit there." *Hyatt Int'l Corp.,* 302 F.3d at 717 (emphasis added).

## II. VENUE

Cohen also moves to dismiss the complaint for improper venue under Fed.R.Civ.P. 12(b)(3). **HN10** In resolving a motion to dismiss for lack of proper venue, AA Sage bears the burden of establishing that venue is proper. *Repository Technologies,* 2003 U.S. Dist. LEXIS 8374, 2003 WL 21148340 at \*4. Any factual conflicts must be resolved in AA Sage's favor. *Id.*

Cohen argues that the Norther District of Illinois is an improper venue. **HN11** In a diversity action, venue is governed by 28 U.S.C. § 1391(a), which provides that an action may only be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part **[\*14]** of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In its complaint, AA Sage asserts that venue is proper in the Northern District of Illinois because a "substantial part of the events or omissions giving rise to the claim occurred" here. § 1391(a)(2). The record does not support this assertion. The breach of contract claim arises out of Cohen's failure to reimburse AA Sage for performing on the guaranty. Cohen's failure to reimburse did not occur in Illinois. According to Cohen's unrefuted statements, he has never had contact with the AA Sage's Chicago office, so the agreement was negotiated outside of Illinois. No facts have been alleged to suggest that the AA Sage/Cohen agreement is controlled by Illinois law. It is true that AA Sage's principal place of business is located in the Northern District of Illinois, and therefore Cohen's failure to pay may cause injury here. **HN12** Section 1391(a)(2), however, focuses on the location of the actions creating the injury, not the location of **[\*15]** the injury itself. Similarly, while AA Sage's performance on the contract with Cohen that gives rise to this case did occur in Illinois, the payoff of the Harris loan does not form a substantial part of the events that underlie the complaint. *See Repository Technologies,* 2003 U.S. Dist. LEXIS 8374, 2003 WL 21148340 at \*5.

AA sage also asserts that venue is proper in the Northern District of Illinois because Cohen is subject to personal jurisdiction here. § 1391(a)(3). However, Cohen clearly is not subject to personal jurisdiction in the Northern District of Illinois with respect to AA Sage's breach of

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 15380 Page 8 of 8

Case 2:05-04-008826-RHC SC Document 10-3 Filed 02/02/2004 Page 9 of 9

contract claim. Therefore, Section 1391(a)(3) is inapplicable. Given that Cohen is a resident of New York, § 1391(a)(1) is also inapplicable.

## CONCLUSION

AA Sage has the burden of demonstrating that Cohen is subject to personal jurisdiction in the Norther District of Illinois. To that end, AA Sage has failed to identify facts concerning the agreement and the parties' course of dealing that would show Cohen is subject to the jurisdiction of this court. Accordingly, Cohen's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) must be granted.

For the [*16] foregoing reasons, venue is also improper in the Northern District of Illinois. HN13 When venue is improper in the district where the claim is filed, a federal district court may dismiss the action. 28 U.S.C. § 1406(a). Cohen's motion to dismiss for improper venue must also be granted.

September 2, 2003

ENTER:

Suzanne B. Conlon

United States District Judge

## JUDGMENT IN A CIVIL CASE - FILED 03 SEP -2

Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed without prejudice.

Date: 9/2/2003

Service: **Get by LEXSEE®**
Citation: **2003 us dist lexis 15380**
View: Full
Date/Time: Tuesday, February 24, 2004 - 2:14 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.