UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE INC., a Michigan
corporation,

        Plaintiff,

v

HARBIN'S INC., an Alabama
corporation,

        Defendant.
_____/

Case No. 1:04CV0026

Hon. Robert Holmes Bell
Chief, U.S. District Judge

## **DECLARATION OF MARVIS JAMES PURSUANT TO 28 U.S.C. § 1746**

I, Marvis James, declare as follows:

1. I am providing this declaration in support of Plaintiff, Steelcase, Inc.'s ("Steelcase") Brief In Opposition to Defendant, Harbin's Inc.'s Motion to Dismiss For Lack of Personal Jurisdiction and For Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(2) & (3) or in the Alternate Transfer of Venue. If sworn as a witness, I could competently testify to the facts set forth below based on my own personal knowledge and/or the records of Steelcase kept in the normal course of its business.

2. I have been employed with Steelcase, Inc. ("Steelcase") as Manager of Corporate Credit since 1982. As Manager of Corporate Credit, I am responsible for determining the credit-worthiness of Steelcase dealers, and monitoring those dealer's credit accounts to ensure that Steelcase collects on amounts owed.

3. By November 2002, Harbin's account was in default. After Harbin's defaulted on its account with Steelcase, Harbin's president, Michael Harbin, contacted me via telephone, email, or mail as much as 2-3 times per week. All of those communications were

directed to me at my office in Grand Rapids, Michigan, and were in regard to his past due balance and arrangements to pay on that balance. Many of Mr. Harbin's emails and facsimile transmissions to me are attached as exhibits to the Declaration of James Van Dyk.

4. When Harbin's account was in default, Steelcase stopped releasing orders to Harbin's. Eventually, Steelcase agreed to release orders to Harbin's under an agreement whereby Harbin's paid Steelcase double the cost of an order. Steelcase applied half of the payment to the current order and half to amounts past due. The payments listed in Paragraph 5, below, were payments from Harbin's to Steelcase. All of those payments were sent to my attention at Steelcase headquarters in Grand Rapids, Michigan and received by me there.

5. The following exhibits are copies of the checks from Harbin's which were sent to, and received by, me in Grand Rapids, Michigan:

   A. Harbin's check No. 9176 signed November 12, 2002, in the amount of $29,906.31, attached as Exhibit A;

   B. Harbin's check No. 9201 signed November 22, 2002, in the amount of $5,042.30, attached as Exhibit B;

   C. Harbin's check No. 9230 signed December 3, 2002, in the amount of $7,912.18, attached as Exhibit C;

   D. Harbin's check No. 9259, signed December 13, 2002, in the amount of $17,213.98, attached as Exhibit D; and

   E. Harbin's check No. 3549, signed December 31, 2002, in the amount of $16,791.32, attached as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Marvis James

2