UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC., a Michigan
corporation,

        Plaintiff,

v.

        File No. 1:04-CV-26

        HON. ROBERT HOLMES BELL

HARBIN'S, INC., an Alabama
corporation,

        Defendant.
_____/

## **O P I N I O N**

Plaintiff Steelcase, Inc. is an office furniture manufacturer with its headquarters in Grand Rapids, Michigan. Defendant Harbin's, Inc. is an Alabama corporation that sells furniture in Alabama. Harbin's was a Steelcase dealer from 1991 until Steelcase terminated the dealership in November 2003. Steelcase filed this action against Harbin's in January 2004, for recovery of over $368,000.00 in unpaid product and interest that Harbin's allegedly owes Steelcase and has refused to pay. (Compl. ¶¶ 19-21).

This action is currently before the Court on Defendant Harbin's motion to dismiss for lack of personal jurisdiction and for improper venue or for transfer of venue. For the reasons that follow the motion will be denied.

## I.

Harbin's moves for dismissal pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction.

This Court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). Steelcase has the burden of establishing this Court's personal jurisdiction over Harbin's. *Id.* at 887. Because this Court is not conducting an evidentiary hearing on the issue of personal jurisdiction, Steelcase need only make a prima facie showing of jurisdiction. *Id.* Steelcase can meet this burden by establishing with reasonable particularity sufficient contacts between Harbin's and Michigan to support jurisdiction. *Id.* Under this standard of review this Court will construe the facts in the light most favorable to Steelcase and will not consider facts proffered by Harbin's that conflict with those offered by Steelcase. *Id.*

The Michigan long-arm statute extends limited personal jurisdiction over a nonresident corporation in claims "arising out of the act or acts which create any of the following relationships," including "the transaction of any business within the state." M.C.L. § 600.715(1). "[I]f a defendant's actions or status fit within a provision of a long-arm statute, jurisdiction may be extended as far as due process permits." *Green v. Wilson*, 455 Mich. 342, 350, 565 N.W.2d 813 (1997). The phrase "transaction of any business" is not defined in the

statute. Michigan Courts, relying on dictionary definitions, have defined "transact" as "to carry on or conduct (business, negotiations, etc.) to a conclusion or settlement," and have defined "business" as "an occupation, profession, or trade . . . the purchase and sale of goods in an attempt to make a profit." *Electrolines, Inc. v. Prudential Assur. Co.*, 260 Mich. App. 144, 168, 677 N.W.2d 874 (2003) (quoting *Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424, 430, 633 N.W.2d 408 (2001)). The use of the word "any" to define the amount of business that must be transacted "establishes that even the slightest transaction is sufficient to bring a corporation within Michigan's long-arm jurisdiction." *Id*.

Steelcase has presented evidence regarding its relationship with its dealers, including Harbin's. Although Steelcase has manufacturing facilities throughout the world, most of those facilities are in Michigan. (Van Dyk Decl. ¶ 3). Steelcase sells its products throughout the world through a network of independent dealers. The dealers purchase products from Steelcase and resell them to the end-user. (Van Dyk Decl. ¶ 4). Steelcase's dealer relations functions and its financial and credit functions concerning its dealers are located in Michigan. (Van Dyk Decl. ¶ 4).

Harbin's applied to Steelcase to become a dealer in early 1991. The application states that it is to be returned to Steelcase's Dealer Development office in Michigan. (Van Dyk Decl., Ex. A). Harbin's also applied for a line of credit from Steelcase. Harbin's credit application was directed to Steelcase's Credit Department in Michigan. (Van Dyk Decl., Ex. B). Over the years Harbin's president, Michael J. Harbin, had numerous communications

with Steelcase's headquarters in Michigan by telephone, facsimile, e-mail, and mail. (Van Dyk Decl. ¶ 15, Ex. H-DD). Harbin's was required to and did provide financial statements to the Steelcase office in Michigan. (Van Dyk Decl., Ex. C, H, Y, CC, DD).

Harbin's purchased Steelcase products by placing orders on Steelcase's electronic data interface ("EDI") system. Every purchase order submitted by Harbin's was processed at Steelcase's Grand Rapids, Michigan office. (Van Dyk Decl. ¶ 10). Approximately 60-70% of the Steelcase products sold to Harbin's were manufactured in Michigan and shipped from Michigan. (Van Dyk Decl. ¶ 11). Most of the Steelcase products ordered by Harbin's were shipped via common carrier. (Van Dyk Decl. ¶ 12). Steelcase's standard dealer terms of sale provide that unless shipment is by Steelcase truck, "title and risk of loss shall pass from Steelcase to Dealer upon delivery to the carrier." (Van Dyk Decl., Ex. D). Accordingly, with respect to the majority of its Steelcase purchases, Harbin's took title in Michigan and risk of loss passed to Harbin's in Michigan. (Van Dyk Decl. ¶ 12).

In consideration for the credit extended by Steelcase to Harbin's, Harbin's president, Michael J. Harbin, and his wife, Hope D. Harbin, signed a personal guaranty which provided that it was to be construed according to the laws of the State of Michigan and that the guarantors consented to personal jurisdiction in any court in Kent County, Michigan. (Van Dyk Decl., Ex. L, M).

For most of the term of the dealer relationship, Harbin's made payment to a Steelcase facility in Georgia. However, during the end of the relationship, Harbin's made payments

directly to Steelcase at its Michigan headquarters. (Van Dyk Decl. ¶ 13-14, Ex. V; James Decl. ¶ 5, Ex. A-E).

