UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE, INC., a Michigan corporation,

       Plaintiff,

v.

HARBIN'S, INC., an Alabama corporation,

       Defendant.

_____/

Case No: 1:04-CV-26

HON. ROBERT HOLMES BELL

## ORDER SETTING RULE 16 SCHEDULING CONFERENCE

IT IS HEREBY ORDERED:

1.    Rule 16 Scheduling Conference: A scheduling conference pursuant to Fed.R.Civ.P. 16 is hereby scheduled for **October 29, 2004 at 2:00 p.m.**, before the Honorable Robert Holmes Bell, 401 Ford Federal Building, 110 Michigan, NW, Grand Rapids, MI 49503.

2.    Matters to be Considered at the Scheduling Conference: The purpose of the scheduling conference is to review the joint status report and to explore methods of expediting the disposition of the action by: establishing early and ongoing case management; discouraging wasteful pretrial activities; establishing limitations on discovery; facilitating the settlement of a case; establishing an early, firm trial date; and improving the quality of the trial through thorough preparation.

3.    Presumptive Limitations: In accordance with Rules 26 and 30 of the Federal Rules

of Civil Procedure, the court requires the following, unless all parties stipulate or a party demonstrates good cause for deviation:

    (a)    Rule 26(a)(1) disclosures will be required early in the case, with a continuing duty to supplement;

    (b)    Rule 26(b)(2) expert witness reports will be required before the close of discovery;

    (c)    Interrogatories will be limited to 25 per side and depositions will be limited to 10 per side.

**If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures. See Fed.R.Civ.P. 37(a)(1)**.

The Court normally allows six months for discovery, but will consider a shorter or longer period at the scheduling conference.

    4.    <u>Meeting of Parties Preparation of Joint Status Report</u>: At least seven days before the Rule 16 conference, counsel (or unrepresented parties) shall meet to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and the other topics listed below. Plaintiff shall be responsible for scheduling the meeting, which may be conducted in person or by telephone. After the meeting, the parties shall prepare a joint status report which must be either filed with the Clerk of the Court or e-filed at least **three (3) business days prior to the conference** in the following form:

> A Rule 16 Scheduling Conference is scheduled for the \*\* day of \*\*, 2004. Appearing for the parties as counsel will be:
>
> > (List the counsel who will attend the scheduling conference. Counsel for all parties must attend. Parties not represented by counsel must appear in

person. Parties who are represented are encouraged, but not required, to attend).

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

(Set forth a statement of the basis for the Court's jurisdiction. Indicate all objections.)

2. <u>Jury or Non-Jury</u>: This case is to be tried [before a jury] [by the Court as trier of law and fact].

3. <u>Statement of the Case</u>: This case involves:

(Set forth a brief description of the claims and defenses, sufficient to acquaint the Court with the general nature of the case, as well as the factual and legal issues requiring judicial resolution.)

(In ERISA denial of benefits cases: Please include whether or not there is a procedural challenge to the administrator's decision, such as lack of due process afforded by the administrator or bias on the part of the administrator. See *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998).

4. <u>Pendent State Claims</u>: This case [does] [does not] include pendent state claims.

(If pendent state claims are presented, include a statement describing such claims, and all objections to the Court retaining the pendent claims.)

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

6. <u>Disclosures and Exchanges</u>: Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including lay witness identification, unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties. Set forth below a proposed schedule for initial disclosures.

(i) Fed.R.Civ.P. 26(a)(1) disclosures shall be made by _____.

– OR –

(i) **(Use only if Rule 26(a)(1) disclosures are objected to:)**
The plaintiff expects to be able to furnish the names of the plaintiff's known lay witnesses to the defendant by _____. The defendant expects to be able to furnish the names of the defendant's known lay witnesses to the plaintiff by _____.

(ii) The plaintiff expects to be able to furnish the names of the plaintiff's known lay witnesses to the defendant by _____. The defendant expects to be able to furnish the names of the defendant's known lay witnesses to the plaintiff by _____.

(iii) The plaintiff expects to be able to furnish the names of plaintiff's expert witnesses to the defendant by _____. The defendant expects to be able to furnish the names of the defendant's expert witnesses to the plaintiff by _____.

In this case, it would (would not) be advisable to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

(iv) The parties have agreed to make available the following documents without the need of a formal request for production:

From plaintiff to defendant by _____:
    (Describe documents)
From defendant to plaintiff by _____:
    (Describe documents)

-OR-

The parties are unable to agree on voluntary production at this time.

7. Completion of Discovery:  The parties believe that all discovery proceedings can be completed by _____. The parties recommend the following discovery plan:

(As required by Fed.R.Civ.P. 26(f), set forth proposed plan of discovery, including subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on certain issues. Also set forth any recommendations as to limitations on discovery.

4

Limitations may include the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings.)

8. <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by _____. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

(Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution. Methods used in this district include, but are not limited to, voluntary facilitative mediation (LCivR 16.3), early neutral evaluation (LCivR 16.4), and case evaluation (see MCR 2.403 and LCivR 6.5). For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the court's website: www.miwd.uscourts.gov.

10. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days total, allocated as follows: ____ days for plaintiff's case, ____ days for defendant's case, ____ days for other parties.

11. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

(Indicate progress toward settlement and issues that are obstacles to settlement.)

12. <u>Electronic Document Filing System</u>: The Court strongly encourages participation in electronic filing (see "Notice to Counsel Regarding Electronic Filing" attached to this Order). The parties shall indicate if they believe this to be a suitable case for electronic case filing and, if not, why.

13. <u>Other</u>: In ERISA denial of benefits cases: If there is no procedural challenge to the administrator's decision, please include a date by which the administrative record can be filed with the court. If there

is a dispute regarding what constitutes the administrative record, please so state and include the precise nature of the dispute.  Also, if there is no procedural challenge to the administrator's decision, please include a date by which the parties believe they will file briefs on the standard of review appropriate (de novo or arbitrary and capricious) and set forth your positions as to how the record and evidence meets the relevant standard).

The joint status report shall be approved and signed by all counsel of record and by any party who represents him or herself.  The report shall be filed with the Clerk of the Court, Ronald C. Weston, Sr., Room 399 Ford Federal Building, Grand Rapids, Michigan, 49503, or electronically filed pursuant to W.D. Mich. LCivR 5.7.  A copy of the report shall also be sent directly to Judge Bell's chambers.  If the joint status report is to be e-filed, however, it is not necessary to send a copy directly to chambers.

5. <u>Order of Referral</u>:  United States Magistrate Judge Joseph G. Scoville, of Grand Rapids, Michigan, telephone number (616)456-2309, is designated to assist in the judicial management of this case, and is invested by the powers conferred under 28 U.S.C. Section 636(b)(1)(A).

6. <u>Case Manager</u>:  Any question concerning this Order or the scheduling conference should be directed to Susan Driscoll Bourque, Case Manager, at (616)456-2029.


Date:   September 27, 2004             /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE

6

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

**Notice To Counsel Re: Amendments to Federal Rules of Civil Procedure
Effective December 1, 2000**

On December 1, 2000, amendments to Rules 26 and 30 of the Federal Rules of Civil Procedure took effect. These amendments remove authority from the district court to "opt out" of certain provisions of those rules by standing order. Therefore, this court has repealed Administrative Order 93-125, by which the court had opted out of several provisions of Rule 26. Counsel should no longer rely on any of the provisions of Administrative Order 93-125.

The December 1, 2000 amendments to the Rules do not abrogate the district court's discretion to modify the provisions of Rules 26 and 30 by individual order entered in a particular case. Consequently, counsel should pay careful attention to the provisions of these rules and of the accompanying order. Any requests to modify the presumptive provisions of the Rules concerning initial disclosure, discovery limitations, and the like should be raised in the Joint Status Report and discussed with the court at the Rule 16 case management conference. If these issues are not addressed at the conference and in the case management order, the presumptive provisions of Rules 26 and 30 will apply in this case.

Pursuant to Administrative Order No. 01-9, the Differentiated Case Management Plan adopted pursuant to the Civil Justice Reform Act of 1990 has been repealed.

**Notice to Counsel Regarding Electronic Filing**

On October 1, 2001, this Court adopted Local Civil Rule 5.7, which provides for electronic filing and service of documents in all civil cases filed on or after August 1, 2001. Use of the electronic case filing system is limited to members of the Bar of the Court. An attorney may *file* pleadings, motions, briefs or other documents by electronic means in any such case without leave of court. *Service* may be made by electronic means only upon those attorneys who have consented to receive electronic service in that particular case. The Court believes that electronic filing service will provide cost savings and other benefits to attorneys and their clients.

Interested attorneys should consult Local Civil Rule 5.7, which can be found at the Court's Website www.miwd.uscourts.gov. The Website also contains an on-line tutorial and a User Manual for the electronic case filing system. Counsel should be prepared to discuss the feasibility of electronic filing and service at the Rule 16 scheduling conference in this case.