# United States District Court
# Western District of Michigan
# Southern Division

Steelcase Inc., a Michigan
Corporation.

        Plaintiff.

Case No. **1:04CV0026**
Honorable Robert Holmes Bell
Chief U.S. District Judge

Hope D. Harbin, now Hope D. Patterson
In Pro Per
4514 Chamblee Dunwoody Rd. #238
Atlanta, Georgia 30338
770-451-0730
Fax: 770-451-0730(Home fax)

        Defendant.

Jon G. March (P17065)
Miller, Johnson, Snell & Cummiskey, P.L.C.
Attorneys for Plaintiff
250 Monroe Avenue , N.W.., Suite 800
P.O. Box 306
Grand Rapids, Michigan 49501-0306
616-831-1729
Fax: 616-988-1729

## Answer to the 1st Amended Complaint

You will find all the documents and information enclosed and submitted to you pertinent information to show cause of intent to consciously calculate and to liquidate all assets from Harbin's Inc. solely by the defendant Michael G. Harbin Jr.

1. Agreed

2. Agreed

1

3. Defendant Michael G. Harbin, Jr. is a resident of Florida.

Attached Exhibit #1. Defendant completed voter registration on December, 12th 2003 stating 406 Eastern Lake Rd. as his residence.

Attached Exhibit #2. Vehicle was registered in Walton County Florida on 12-12-2003. I.D. Number 1GKEK13Z43J123304  Year 2003 Make GMC Color BRZ Title # 89423646 Plate # Fl/WBM9I

Attached Exhibit #3. The Taxes & Assessments were paid on 12-23-2003 in the sum of 2,777.20 by Michael Harbin , Jr. for the property at 406 Eastern Lake Rd. in Seagrove Beach Florida.

Attached Exhibit #4. Per the Property Aprasiers Office in Walton County Florida , the 406 Eastern Lake Rd. Beach house was Homesteaded in the amount of 25,000.

4. Defendant Hope D. Harbin is a resident of Georgia.

5. With respect to paragraph 5 , defendant denies any debt owed to Steelcase and is not liable for any combination of debt herein.

6. Defendant Hope D. Harbin complies with the court ordered jurisdiction.

7. Defendant has not been privy to any documents or financial business transactions in connection with Harbin's Inc. / Harbin's Stern Brother's or Michael G. Harbin, Jr. associated or connected with Steelcase. Defendant lacks knowledge and information to form a belief as to the truth of these documents.  Defendant admits that Harbin's Inc./Harbin's Stern Brother's / Michael G. Harbin, Jr. has conducted business with Steelcase for many years.

8. Defendant has no knowledge of ever being an owner, or officer of Harbin's Inc. and demands strict proof thereof of employment with Harbin's Inc. Attached exhibit # 5 referencing owners and officers of Harbin's Inc. Defendant admits helping facilitate relations with customers with regards to support to former husband in the first year of marriage. Defendant was not employed during the child rearing years and focus was on caring for the children Michael (D.O.B. 11-16-93) and Anna Harbin( D.O.B. 9-7-95) to date.

9. Defendant willfully complies with the Michigan jurisdiction upon the Courts order.

2

10. Defendant Hope D. Harbin denies the charges and asks for the charges to be dismissed and for the court to deny any and all obligations of payment to Steelcase . Allegations in exhibit B&C are well over 10 years ago and pertain to the specified P.O. numbers therein which have been paid in full. Under Alabama Statutes of Limitation $$6-1-33 to 6-2-34 Contracts 6 years and $$6-2-34(5) and 6-2-37 Alabama Laws 6 years would apply in this action. Defendant denies allegations now or any time prior or subsequent to exhibits B & C. The intent was never for these purchase orders to be continuing. Hope D. Harbin has not been employed with Harbin's Inc. /Michael G. Harbin, Jr. in the past 10 years. Defendant has been separated from her former husband Michael G. Harbin, Jr. since October, 2001. Attached exhibit # 6 , divorce court order August 2nd, 2002, attached exhibit # 7, divorce court order, attached exhibit # 8, divorce court order.

11. Defendant Hope D. Harbin complies with the Court Order.

12. Agreed

13. Agreed

14. Agreed Harbin's Inc./Michael G. Harbin, Jr. is a Steelcase Dealer. Defendant does not have any knowledge of the separation of Steelcase and Harbin's Inc. & Michael G. Harbin, Jr. Defendant does have knowledge from court ordered documents stating separation, termination and liquidation of Harbin's - Stern Bros. L.L.C. Attached exhibit # 9. Harbin's remained a Steelcase dealer.

15. Defendant was not privy to any transactions with Steelcase and Harbin's Inc./Michael G. Harbin, Jr. regarding any written or verbal master contracts between the parties.

16. Defendant was not subject to any purchase orders and was not aware of any documents until October 14th, 2004 per the First Amended Complaint delivered by courier. Defendant does have knowledge of court documents and purchase orders to Harbin's -Stern Brothers for product from Steelcase. Attached exhibit # 10. Defendant adamantly denies any involvement with Steelcase and states that the information is sufficient proof and prays for relief and dismissal from all the allegations.


## Answer to Count I-Breach of Contract
## Against Harbin's Inc.

17. Defendant denies allegations.

18. Defendant asserts that these contracts were with Harbin's Inc. and has no reason to believe that they were not paid in a timely manner with regards to the P.O. (s) in exhibit A & B as follows : P00000396,P00000405,P00000413,P00000422 and P00000443 in exhibit A and P00000568,P00000521-B,P00000532,P00000557 and P00000558 to Steelcase. The P.O. (s) above have been paid in full.

19. Defendant has no reason to doubt that Harbin's Inc (Michael G. Harbin, Jr.) promised to pay for the goods from Steelcase. Defendant Hope D. Harbin did not deal with payments and was not privy to any financial matters concerning Harbin's and Steelcase.

20. Defendant does not recall any details of the specified goods purchased or delivered regarding the P.O.'s referenced herein.

21. Defendant denies that she is liable for any payments to Steelcase and asserts that the debt is the sole responsibility of the former husband Michael G. Harbin Jr.

22. Defendant has no reason to doubt or disagree with the amount owed to Steelcase from Harbin's Inc. Defendant Hope D. Harbin was not responsible for any outstanding payments or purchases for product as of November 24, 2003 or for any product as to date.

23. Defendant asserts no opinion and does not question interest amount. Defendant denies any responsibly for the action pertaining to the amount owed in interest on the unpaid amount.

24. Defendant Hope D. Harbin did not sign any other guaranties, all of those invoices have been paid in full and I did not intend for any guaranties to be a continuing guarantee. Defendant should not be charged with any subsequently accrued interest, principal amount, or legal counterclaims.

25. Defendant affirmatively states that Harbin's Inc. is Michael G. Harbin, Jr's sole responsibility for choosing and refusing not to pay Steelcase. I, the defendant asks to be with-drawn from any proceeding now and in the future. Defendant avers that Michael G. Harbin, Jr. refused to pay Steelcase and has court ordered documents to prove malicious intend, manipulation, fraud, kiting monies to intentionally harm Steelcase and embezzle for personal gain. Attached exhibit #11.

4

## Answer to Court II-Enforcement of Guaranties Against Defendants Michael G. Harbin and Hope D. Harbin

26. Defendant denies any responsibility for any payments to Steelcase.

27. Defendant Hope D. Harbin does not recall any transactions between the parties on June 10, 1993 and August 4, 1993. Defendant has never been given any copies of these documents nor has the defendant ever been contacted by Steelcase or anyone else regarding these issues with the complaint presented in the Exhibits B and C. until October 14th, 2004. I should be dismissed. I did not sign any other guaranties. All of these purchase orders have been paid in full. Defendant is not liable for the debt accrued by the former Mr. Michael G. Harbin, Jr. in the past or in the future.

28. Defendant asks to be dismissed because I, Hope D. Harbin did not sign any other guaranties and states that all of the P.O. (s) in exhibit B & C have been paid in full. I, Hope D. Harbin did not intend for any guaranties to be continuing. Therefore, defendant should be dismissed from all alleged actions.

29. Defendant has not been involved with production of documents in connection with the debt to Steelcase. The defendant Hope D. Harbin did not intend for any guaranties to be continuing and avers that the P.O. (s) in exhibit B& C have been paid in full and defendant ask to be terminated from indebtedness alleged by Steelcase.

30. Defendant Hope Harbin has no knowledge of needing to give written termination to Steelcase. Defendant will comply with Steelcase's wishes and asks at this time for termination of debt. Defendant adamantly states that all debt is the obligation and responsibility of former husband Michael G. Harbin, Jr.

31. Defendant adamantly denies any involvement with owing Steelcase any amount of money.

**WHEREFORE,** Defendant Hope D. Harbin, now Hope D. Patterson, respectfully prays that she may be sought relief and request any and all Judgments be denied or dismissed and to relinquish her of any debt or future debt to Steelcase or the United States District Court Western District of Michigan (Grand Rapids).

Hope D. Harbin, now Hope D. Patterson<br>
In Pro Per

Respectfully submitted, this the _8_ November, 2004

By Hope D. Patterson

OF DEFENDANT:
**Hope D. Harbin, now Hope D. Patterson**
**4514 Chamblee Dunwoody Rd. #238**
**Atlanta, Georgia 30338**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Response to First Amended Complaint upon Jon G. March, Miller, Johnson, Snell & Cummiskey, P.L.C. P.O. Box 306, Grand Rapids, Michigan , by depositing a copy of the same in the United States Mail, postage paid and properly addressed on this the 8th day of November, 2004.