UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v

HARBIN'S, INC., an
Alabama corporation, MICHAEL G.
HARBIN and HOPE D. HARBIN,

       Defendants.
_____/

Case No. 1:04CV0026
Honorable Robert Holmes Bell
Chief, U.S. District Judge

## JOINT STATUS REPORT

A Rule 16 Telephone Scheduling Conference is scheduled for December 15, 2004 at 1:00 p.m. Appearing for the parties as counsel will be:

Jon G. March and Sara Lachman, counsel for plaintiff, Steelcase Inc.

Defendant Harbin's, Inc., is in default and is not represented by counsel.

Robert W. Smith, counsel for defendant, Michael G. Harbin, Jr.

Hope D. Harbin Patterson, *in pro per*.

1. **Jurisdiction:**

This Court has diversity jurisdiction based upon 28 U.S.C. § 1332.

2. **Jury or Non-jury:**

This case is to be tried without a jury. Defendant Hope Harbin Patterson would like the option for a jury trial to be kept open.

3. **Judicial Availability:**

The parties do not agree to have a United States Magistrate Judge conduct proceedings in the case.

4. **Geographic Transfer:**

This Court has ordered that venue is proper and that a transfer for geographic convenience is not warranted in this case.

5. **Statement of the Case:**

**Plaintiff:**

Steelcase Inc. ("Steelcase") has asserted a claim of breach of contract against Harbin's, Inc. ("Harbin's"). Steelcase provided product to Harbin's, at the time a Steelcase dealer, and Harbin's failed to pay for the product. Harbin's is in default. On December 1, 2004, this Court entered in favor of Steelcase and against Harbin's a default judgment in the total amount of Three Hundred Eighty-Three Thousand Two Hundred Seventy-Five and 79/100 Dollars ($383,275.79) for unpaid principal and interest.

Steelcase has also asserted a claim to enforce two written guaranties by Michael G. Harbin, Jr. (Harbin's, Inc.'s President) and Hope D. Harbin Patterson (Michael Harbin's former wife) by which they unconditionally guaranteed to fully and promptly pay all existing and future indebtedness and liabilities of defendant Harbin's to Steelcase. The guaranties given by Michael G. Harbin, Jr. and Hope D. Harbin Patterson to Steelcase are valid and enforceable by their terms. Under the terms of the guaranties, the obligation of Michael G. Harbin, Jr. and Hope D. Harbin Patterson to Steelcase continued as to any and all indebtedness of defendant Harbin's incurred or arising until written notice was given of termination. To date, neither Michael G. Harbin, Jr. nor Hope D. Harbin Patterson has given Steelcase any written notice of termination of

the guaranties. Michael G. Harbin, Jr. and Hope D. Harbin Patterson are obligated under the guaranties to pay to Steelcase the amount due from defendant Harbin's, Inc. as alleged above, together with further accrued interest and the cost of collections, including attorneys' fees.

**Defendant Harbin's, Inc.:**

Default judgment has been entered.

**Defendant Michael Harbin:**

Defendant Michael Harbin ("Michael") was the president of Defendant Harbin's, Inc. ("Harbin's"). Harbin's was a dealer for Plaintiff Steelcase Inc. ("Steelcase"). Steelcase had, on several occasions, asked Michael to sign a continuing personal guaranty and to give Steelcase a second secured position on Harbin's assets. Michael refused to do either. Nevertheless, Steelcase continued to ship product to Harbin's on credit.

Harbin's obtained a large order from ALFA Insurance Co. in 1993, and placed the order with Steelcase. At first, Steelcase refused to ship the product without Michael signing a continuing personal guaranty. Michael refused and advised Steelcase that he would obtain the product from another manufacturer. Steelcase then asked Michael if he would sign a personal guarranty limited only to the specific purchase orders for the ALFA Insurance Co. project. Michael agreed and signed the guaranties attached to the Complaint. Harbin's fully paid the purchase orders from the ALFA Insurance Co. project and sent a letter to Steelcase confirming that the purchase orders were fully paid. Steelcase acknowledges that these purchase orders were fully paid.

The guaranties are specific to the purchase orders. The purchase orders have been paid. Michael has no continuing guaranty obligation to Steelcase and owes Steelcase nothing.

3

**Defendant Hope D. Harbin Patterson:**

I, the defendant, Hope Duncan Patterson, formerly Hope Duncan Harbin, declare that I have had no involvement in any debt related or associated with Steelcase. I am not guilty of any of the charges brought forth before me. I state that all actions should be the sole responsibility of Michael Grosvenor Harbin, Jr. President and CEO of Harbin's Inc. & Harbin's Stern Brothers.

I will continue to ask for my dismissal from these proceeding, because I did not sign any other guaranties. The two guaranties have been paid in full many years ago and the intent was not for any guaranties to be continuing.

Per divorce decree, in the Circuit Court of Montgomery County, Alabama Domestic Relations Division, the first final order dated the 11th day of December, 2002, in the Court of W. Mark Anderson, Circuit Judge, Case No. Dr-2001-1310, states the following:

Page 13 Paragraph 17. That Mr. Harbin shall be responsible for the payment of any joint debts not specifically assigned to Mrs. Harbin and shall hold her harmless from any liability thereon.

Page 13 Paragraph 16. That each party shall be responsible for the payment of any debts in that party's name not specifically assigned to the other party.

Per divorce decree and second order dated 4th day of December, 2003 in the Court of W. Mark Anderson, Circuit Judge, Case No. Dr. 2001-1310.01, states the following:

Page 5 Paragraph 14. That, except as modified herein, the provisions of the original Decree and the Order of December 11, 2002, shall remain in full force and effect. (The modifications were about visitation and matters regarding Michael III and Anna Harbin.)

4

6. **Pendent State Claims:**

None; diversity of citizenship jurisdiction.

7. **Joinder of Parties and Amendment of Pleadings**:

Plaintiff Steelcase Inc. will depose defendant Michael Harbin to determine, among other things, whether there is a factual basis for a claim of fraudulent conversion of the assets of defendant Harbin's, Inc. Plaintiff therefore requests that the deadline for joinder of parties and amendment of pleadings remain open until a reasonable time after Michael Harbin's deposition. Plaintiff suggests a deadline of January 31, 2005.

The parties will stipulate that the name of defendant Hope D. Harbin be changed to Hope D. Patterson (formerly Harbin), since the former Mrs. Harbin has been divorced and remarried.

Defendant Hope Harbin Patterson requests an expedited proceeding.

8. **Disclosures and Exchanges:**

    i.    Initial Disclosures:

Fed.R.Civ.P. 26(a)(1) disclosures shall be made January 15, 2005.

Defendant Hope Harbin Patterson requests an expedited exchange of disclosures.

    ii.    Disclosures of Lay and Expert Witnesses:

The plaintiff expects to be able to furnish the names of the plaintiff's known lay witnesses to the defendants by January 31, 2005. The defendants expect to be able to furnish the names of the defendants' known lay witnesses to the plaintiff by February 28, 2005.

No expert witnesses are anticipated.

         iii.    <u>Production of Documents</u>:

The parties have agreed to make available the following documents without the need of a formal request for production:

    a. From plaintiff to defendants by January 15, 2005.

        i. Plaintiff's file concerning defendant Harbin's, Inc. This production does not include unprinted e-mail communications which may or may not exist and may or may not be recoverable nor does it include electronic transaction documents (e.g., purchase orders).

    b. From defendants to plaintiff by January 15, 2005.

        i. Any known documents relevant to alleged defenses.

9.    **Discovery:**

Proposed discovery deadline: March 31, 2005.

**<u>Plaintiff's Discovery</u>:**

Plaintiff Steelcase Inc. intends to take the deposition of Michael Harbin, both in his capacity as an individual defendant and as the President of Harbin's, Inc. pursuant to Fed.R.Civ.P. 64 and applicable Michigan statutes. Plaintiff may also seek to take the deposition of defendant Hope D. Harbin Patterson, but will only do so upon the conclusion of Michael Harbin's deposition. The deposition of Michael Harbin may disclose other potential witnesses to be deposed as well as the need for interrogatories and document requests.

**<u>Defendant Michael Harbin's Discovery</u>:**

Defendant Michael G. Harbin ("Harbin") will propound interrogatories and document requests to Plaintiff Steelcase, Inc. ("Steelcase"). Answers to those discovery requests

will determine whether or not Harbin will depose any of Steelcase's employees, agents, or dealers.

**Defendant Hope D. Harbin Patterson's Discovery:**

Defendant Hope Harbin Patterson requests expedited discovery.

10. **Motions:**

Motions for summary judgment and judgment on the pleadings should be filed no later than April 30, 2005.

Defendant Hope Harbin Patterson requests no extension on the filing of any motions.

The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

11. **Alternative Dispute Resolution:**

The parties cannot agree as to a form of suitable ADR.

12. **Length of Trial:**

The parties estimate that the trial will last approximately 1-2 full days total, allocated as follows: 1 day for plaintiff's case, 1 day for the individual defendants' cases. These time estimates will increase if the Complaint is amended to allege a claim of fraudulent conversion. Defendant Hope Harbin Patterson requests 2-3 days continued without postponement or rescheduling.

13. **Prospects of Settlement:**

There have been no settlement discussions.

7

14.  **Electronic Document Filing System:**

Counsel acknowledges having read the "Notice to Counsel Regarding Electronic Filing" attached to the Order Setting Rule 16 Scheduling Conference. This case is suitable for electronic case filing and parties are prepared to so participate. Defendant Hope Harbin Patterson requests exemption as *in pro per* party.

This Joint Status Report has been approved by all counsel of record and by Hope D. Harbin Patterson.

|  |  |
|---|---|
|  | MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.<br>Attorneys for Plaintiff Steelcase Inc. |
| Dated: December 10, 2004 | By ____/s/ Jon G. March_____<br>        Jon G. March |
|  |  |
|  | SILVERMAN, SMITH, BINGEN & RICE, P.P.<br>Attorneys for Michael G. Harbin, Jr. |
| Dated: December 10, 2004 | By _/s/ Jon G. March with permission_____<br>        Robert W. Smith |
|  |  |
| Dated: December 10, 2004 | __/s/ Jon G. March with permission_____<br>Hope D. Harbin Patterson, *In Pro Per* |