UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v.

       Case No. 1:04-CV-26

HARBIN'S, INC., et al.,

       HON. ROBERT HOLMES BELL

       Defendants.
_____/

## CASE MANAGEMENT ORDER

IT IS HEREBY ORDERED:

1. <u>NON-JURY TRIAL DATE AND SETTING</u>: This case is scheduled for non-jury trial commencing **June 20, 2005 at 9:00 a.m.** before the Honorable Robert Holmes Bell, 601 Ford Federal Building, 110 Michigan, NW, Grand Rapids, MI 49503.

2. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed no later than **February 1, 2005**.

   **The caption of the case shall be amended to read, "Hope D. Harbin Patterson."**

3. <u>DISCLOSURES AND EXCHANGES</u>: On or before **January 15, 2005**, each party shall, without awaiting a discovery request, provide to the other parties that information required by Fed.R.Civ.P. 26(a)(1).)

   On or before **January 15, 2004**, the parties shall exchange those documents listed on page 6 of the Joint Status Report without awaiting a request for production.

4. <u>DISCOVERY</u>: All discovery proceedings shall be completed by **March 31, 2005**, and shall not continue beyond this date. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All

depositions must be completed before the close of discovery. Interrogatories will be limited to 25 single-part questions and depositions will be limited to 10 fact witnesses per party. There shall be no deviations from this order without prior approval of the court upon good cause shown.

**Michael G. Harbin shall submit to a deposition in the Western District of Michigan within thirty (30) days of the Rule 16 Scheduling Conference**.

5. MOTIONS:

    a. Non-dispositive motions shall be filed in accordance with W.D. Mich. L.R. 7.3. They will be referred to Magistrate Judge Joseph G. Scoville in Grand Rapids, Michigan, pursuant to 28 U.S.C. Section 636 (b)(1)(A). In accordance with 28 U.S.C. Section 471 et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b. Dispositive motions shall be filed in accordance with W.D. Mich. L.R. 7.2 by **April 30, 2005**. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed. The case manager will notify counsel of the date for oral argument.

    c. The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

6. FINAL PRETRIAL CONFERENCE: A final pretrial conference is hereby scheduled for **May 27, 2005 at 10:00 a.m.** before Magistrate Judge Joseph G. Scoville, 654 Ford Federal Building, 110 Michigan, NW, Grand Rapids, MI 49503

7. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and submitted **three (3) business days** prior to the final pretrial conference in the following form:

    A final pretrial conference was held on the ** day of **. Appearing for the parties as counsel were:

    (List the counsel who will attend the pretrial conference.)

    1. Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

(List separately for each party all exhibits. Plaintiff shall use numbers; defendant shall use letters. Indicate with respect to each exhibit whether and for what reason its admissibility is challenged. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. See Fed. R. Civ. P. 26(a)(3).)

2. <u>Uncontroverted Facts</u>: The parties have agreed that the following may be accepted as established facts:

(State in detail all uncontroverted facts.)

3. <u>Controverted Facts and Unresolved Issues</u>: The factual issues remaining to be determined and issues of law for the Court's determination are:

(Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. <u>Witnesses</u>:

   a. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness <u>will be</u> called or merely <u>may be</u> called to testify.)

   b. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all experts who will testify, providing a <u>brief</u> summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed.R.Civ.P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days total, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

(Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, with a signature line for the Court's approval, as an order reflecting the final pretrial conference.

8. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

9. <u>PROPOSED FINDINGS OF FACT AND TRIAL BRIEFS</u>: Trial briefs and Proposed Findings of Fact and Conclusions of Law shall be submitted to the Judge **three (3) business days** prior to trial.

Date:  December 17, 2004            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE