## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

      Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON,

      Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C. | SILVERMAN, SMITH, BINGEN & RICE, P.C. |
|---|---|
| Jon G. March (P17065) | Robert W. Smith (P31192) |
| Attorneys for Plaintiff | Attorneys for Defendant Michael G. Harbin |
| 250 Monroe Avenue, N. W. - Suite 800 | 151 S. Rose Street |
| P. O. Box 306 | 707 Comerica Building |
| Grand Rapids, MI 49501-0306 | Kalamazoo, MI 49007 |
| (616) 831-1700 | (269) 381-2090 |

_____/

## DEFENDANT MICHAEL G. HARBIN'S MOTION FOR PROTECTIVE ORDER

## (EXPEDITED CONSIDERATION REQUESTED)

      Defendant Michael G. Harbin ("Harbin") by and through his attorneys SILVERMAN, SMITH, BINGEN & RICE, P.C., move this Court for a protective order pursuant to FRCP 26(c)(2) and in support of his motion says as follows:

      1.    This Court entered its Case Management Order (the "Order") on December 17, 2004.

      2.    The Order (¶ 4, p. 2) provided in part: "Michael G. Harbin shall submit to a deposition in the Western District of Michigan within thirty (30) days of the Rule 16 Telephone Scheduling Conference" ("Scheduling Conference").

3. Harbin is a resident of Santa Rosa Beach Florida.

4. Harbin recently lost his business and is involved in litigation involving that business. He is currently employed as a commissioned only real estate sales person.

5. During the Scheduling Conference counsel for Plaintiff represented that the primary purpose of deposing Harbin was to determine whether or not Plaintiff should amend its Complaint to include a claim of fraudulent conveyance.

6. On December 30, 2004, Plaintiff served a Notice of Taking Deposition Duces Tecum on counsel for Harbin. Harbin's deposition is scheduled for January 13, 2005, and requires documents to be produced by January 10, 2005.

7. Plaintiff has refused to pay travel expenses for Harbin's trip to Michigan to be deposed by Plaintiff.

8. It is unduly burdensome and an expense which Harbin should not be required to incur to require him to not only submit to a deposition in Michigan at his own expense, but to arrange for the transportation of what may be a large volume of documents, again at his own expense. Harbin's affidavit will be filed shortly.

WHEREFORE, Defendant Michael G. Harbin requests this Court enter a protective order requiring that Plaintiff pay reasonable travel costs and expenses, in advance, before his scheduled deposition on January 13, 2005.

Dated: January 3, 2005        SILVERMAN, SMITH, BINGEN & RICE, P.C.
                              Attorneys for Defendant Michael G. Harbin


                              _____
                              Robert W. Smith (P31192)