# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

      Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON,

      Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C. | SILVERMAN, SMITH, BINGEN & RICE, P.C. |
|---|---|
| Jon G. March  (P17065) | Robert W. Smith (P31192) |
| Attorneys for Plaintiff | Attorneys for Defendant Michael G. Harbin |
| 250 Monroe Avenue, N. W. - Suite 800 | 151 S. Rose Street |
| P. O. Box 306 | 707 Comerica Building |
| Grand Rapids, MI 49501-0306 | Kalamazoo, MI 49007 |
| (616) 831-1700 | (269) 381-2090 |

_____/

## BRIEF IN SUPPORT OF DEFENDANT MICHAEL G. HARBIN'S MOTION OF PROTECTIVE ORDER

### (EXPEDITED CONSIDERATION REQUESTED)

**1.0    BACKGROUND INFORMATION**

Defendant Michael G. Harbin ("Harbin") is a defendant in this lawsuit as a result of an allegation that he personally guaranteed certain debt of Defendant Harbin's, Inc. ("Harbin's, Inc."). Defendant is a resident of the State of Florida and conducts no business in the State of Michigan. During the Rule 16 Telephone Scheduling Conference ("Scheduling Conference"), Plaintiff's counsel Jon G. March ("March") indicated that he wanted to depose Harbin to determine whether or not Harbin may have fraudulently

conveyed assets of Harbin's, Inc. Judge Bell opined that Harbin ought to submit to his deposition in Michigan. The issue of who should bear the expense was not discussed at that time. Harbin's counsel Robert W. Smith ("Smith") assumed that if Harbin was going to travel to Michigan for his own deposition, Plaintiff would cover those expenses. As indicated in the Affidavit and Certification of Defense Counsel ("Affidavit"), which is attached to this brief, Plaintiff has refused to pay for Harbin's travel and lodging expenses.

### 2.0 LAW AND ARGUMENT

This is a diversity case. Harbin is a resident of the State of Florida. Plaintiff chose to sue Harbin in the State of Michigan. This case is premised on a guaranty which Plaintiff alleges to be a continuing guaranty. Harbin's defense is premised on the fact that the guaranty is specifically related to only those purchase orders identified in the guaranty. Plaintiff does not dispute that those purchase orders have been paid in full. Consequently, this case will likely be resolved by summary judgment.

During the Scheduling Conference, March indicated a desire to depose Harbin to determine whether or not Plaintiff might have a claim for fraudulent conveyance. Judge Bell decided that it would be appropriate for Harbin to come to Michigan for that purpose and made it a part of the Scheduling Order. He did not give his reasons why it would be appropriate. There was no discussion of Harbin's travel costs. As indicated in the Affidavit attached hereto, during the Scheduling Conference, which took place on the telephone, Smith assumed that if Harbin was going to be ordered to appear in Michigan to submit to a discovery deposition, which Plaintiff acknowledges is primarily for the purpose of

Steelcase, Inc. v Harbin, et. al.
**Defendant Michael G. Harbin's Brief in
Support of Motion for Protective Order** Page 2 Case No.: 1:04cv0026

determining whether there might be factual support for any additional claims, (or what might be characterized as a fishing expedition), Plaintiff would pay associated travel expenses. However, Plaintiff refuses to pay travel expenses.

Plaintiff is a large corporation. Harbin is an individual who has recently lost his business and is employed as a real estate salesman. He is paid solely on the basis of the commissions he earns.

In <u>Farquhar v Shelden</u>, 116 F.R.D. 70, 72; 1987 U.S. Dist. LEXIS 13927(E.D. Mich) (attached) the Court noted as follows:

> From these principles has evolved the rule that in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. <u>Salter v. Upjohn Co.,</u> 593 F. 2d 649, 671 (5th Cir. 1979), <u>Dunn v Standard Fire Insurance Co.,</u> 92 F.R.D. 31 (E.D. Tenn. 1981) <u>General Leasing Co. v. Lawrence Photo-Graphic Supply,</u> 84 F.R.D. 130 (W.D. Mo. 1979). Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. See <u>Work v. Bier,</u> 107 F.R.D. 789, 792 (D.C. 1985). Indeed, some cases have held that a claim of financial hardship, taken alone, does not demonstrate the exceptional or compelling circumstances necessary to alter this rule. <u>General Leasing Co., supra</u> 84 F.R.D. at 131. While the location of the parties themselves is a primary factor, locations of their attorneys is also a relevant consideration. <u>Haymes v. Columbia Pictures Corp.,</u> 16 F.R.D. 118, 123 (S.D.N.Y. 1954).

In <u>Dagen v CFC Group Holdings, Ltd.</u>, 2003 U.S. Dist. LEXIS 13859(S.D.N.Y.) (attached) the court similarly noted as follows:

---

Steelcase, Inc. v Harbin, et. al.
**Defendant Michael G. Harbin's Brief in**
**Support of Motion for Protective Order**     Page 3     Case No.: 1:04cv0026

> There is a general presumption that the deposition of a defendant should "be held in the district of his residence." <u>In re Livent, Inc., Secs. Litig., 2002 U.S. Dist. LEXIS 19990, 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002) (citing Six West Retail Acquisition, Inc., v Sony Theatre Management Corp., 203 F.R.D. 98, 107 (S.D.N.Y. 2001); Devlin v Transp. Communs. Int'l Union, 2000 U.S. Dist. LEXIS 264, 2000 WL 28173, at *3 (S.D.N.Y.) Jan. 14, 2000); Mill-Run Tours, Inc., v Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989))</u>. Generally, if a plaintiff notices a defendant's deposition with a location other than defendant's residence or place of business and defendant objects, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the court to order the depositions to be held in an alternate location. See <u>Six West Retail Acquisition, Inc. 203 F.R.D. at 107 (citing Federal Deposit Insurance Co., v. La Antillana, S.A. 1990 U.S. Dist. LEXIS 13246, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990))</u> (plaintiff may overcome presumptive deference to defendant "by showing 'peculiar' circumstances favoring depositions at a different location"). The rationale for the presumption of deference to the defendant is that the plaintiff is free to choose the forum within which to litigate. Since "defendants are not before the court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents." <u>Federal Deposit Insurance, 1990 U.S. Dist. LEXIS 13246, 1990 WL 155727, at *1</u>.

Both of the attached cases and the numerous cases they cited, point out that the primary reason for the general rule that the defendant be deposed where he does business or resides, is that plaintiff chose the forum and the defendant is not before the forum as a matter of choice. Plaintiffs should not complain if they are required to travel even great distances to depose defendants. Underlying that reasoning is an inference that it is the plaintiff who should suffer the burden **and expense** of conducting the discovery deposition of the defendant when the defendant resides in another state.

Steelcase, Inc. v Harbin, et. al.
**Defendant Michael G. Harbin's Brief in
Support of Motion for Protective Order**      Page 4      Case No.: 1:04cv0026

There is no logical basis for Plaintiff to argue that Harbin should not only submit to traveling to Michigan for his discovery deposition, which March acknowledges is in essence a fishing expedition, but that he should pay for the privilege out of his own pocket. It is inequitable, the law does not support it.

FRCP 26(c)(2) permits the court to permit discovery only on specified terms and conditions. Harbin should not be required to travel to Michigan to submit to his deposition unless Plaintiff pays travel and lodging expenses in advance.

WHEREFORE, Defendant Michael G. Harbin requests this Court enter a protective order requiring Plaintiff to pay travel costs and expenses in the amount of $825 in advance, before his scheduled deposition on January 13, 2005.


Dated: <u>January 3, 2005</u>         SILVERMAN, SMITH, BINGEN & RICE, P.C.
                                      Attorneys for Defendant Michael G. Harbin


                                      _____
                                      Robert W. Smith (P31192)