UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

        Plaintiff,

v.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON,

        Defendants.

_____/

| | |
|---|---|
| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C.<br>Jon G. March  (P17065)<br>Attorneys for Plaintiff<br>250 Monroe Avenue, N. W. - Suite 800<br>P. O. Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1700 | SILVERMAN, SMITH, BINGEN & RICE, P.C.<br>Robert W. Smith (P31192)<br>Attorneys for Defendant Michael G. Harbin<br>151 S. Rose Street<br>707 Comerica Building<br>Kalamazoo, MI 49007<br>(269) 381-2090 |

_____/

## AFFIDAVIT AND CERTIFICATION OF DEFENSE COUNSEL
## FOR DEFENDANT MICHAEL G. HARBIN

Robert W. Smith deposes and says as follows:

1. I am an attorney licensed to practice law in the State of Michigan and admitted to practice before the Western District.

2. If called upon to testify, I can testify truthfully and accurately as to all those matters contained herein.

3. During the Rule 16 Telephone Scheduling Conference ("Scheduling Conference") Plaintiff's attorney Jon G. March ("March") indicated that he wanted to

depose Defendant Michael G. Harbin ("Harbin"). March gave several reasons, but the primary one was his determination to find out if there might be some evidence to support a claim against Harbin for fraudulent conveyances of property belonging to Defendant Harbin's, Inc. March indicated that if he found evidence of that, he wanted to amend the Complaint to add fraudulent conveyance claims.

4. I indicated to Judge Bell that Harbin did not want to come to Michigan for his deposition and that I saw no reason that he should. Nevertheless, Judge Bell indicated that he should appear in Michigan, at least once, for his deposition.

5. The party that would bear the cost for Harbin's transportation to Michigan, his lodging, and meals, was not discussed in the Scheduling Conference.

6. I assumed that because Plaintiff, a large corporation, had elected to sue Harbin, an individual, in Michigan, and was avoiding the cost of sending March to Florida to take Harbin's deposition, that Plaintiff would pay Harbin's travel expenses related to his deposition in Michigan.

7. After agreeing with Plaintiff's counsel on a deposition date for Harbin, I asked if Plaintiff would be paying Harbin's travel costs in advance. I was told that Plaintiff would not pay Harbin's travel costs at all.

8. On January 3, 2005, I sent the attached letter to March, again, requesting that Harbin's travel costs be paid by Plaintiff.

9. To date, Plaintiff refuses to pay Harbin's travel costs.

Steelcase, Inc. v Harbin, et. al.
**Affidavit and Certification of Defense Counsel
for Defendant Michael G. Harbin**     Page 2     Case No.: 1:04cv0026

10. Further your affiant sayeth not.

Dated: January 3, 2005

SILVERMAN, SMITH, BINGEN & RICE, P.C.
Attorneys for Defendant Michael G. Harbin

_____
Robert W. Smith (P31192)

STATE OF MICHIGAN   )
                    )
KALAMAZOO COUNTY    ).

SUBSCRIBED and SWORN to before me on this 3rd day of January 3, 2005.

_____
Felicia A. Williams, Notary Public
Kalamazoo County, Michigan
My Commission Expires: 6/16/05
Acting in the County of Kalamazoo.