Search - 93 Results - location of deposition and travel
Case 3:05-cv-00030-RJC Document 58-2 Filed 03/20/2005 Page 4 of 13
Page 1 of 6

Source: Legal > Cases - U.S. > Federal & State Cases, Combined
Terms: **location of deposition and travel** (Edit Search)

✔Select for FOCUS™ or Delivery
☐

*2003 U.S. Dist. LEXIS 13859, \**

DARRYL L. DAGEN, Plaintiff, -against- CFC GROUP HOLDINGS LTD., ET AL., Defendants.

00 Civ. 5682 (CBM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 13859

August 7, 2003, Decided
August 11, 2003, Filed

**SUBSEQUENT HISTORY:** Request granted Dagen v. CFC Group Holdings Ltd., 2003 U.S. Dist. LEXIS 20029 (S.D.N.Y., Nov. 7, 2003)

**PRIOR HISTORY:** Dagen v. CFC Group Holdings, Ltd., 2003 U.S. Dist. LEXIS 1225 (S.D.N.Y., Jan. 24, 2003)

**DISPOSITION:** [*1] Defendants' motion for a protective order granted. Plaintiff's application to compel denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff former employee sued defendants, a group of affiliated corporate entities and one of the corporate officers, for breach of an employment contract. Defendants counterclaimed, alleging various claims. In the course of discovery, defendants moved for a protective order directing that the officer be deposed, if at all, in Hong Kong. The employee moved to compel the deposition in New York.

**OVERVIEW:** The court noted that it appeared that the employee wished to depose the officer in New York for significant but seemingly unremarkable reasons, including cost and convenience. The employee had made no argument that he was limited in his ability to choose the forum for litigation, so the force of the presumption of deference to the officer that the officer's deposition should be held in the district of his residence was not diminished. The employee presented little evidence in support of his assertion that defendants were better able to bear the significant costs of **travel** and lodging related to the deposition. By contrast, defendants claimed that their firm was not a large corporate entity, but actually a small securities trading business made up of only one shareholder. The officer was the company's principal trader, so his absence from the workplace for a number of days, and perhaps an entire work-week, would have an adverse impact on defendants. Furthermore, while it was true that the court would likely be unable to make rulings contemporaneous with the deposition, the employee did not explain why it was likely that the court would need to intervene.

**OUTCOME:** Defendants' motion for a protective order directing that the corporate officer

be deposed in Hong Kong was granted. The employee's application to compel the deposition of the corporate officer in New York was denied.

**CORE TERMS:** deposition, travel, convenience, peculiar, protective order, deference, motion to dismiss, designating, reporter, deposed, different location, place of business, inconvenience, militate, slight, motion to compel, positioned, directing, sending, absorb, trader, notice, resides, hired, duties

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Discovery Methods > Oral Depositions
Evidence > Procedural Considerations > Inferences & Presumptions
Evidence > Procedural Considerations > Burdens of Proof

**HN1** There is a general presumption that the deposition of a defendant should be held in the district of his residence. Generally, if a plaintiff notices a defendant's deposition with a location other than defendant's residence or place of business and defendant objects, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the court to order the depositions to be held in an alternate location. The rationale for the presumption of deference to the defendant is that the plaintiff is free to choose the forum within which to litigate. Since defendants are not before the court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions
Evidence > Procedural Considerations > Inferences & Presumptions

**HN2** The force of the presumption of deference to the defendant that the deposition of a defendant should be held in the district of his residence is diminished if the plaintiff was constrained in choosing the forum for litigation. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions
Evidence > Procedural Considerations > Inferences & Presumptions

**HN3** The familiar presumption in favor of locating a deposition at the deponent's residence or place of business can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

**HN4** Cost considerations related to the **location of depositions** can be viewed through at least two lenses: the relative ability of the parties to bear the expense of depositions in a given location, and the effect that the choice of location will have upon the total costs of litigation. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

**HN5** In the context of determining the location of a deposition, factors relevant to convenience include convenience of counsel, the defendant's residence, and the extent of disruption of the defendant's affairs during **travel** to and from the depositions. In any event, the convenience of counsel is less compelling than any hardship to the witnesses. More Like This Headnote

**COUNSEL:** For Plaintiff: Chaim B. Book, Moskowitz & Book, LLP, New York, NY.

For Defendants: Steven M. Hecht, Lowenstein Sandler PC, Roseland, NJ.

Search 03 Results - location of deposition and travel
Case 3:04-cv-00689-RHB Document 58-2 Filed 03/00/2005 Page 3 of 13
Page 3 of 6

**JUDGES:** Constance Baker Motley, United States District Judge.

**OPINIONBY:** Constance Baker Motley

**OPINION: MEMORANDUM OPINION & ORDER**

**Motley, J.**

This case was transferred to the undersigned from the docket of Judge Deborah A. Batts on May 20, 2003. In accordance with the rulings in this opinion, defendants' motion for a protective order directing that individual defendant Boris Merkenich be deposed in Hong Kong is **GRANTED**. Plaintiff's application to compel the deposition of Mr. Merkenich in the Southern District of New York is **DENIED**.

## I. Background

This action arises out of the employment of plaintiff, Darryl L. Dagen ("plaintiff" or "Dagen"), by defendants, a group of affiliated corporate entities specializing in the provision of financial services. In September, 1998, plaintiff met with defendant **[*2]** Boris Merkenich ("Merkenich") of CFC Group Holdings Limited and Steve Domney of CFC Securities, Inc., to discuss the prospect of plaintiff's employment by defendants. Merkenich, who is at the center of the dispute before the court, is the Chairman of CFC Group Holdings Limited and President of CFC Securities Limited in Hong Kong. Merkenich Decl. P 1. On November 3, 1998, plaintiff signed an employment contract with CFC Group Holdings and CFC Securities. Pursuant to this agreement, Dagen was hired to become president and a managing director of the company's new Hong Kong affiliate, CFC Securities Asia.

Since Magistrate Judge Katz's March 7, 2002 Report and Recommendation ("Report") to Judge Batts on defendants' motion to dismiss presents a summary description of plaintiff's allegations, it is not necessary for the court to present a detailed discussion of the facts of the case. While presuming familiarity with Judge Katz's Report, the court briefly notes that Dagen generally claims that Merkenich took various unreasonable actions which undermined his ability to succeed in his capacity as a director at CFC and ultimately resulted in his constructive discharge.

On August 1, 2000, plaintiff **[*3]** commenced this lawsuit in federal district court. In April 2001, defendants filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, *forum non conveniens,* and failure to state a claim. On March 6, 2002, Magistrate Judge Katz issued his Report, denying defendants' motion to dismiss on various grounds, and dismissing several counts of the complaint, with leave for plaintiff to replead. See Report at 67. On September 24, 2002, Judge Batts adopted the Report. Defendants answered the amended complaint and counterclaimed, alleging breach of contract, intentional and negligent misrepresentation, conversion, unjust enrichment, and breach of fiduciary duties. Defendants claim, *inter alia,* that plaintiff made repeated and deliberate misrepresentations regarding his purported skills and expertise which induced CFC Group Holdings and CFC Securities to hire him to manage the Hong Kong office. Defendants claim that plaintiff was incompetent, dishonest, unqualified for the position for which he was hired and incapable of discharging the duties which inhered in that position.

These intriguing factual details aside, **[*4]** the very narrow matter now before the court arises out of plaintiff's issuance upon Merkenich of a notice of deposition designating plaintiff's counsel's office in New York City as the **location of the deposition.** Merkenich resides and is employed far from New York, in Hong Kong. At a June 12, 2003 pretrial conference, the parties expressed their disagreement regarding the appropriate location for

Search Results - location of deposition and travel
Case 2:05-cv-00020-RHC Document 58-2 Filed 01/03/2005 Page 4 of 13
Page 4 of 6

the deposition of Merkenich. Defendants, who assert that the proper location for the deposition is Hong Kong, suggested that the court could easily dispose of this issue with reference to the Hague Evidence Convention. The court granted defendants' request for leave to move for a protective order, agreeing to consider briefs on the "applicability of the Hague Convention" to the issue of where Merkenich ought properly to be deposed. Thus, in accordance with the schedule set out by the court, defendants have made an application styled as a motion for a protective order "directing that certain Hong Kong Defendants be deposed, if at all, in their place of residence and employment in Hong Kong ...." Def. Br. at 1. Plaintiff, opposing this motion, has submitted a motion to compel the deposition [*5] of Merkenich in New York.

## II. Location of Deposition of Boris Merkenich

*HN1* There is a general presumption that the deposition of a defendant should "be held in the district of his residence." In re Livent, Inc. Secs. Litig., 2002 U.S. Dist. LEXIS 19990, 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002) (citing Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp., 203 F.R.D. 98, 107 (S.D.N.Y. 2001); Devlin v. Transp. Communs. Int'l Union, 2000 U.S. Dist. LEXIS 264, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000); Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989)). Generally, if a plaintiff notices a defendant's deposition with a location other than defendant's residence or place of business and defendant objects, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the court to order the depositions to be held in an alternate location. See Six West Retail Acquisition, Inc 203 F.R.D. at 107 (citing Federal Deposit Insurance Co. v. La Antillana, S.A., 1990 U.S. Dist. LEXIS 13246, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990)) (plaintiff may overcome presumptive deference to defendant [*6] "by showing 'peculiar' circumstances favoring depositions at a different location"). The rationale for the presumption of deference to the defendant is that the plaintiff is free to choose the forum within which to litigate. Since "defendants are not before the court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents." Federal Deposit Insurance, 1990 U.S. Dist. LEXIS 13246, 1990 WL 155727, at *1.

Plaintiff has failed to rise to the challenge of presenting evidence of "peculiar" circumstances in support of its noticing defendant Merkenich in New York. It appears that plaintiff wishes to depose Merkenich in New York for significant but seemingly unremarkable reasons, including cost and convenience. While cognizant of the fact that **travel** between Hong Kong and New York is both costly and time-consuming, the court finds that plaintiff has failed to describe any peculiar reasons why the depositions should not take place at the deponent's location of residence.

The court notes that *HN2* the force of the presumption of deference to the defendant is diminished if the plaintiff was constrained in choosing the forum for litigation. See Devlin, 2000 U.S. Dist. LEXIS 264, 2000 WL 28173, [*7] at *3; Doe v. Karadzic, 1997 U.S. Dist. LEXIS 1073, 1997 WL 45515, at *3 (S.D.N.Y. 1997); Mill-Run Tours, Inc., 124 F.R.D. at 550. In the instant case, plaintiff has made no argument that he was limited in his ability to choose the forum for litigation. Indeed, defendants appear to have been amenable to suit in Hong Kong. While the circumstances of the case suggest that **travel** to New York in the event of a legal action such as this cannot be said to have been unforeseeable, the court is initially prepared to accord a slight, albeit defeasible, presumption in favor of the depositions occurring in Hong Kong.

It is now well-settled, though, that *HN3* the familiar presumption in favor of locating a deposition at the deponent's residence or place of business "can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of" a different location. Livent, Inc. Secs., 2002 U.S. Dist. LEXIS 19990, 2002 WL 31366416 at *1; Six

West Retail Acquisition, Inc., 203 F.R.D. at 107; Devlin, 2000 U.S. Dist. LEXIS 264, 2000 WL 28173, at *3; Mill-Run Tours, Inc., 124 F.R.D. at 550. Plaintiff fails to convince the court with respect to these issues. **[*8]**

A. Cost

**HN4** Cost considerations related to the **location of depositions** can be viewed through at least two lenses: the relative ability of the parties to bear the expense of depositions in a given location, and the effect that the choice of location will have upon the total costs of litigation. In the instant case, both plaintiff and defendants insist that cost considerations militate in favor of designating their preferred locations for the deposition. Plaintiff, for example, is currently unemployed; accordingly, he notes that it would be financially prohibitive for him to have to pay expenses related to sending at least one attorney and a court reporter to Hong Kong for a deposition. Arguing pursuant to the "relative ability to pay" strand of the cost analysis, plaintiff asserts that defendants are much better positioned to absorb the cost of Merkenich's round trip **travel** to New York.

Plaintiff presents little evidence in support of his assertion that defendants are better able to bear the significant costs of **travel** and lodging related to the deposition. By contrast, defendants claim that their firm is not a large corporate entity, but actually a "small securities trading **[*9]** business" made up of only one shareholder. Defendants claim that CFC Securities Asia is on precarious financial footing. Whereas Merkenich is the company's principal trader, defendants argue that his absence from the office during a deposition in New York will result in significant financial losses which the company is poorly positioned to absorb at this time. In addition, defendants assert that only one person -- Dagen's counsel -- would have to **travel** to Hong Kong to conduct the deposition. Defendants posit that a court reporter in Hong Kong can transcribe the deposition, thus obviating the need for a reporter to **travel** from the United States. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Defendants also note that under the Hague Evidence Convention, plaintiff's lawyer may use a tape recorder to record the deposition and have a certified transcript prepared in the United States.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

It is unclear whether overall costs would be greater if the depositions were held in New York or Hong Kong. Plaintiff's counsel work in New York; defendants' counsel are **[*10]** based nearby in New Jersey. If the deposition were held in New York, only one person -- Merkenich -- would have to make the trip between Hong Kong and New York. Plaintiff acknowledges that only one of plaintiff's attorneys would have to **travel** to Hong Kong. Pl.'s Br. at 4. Defendants have suggested that they would use local counsel if the deposition were located in Hong Kong. Def. Reply at 2. This factor does not appear to definitively favor either party; the presumption in favor of defendants, while slight, remains in force.

B. Convenience

**HN5** Factors relevant to convenience include convenience of counsel, defendants' residence, and the extent of disruption of defendants' affairs during **travel** to and from the depositions. See Federal Deposit Insurance Co., 1990 U.S. Dist. LEXIS 13246, 1990 WL 155727, at *3 (citing Mill-Run Tours, Inc., 124 F.R.D. at 550). Plaintiff is represented by a small firm comprised of four attorneys which does business almost exclusively in New York. If the depositions are scheduled to take place in Hong Kong, the absence of one of the attorney's

Search - 93 Results - location of deposition and travel
Case 5:04-cv-00886-RHSC Document 58-2 Filed 01/03/2005 Page 6 of 13
Page 3 of 6

from the office could place a significant strain on the other attorneys. Defendants' counsel are **[*11]** employed by a large New Jersey law firm. Presumably, sending an attorney to Hong Kong would be less difficult to schedule and would inconvenience the larger firm to a lesser degree. Indeed, if depositions occur in Hong Kong, only plaintiff's attorney will be discommoded. In any event, "the convenience of counsel is less compelling than any hardship to the witnesses." Devlin, 2000 U.S. Dist. LEXIS 264, 2000 WL 28173 at *4.

In this case, the relevant witness, Boris Merkenich, resides in Hong Kong. He occupies a senior management position in the firm's Hong Kong office. He is the principal securities trader for CFC Securities operating in Hong Kong. His absence from the workplace for a number of days, and perhaps an entire work-week, would have an adverse impact on Merkenich and the company. Merkenich Decl. P 5.

Plaintiff fails to make his case with respect to considerations of litigation efficiency. While it is true that the court would likely be unable to make rulings contemporaneous with the deposition, plaintiff does not explain why it is likely that the court will need to intervene during a deposition in this matter.

For all of these reasons, and without reference to the Hague Evidence **[*12]** Convention, the court rules that defendants' application for a protective order designating Hong Kong as the site for Merkenich's deposition is **GRANTED**. Plaintiff's motion to compel deposition in New York is **DENIED**.

**SO ORDERED.**

Dated: August 7, 2003

Constance Baker Motley

United States District Judge

Source: Legal > Cases - U.S. > Federal & State Cases, Combined
Terms: **location of deposition and travel** (Edit Search)
View: Full
Date/Time: Wednesday, December 29, 2004 - 4:30 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
Ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > 6th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined
Terms: deposition w/s travel expenses and defendant (Edit Search)

↙Select for FOCUS™ or Delivery
☐

116 F.R.D. 70, *; 1987 U.S. Dist. LEXIS 13927, **

Mi chael FARQUHAR, Plaintiff, v. Francis Duffield SHELDEN and Dyer Grossman, **Defendant**

Civil Action No. 86-CV-30108-PH

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

116 F.R.D. 70; 1987 U.S. Dist. LEXIS 13927

May 14, 1987, Decided
May 14, 1987, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE: Defendant,** resident of the Netherlands, filed a motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), to prevent plaintiff United States resident from taking **defendant's** deposition in Michigan and requested that plaintiff be required to take **defendant's** deposition in the Netherlands.

**OVERVIEW: Defendant** alleged that plaintiff could have made use of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, TIAS No. 7444, to have secured **defendant's** deposition in the Netherlands, that his deposition had been taken in the Netherlands in other litigation, and that he offered to voluntarily give the deposition in the Netherlands and advance plaintiff's costs. Plaintiff argued that a deposition in the Netherlands would involve tremendous costs and inconvenience to a relatively impecunious plaintiff. The court held that in the absence of special circumstances, the party seeking discovery had to travel to where the witnesses were normally located, that depositions were presumed to be at the **defendant's** residence or place of business, and that there was no compelling reason to depart from the general rule requiring a **defendant** be deposed where he resides. The court held that plaintiff voluntarily brought the suit in the United States, that **defendant** was not before the court by choice, and that there was no barrier to plaintiff's use of the Hague Convention for taking of the deposition in the Netherlands.

**OUTCOME:** The court granted **defendant's** motion for a protective order, ordered that **defendant's** deposition be taken in the Netherlands, and ordered that **defendant** advance to plaintiff the cost for the deposition to be deemed taxed costs of litigation in favor of the prevailing party.

**CORE TERMS:** deposition, protective order, deposed, travel, inconvenience, prevailing party, discovery, normally, lawsuit, notice, taxed, instant motion, oral argument, evidentiary, arrest, wealth, resides

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Disclosure & Discovery > Protective Orders

Civil Procedure > Discovery Methods > Oral Depositions
Civil Procedure > Trials > Subpoenas

**HN1** A notice for the taking of a deposition sent to all parties is all that is necessary to require attendance of parties at their depositions. A subpoena is not necessary if the person to be examined is a party. Thus, Fed. R. Civ. P. 45(d)(2) is not applicable to depositions of parties. Instead, an examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Fed. R. Civ. P. 26(c)(2) designating a different place. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

**HN2** It is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities. While a court may order a **defendant** to appear at any convenient place, it will be presumed that the **defendant** will be examined at his residence or place of business or employment. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

**HN3** In federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

**HN4** A claim of financial hardship, taken alone, does not demonstrate the exceptional or compelling circumstances necessary to alter the rule that in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. While the location of the parties themselves is a primary factor, locations of their attorneys is also a relevant consideration. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

**HN5** A judicial officer may order a deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs. More Like This Headnote

**JUDGES:** Charles E. Binder, United States Magistrate.

**OPINIONBY:** [**1] BINDER

## OPINION: [*71] ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

At a session of the said Court held in the Federal Building, Bay City, Michigan, on the 14th day of May, 1987

PRESENT: HONORABLE CHARLES E. BINDER, United States Magistrate

Pending, pursuant to an Order of Reference from United States District Judge James Harvey is a motion by **defendant** Shelden for a protective order, pursuant to F.R.C.P. 26(c). This motion has its genesis in plaintiff's notice of taking Shelden's deposition, setting the deposition for the City of Farmington Hills, Michigan. Shelden is a citizen and resident of the Netherlands, and requests in this motion that a protective order issue requiring plaintiff to take **defendant** Shelden's deposition in Amsterdam.

Jurisdiction is premised upon diversity of citizenship. This case was removed from St. Clair County, Michigan, Circuit Court, August 20, 1986. Plaintiff seeks damages from both the named **defendants,** n1 based upon allegations that the **defendants** sexually abused the plaintiff during the years 1974 and 1976 in St. Clair County and on an island in Lake Michigan, on which was located "Brother Paul's Children's Mission," which **defendant** Shelden is said **[\*\*2]** to have directed.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The instant motion involves only **defendant** Shelden. Plaintiff's repeated attempts to serve **defendant** Grossman have been unsuccessful and at the hearing on this motion, counsel for plaintiff represented that **defendant** Grossman would shortly be voluntarily dismissed.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**Defendant** Shelden's personal history is both rather unique and, more importantly, of relevance to the instant motion. n2 Shelden was born in 1928 and inherited considerable wealth from his father and grandfathers. By the middle 1970's, he owned approximately two million dollars in marketable securities, along with a condominium and land in northern lower Michigan. In July, 1976, Shelden received a telephone call from **defendant** Grossman. **Defendant** Grossman suggested that Shelden should leave the country. Shelden did so, and in the process, executed an irrevocable trust covering many of his assets. n3 Shelden later learned that the State of Michigan had issued criminal warrants for his arrest. Counsel have represented that during 1977 or 1978, criminal sexual conduct charges were filed against Shelden in St. Clair County, Michigan. It is believed that similar charges were filed against Shelden in **[\*\*3]** Grand Traverse County. In addition, counsel represent that a federal fugitive warrant was obtained.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 This is not the first litigation in which Shelden has been involved. See *National Bank of Detroit v. Shelden,* 730 F.2d 421 (6th Cir. 1984). Much of what follows has been gleaned from the facts of that case.

n3 That trust instrument and its aftermath ultimately gave rise to the *National Bank of Detroit, supra* case.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In support of his motion, Shelden maintains that without significant inconvenience, plaintiff can make use of the Hague Convention n4 and secure Shelden's testimony where he resides. **Defendant** Shelden represents that he has previously indicated in writing to the plaintiff that he will voluntarily make himself available for deposition in the Netherlands; and, at oral argument, **defendant** further represented through counsel that he would post a bond or otherwise secure plaintiff's costs for this deposition. Shelden points out that his deposition was taken in the Netherlands in other litigation (See Footnote 2), pursuant to the Hague Convention, and that both this Court and the Sixth Circuit gave that deposition testimony evidentiary weight. Shelden **[\*72]** asserts **[\*\*4]** that it would therefore be an abuse of discretion for this Magistrate to order a citizen of the Netherlands to travel to a foreign country for his deposition.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 See Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature March 18, 1970, 23 U.S.T. 2555, TIAS No. 7444, reprinted at 28 U.S.C. Sec. 1781 (West Supp. 1986).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Plaintiff strenuously maintains that Shelden's deposition can only be properly taken in the United States. Plaintiff argues that the balancing of the equities favors deposition in the United States. According to plaintiff, the grant of **defendant's** motion would necessitate not only the imposition of tremendous costs upon a relatively impecunious plaintiff, but would impose severe inconvenience upon both the plaintiff himself and his counsel. Counsel represents that plaintiff himself, along with co-counsel and a court reporter, must all be brought to Amsterdam if Shelden's deposition is to be properly taken. Plaintiff points to **defendant** Shelden's considerable wealth and asserts that the travel of a single individual, Shelden himself, to a deposition in Michigan would involve considerably less cost, delay and inconvenience. **[**5]** Plaintiff also notes that the deposition of Shelden, referred to by defense counsel, was a *de bene esse* deposition by Shelden's own counsel, taken for the benefit of **defendant** himself.

*HN1* A notice for the taking of a deposition sent to all parties is all that is necessary to require attendance of parties at their depositions. A subpoena is not necessary if the person to be examined is a party. Wright and Miller, *Federal Practice and Procedure: Civil*, Sec. 2107. Thus, Rule 45(d)(2) is not applicable to depositions of parties. See 4A *Moore's Federal Practice* Sec. 30.55[1], at 30-67; 5A *Moore's Federal Practice* Sec. 45.08, at 45-81 & Para. 45.07[1], at 45-60. Instead, an "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." Wright and Miller, *supra* at Sec. 2112.

*HN2* It is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities. *Terry v. Modern Woodmen of America*, 57 F.R.D. 141 (D. Mo. 1972). While a court may order a **defendant** to appear at any convenient place, case law **[**6]** indicates that "it will be presumed that the **defendant** will be examined at his residence or place of business or employment." 4 *Moore's Federal Practice* Sec. 26.70[1-3], at 26-514 and cases cited therein.

From these principles has evolved the rule that *HN3* in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979), *Dunn v. Standard Fire Insurance Co.*, 92 F.R.D. 31 (E.D. Tenn. 1981) *General Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130 (W.D. Mo. 1979). Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The **defendants,** on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. See *Work v. Bier*, 107 F.R.D. 789, 792 (D.C. 1985). Indeed, some cases have held that *HN4* a claim of financial hardship, taken alone, does not demonstrate the exceptional or compelling circumstances necessary to alter this **[**7]** rule. *General Leasing Co., supra* 84 F.R.D. at 131. While the location of the parties themselves is a primary factor, locations of their attorneys is also a relevant consideration. *Haymes v. Columbia Pictures Corp.*, 16 F.R.D. 118, 123 (S.D. N.Y. 1954).

In *Hyam v. American Export Lines*, 213 F.2d 221, 223 (2d Cir. 1954), Justice (then Judge) Harlan, held that [HN5] a judicial officer "may order the deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs." In *Huynh v. Werke*, 90 F.R.D. 447 (D.C. Ohio 1981), the [*73] court ordered that plaintiff travel to West Germany to depose corporate employees of **defendant,** but required the **defendant** to advance plaintiff one-half the total reasonable **travel expenses** required for the **depositions,** deeming this amount to be taxed as costs of litigation in favor of the prevailing party. See also *Yannitelli v. Navieras de Puerto Rico*, 103 F.R.D. 413, 417 (S.D. N.Y. 1984).

After considering the arguments advanced by both parties, and in light of **defendant** Shelden's willingness to be deposed in the Netherlands, his offer to advance plaintiff [**8] the cost of deposing him in the Netherlands, and his demonstrated ability to be deposed there, I fail to discern a compelling reason why I should depart from the general rule requiring a **defendant** to be deposed where he resides. n5 Plaintiff, through conscious choice, brought suit in this country. Although **defendant** removed the case to this court, it cannot properly be said that he is now before this court by choice, since plaintiff filed this lawsuit to begin with. Making use of the Hague Convention, **defendant** Shelden has been successfully deposed during the course of previous litigation. No evidentiary barriers to the use of that testimony were raised either by this court or by the Sixth Circuit. In this case, Shelden offered plaintiff the same terms, and more. Plaintiff refused. Under the circumstances, I fail to see why the same procedures cannot again be utilized. Of course, various sanctions under the Federal Rules of Civil Procedure remain available to plaintiff in the event Shelden refuses to attend his deposition, or otherwise improperly obstructs its progress.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 At oral argument, counsel for Shelden points out that the **defendant's** return to the United States for his deposition could subject him to immediate arrest and possible incarceration on the outstanding criminal warrants against him. Although this contention may indeed be correct, I note that the United States and the Netherlands have entered into a treaty providing for the extradition of persons between these two countries. See Extradition Treaty Between the United States of America and the Kingdom of the Netherlands, TIAS 10733. The parties are in dispute as to whether proceedings to extradite Shelden have been undertaken during the approximately ten years he has been outside the United States. Whether or not such proceedings have been initiated, I do not deem it appropriate for this court to undertake, through a discovery order in a civil case, actions which federal and state prosecutors were either unwilling or unable to accomplish themselves.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[**9] Accordingly, for the reasons set forth above, IT IS ORDERED that **DEFENDANT'S MOTION FOR PROTECTIVE ORDER IS GRANTED.** Plaintiff shall conduct **defendant** Shelden's deposition in Amsterdam, the Netherlands, at a location, date and time to be agreed upon by the parties, but no later than 120 days from the date hereof.

IT IS FURTHER ORDERED that **defendant** Shelden shall advance to plaintiff the cost for the deposition, which shall be deemed to be taxed costs of litigation in favor of the prevailing party.

Review of this Order is governed by Rule C-4(a) and Rule 10(c) of the *Local Rules of the United States District Court for the Eastern District of Michigan*.

IT IS SO ORDERED.

Source: Legal > / . . . / > **6th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined**
Terms: **deposition w/s travel expenses and defendant** (Edit Search)
View: Full
Date/Time: Friday, December 31, 2004 - 2:05 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.