UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

      Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

      Defendants.
_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## BRIEF IN SUPPORT OF MOTION OF PLAINTIFF STEELCASE INC. TO AMEND CASE MANAGEMENT ORDER

Plaintiff, Steelcase Inc., originally sued defendant Harbin's Inc. in this case, and ultimately obtained a Default Judgment against that defendant. Plaintiff subsequently amended its Complaint to allege claims of breach of personal guarantees by the individual defendants, Michael Harbin, the president (or former president) of defendant Harbin's Inc., and his former wife, Hope Harbin Patterson.

On December 17, 2004, the Court, following a telephonic Rule 16 Scheduling Conference on December 15, 2004, issued its Case Management Order. Paragraph 2 of that Order allowed the parties to and including February 1, 2005 within which to amend their pleadings. Paragraph 4 of that Order, dealing with discovery, allowed discovery to remain open through March 31, 2005, and expressly included the following sentence.

"Michael G. Harbin shall submit to a deposition in the Western District of Michigan within thirty (30) days of the Rule 16 Scheduling Conference."

Subsequent to that Order, defendant Michael Harbin filed a motion requesting that plaintiff Steelcase Inc. pay the expense of his attending his deposition in the Western District of Michigan. On January 6, 2005, the Court denied that motion.

Plaintiff Steelcase Inc. had originally agreed with counsel for defendant Michael Harbin to conduct a telephonic deposition (but reserving the right to ultimately depose Mr. Harbin in person in Michigan), but did so on the condition that it receive certain documents. Based on subsequent telephone conversations between counsel regarding documents which defendant Michael Harbin intended to produce, plaintiff Steelcase Inc. concluded, and has insisted upon with opposing counsel, that an in-person deposition is necessary. The parties have tentatively agreed for that deposition to occur on January 27, 2005. Plaintiff is concerned, however, that it will not have had a chance to receive and review all relevant documents necessary to determine if there is a factual basis for amending its Complaint to include additional claims against defendant Michael Harbin. Accordingly, plaintiff requests an additional 31 days to make that determination and move to amend the Complaint.

Plaintiff is not asking that discovery be extended beyond March 31, 2005, or that any of the other deadlines set forth in the Case Management Order be extended. Because the Case Management Order specifically required Michael Harbin to submit to a deposition within the Western District of Michigan within 30 days of December 15, 2004, plaintiff further requests that the Case Management Order be amended to allow that deposition to occur on or before February 28, 2005.

2

Plaintiff Steelcase Inc. does not believe the requested relief will in any way delay the other pretrial scheduling in this case or otherwise prejudice either of the defendants.

Respectfully submitted,

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
Attorneys for Plaintiff, Steelcase Inc.

Dated: January ____, 2005        By  /s/ Jon G. March
                  Jon G. March (P17065)
                  Sara G. Lachman (P67523)
            Business Address:
                  250 Monroe Avenue, N.W., Suite 800
                  PO Box 306
                  Grand Rapids, Michigan  49501-0306
            Telephone:  (616) 831-1700

Case 5:04-cv-00888-RHC-SC Document 69 Filed 01/09/2005 Page 3 of 3