In February 2000, two representatives of Harbin's and representatives of Harbin's customers visited Steelcase's headquarters, design studios, and manufacturing facilities in Grand Rapids, Michigan, to discuss a potential sale of Steelcase goods. (Van Dyk Decl. ¶ 16, Ex. EE).

Steelcase has made a prima facie showing that Harbin's has transacted business in Michigan and that this action arises out of that business. These contacts are sufficient to satisfy the Michigan long-arm statute. The next consideration is whether the exercise of personal jurisdiction over Harbin's would satisfy notions of due process. The familiar due process analysis asks whether Harbin's had sufficient "minimum contacts" with Michigan so that the exercise of jurisdiction over it would not offend "traditional notions of fair play and substantial justice," *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945), and whether Harbin's "purposely availed itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "Purposeful availment" is present where the defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original), and where the defendant's conduct and connection with the forum are such that he "'should reasonably anticipate being

5

haled into court there.'" *Id*. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

In order for a court to assert limited personal jurisdiction over an out-of-state defendant, the following three criteria must be met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Neogen*, 282 F.3d at 889 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Construing the facts in the light most favorable to Steelcase, the evidence is sufficient to make a prima facie showing that the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." Defendant Harbin's purposefully availed itself of the privilege of purchasing Steelcase products (many of which were manufactured in Michigan) and obtaining credit from Steelcase in Michigan in order to do so. Harbin's had a continuing relationship with Steelcase as a Steelcase dealer for over 10 years and regularly purchased goods from Michigan. The cause of action arises from Harbin's business activities in Michigan, and Harbin's alleged non-payment on its account with Steelcase has a substantial enough connection with Michigan to make the exercise of jurisdiction over Harbin's reasonable. This is not a case where Harbin's is being haled into the state solely as a result of "'random,' 'fortuitous,' or 'attenuated' contacts, or of the

'unilateral activity of another party or a third person.'" *Burger King Corp.*, 471 U.S. at 475 (internal citation omitted). This Court's determination that it has personal jurisdiction over Harbin's is consistent with the determination in *Steelcase, Inc. v. Mar-Mol Co., Inc.*, 210 F. Supp.2d 920 (W.D. Mich. 2002) (Quist, J.), that this Court had personal jurisdiction over Steelcase dealers located in Puerto Rico, Dominican Republic and Venezuela on breach of contract and fraud claims. Harbin's motion to dismiss for lack of personal jurisdiction will accordingly be denied.

## II.

Harbin has also moved for dismissal pursuant to FED. R. CIV. P. 12(b)(3) for improper venue. Steelcase asserts that venue is proper because this is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

Following the 1990 amendments to § 1391, a plaintiff is not restricted to filing an action in the district with the most substantial connection to the claim. "[I]n diversity of citizenship cases the plaintiff may file his complaint in **any forum** where **a substantial part** of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (emphasis added).

Grand Rapids, Michigan, is in the Western District of Michigan. As noted above, Steelcase is headquartered in Grand Rapids, Harbin's obtained credit from Steelcase in

7

Grand Rapids, Harbin's transmitted its purchase orders to Steelcase in Grand Rapids, most of the goods sold to Harbin's were manufactured in Grand Rapids, title and risk of loss to those goods was most often transferred to Harbin's in Grand Rapids, and Harbin's made at least some of its payments directly to Steelcase in Grand Rapids.  Based upon these facts as more specifically discussed in conjunction with the personal jurisdiction analysis above, this Court is satisfied that a substantial part of the events giving rise to Steelcase's claim arose in the Western District of Michigan. *See also Mar-Mol*, 210 F. Supp.2d at 937 (concluding that the Western District of Michigan "easily" meets the "substantial connection" requirement). Accordingly, venue is appropriate in this Court and Harbin's motion to dismiss for improper venue will be denied.

### III.

Finally, Harbin's moves for transfer of venue to the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  A district court has "broad discretion" to grant or deny a motion to transfer under § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest

8

Case 2:05-cv-00000-RHC-SC Document 19 Filed 00/00/2004 Page 9 of 10
Case 1:04-cv-00000-RHC-SC Document 19 Filed 00/00/2004 Page 9 of 10

concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). Courts grant "substantial deference" to a plaintiff's chosen forum, especially where the plaintiff lives in his chosen jurisdiction. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp.2d 934, 937 (E.D. Mich. 2001). Nevertheless, a plaintiff's chosen forum will not defeat a well-founded motion for a change of venue. *Id.* Generally, transfer is not proper if the result is simply to shift the inconvenience from one party to another. *Evans Tempcon, Inc. v. Index Industries, Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).

Harbin's contends that Alabama would be a more convenient forum because the contract was made and to be performed in Alabama, no witness or employee for Harbin's is located outside of Alabama, and all of the documents necessary for determination of the issues raised by Steelcase's complaint are located in Alabama. In addition, Harbin's contends that Steelcase witnesses are likely to be located in Alabama or Georgia.

In response, Steelcase has identified eight witnesses it intends to call to prove its claims against Harbin's, all of whom work and reside in Michigan. (O'Connor Decl. ¶ 6). Steelcase may also call James Van Dyk, Manager of Corporate Credit, who lives in Massachusetts, but who regularly comes to Michigan as part of his normal job duties. (O'Connor Decl. ¶ 7). Steelcase's documentary evidence is also located in Michigan.

Because Steelcase's choice of forum is entitled to deference and because it appears that a transfer of venue would merely shift the inconvenience from one party to the other, Harbin's motion for transfer of venue will be denied.

An order consistent with this opinion will be entered.


Dated:   September 23, 2004         /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE