UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

      Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON,

      Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

MILLER, JOHNSON, SNELL &
CUMMISKEY, P. L. C.
Jon G. March (P17065)
Attorneys for Plaintiff
250 Monroe Avenue, N. W. - Suite 800
P. O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

SILVERMAN, SMITH, BINGEN & RICE,
P.C.
Robert W. Smith (P31192)
Attorneys for Defendant Michael G. Harbin
151 S. Rose Street
707 Comerica Building
Kalamazoo, MI 49007
(269) 381-2090

HOPE D. HARBIN - PATTERSON
Defendant in Pro Per
4514 Chamblee Dunwoody Rd., Apt. 238
Atlanta, GA 30338-6202

_____/

### DEFENDANT MICHAEL G. HARBIN'S BRIEF IN OPPOSITION OF MOTION OF PLAINTIFF STEELCASE, INC. TO AMEND CASE MANAGEMENT ORDER

Plaintiff Steelcase, Inc. ("Steelcase") obtained a Default Judgment against Defendant Harbin's, Inc. Its remaining claims against Defendant Michael G. Harbin ("Harbin") and Hope D. Harbin-Patterson, are based upon personal guaranties of the debt of Harbin's, Inc. Harbin is defending primarily on the grounds that the guaranties were related to specific prior debt that was long ago paid in full.

Steelcase was given until February 1, 2005, to amend its Complaint. The parties concurred during the Rule 16 Telephone Scheduling Conference on December 15, 2004, that it was likely that this case would be decided on cross-motions for summary judgment. However, Steelcase expressed the desire to depose Harbin to determine whether there might be a claim of fraudulent conveyance against him.

In this Court's Case Management Order issued on December 17, 2004, Steelcase was permitted thirty (30) days from the date of the Rule 16 Telephone Scheduling Conference within which to depose Harbin. Harbin was ordered to appear in Michigan for such deposition. On December 30, 2004, Harbin's counsel received a Notice of Taking Deposition *Duces Tecum* of Michael G. Harbin and a Subpoena **(Exhibit A)** "commanding" that the documents listed be submitted to Steelcase's counsel's office on, or before, January 10, 2005.

Harbin's deposition was scheduled on January 13, 2005. Harbin lives in Florida. Steelcase refused to pay the cost of his travel to Michigan. Accordingly, Harbin filed a Motion for Protective Order requesting the Court to order Steelcase to pay Harbin's travel costs for his deposition. The Court denied this motion on January 6, 2005. On January 4, 2005, Harbin's counsel faxed to Steelcase's counsel, a letter **(Exhibit B)**. In his letter, Harbin challenged Steelcase's right to subpoena documents without giving proper notice as required in FRCP 30(b)(5) and 34(b). For the next eight (8) days following the January 4 letter, Harbin's counsel and Steelcase's counsel during several telephone call exchanges, discussed what documents Harbin actually had available to him, which documents would be produced, which documents did not have to be produced, and over

Steelcase, Inc. v Michael G. Harbin, et. al.
**Michael G. Harbin's Brief in Opposition of**
**Steelcase's Motion to Amend Management Order**   Page 2   Case No.: 1:04cv0026

what time period. It was not until January 12, 2005, that the parties agreed that the operative time period was between July, 2002 and July, 2004. During that same eight (8) day period, Steelcase's counsel was informed that Harbin had very few personal records available inasmuch as he had moved shortly after his business closed from Alabama to Florida. He indicated that he would order the documents from the financial institutions, but there would be a cost, and he asked Steelcase if it would agree to pay those costs. Also during that eight (8) day period, Harbin agreed to produce certain records and deliver them to Steelcase on January 13, 2005. In exchange, Steelcase agreed to take Harbin's deposition by telephone on January 19, 2005. Because Harbin had to travel to Alabama to obtain the records, he did not get them to Steelcase in a timely fashion. They were actually delivered to Steelcase on January 21, 2005.

Undoubtedly, Steelcase's interest in deposing Harbin and taking discovery of his personal information in hopes of finding the basis for a claim, is a fishing expedition. This Court gave Steelcase a limited opportunity to conduct discovery and file its amended complaint.

On January 18, 2005, Harbin's counsel received a letter from Steelcase's counsel **(Exhibit C)** indicating that Steelcase was not interested enough in seeing Harbin's personal records to pay the cost of retrieving them from applicable financial institutions. Harbin has turned over what corporate records he has been able to obtain possession of. His deposition is scheduled for January 27. Subsequent to Harbin's deposition, Steelcase will have ample time to file an amended complaint and timely file it by February 1. If Steelcase needs additional time it is only because of its own procrastination and desire not to bear any of the burden of the discovery expenses.

Steelcase, Inc. v Michael G. Harbin, et. al.
**Michael G. Harbin's Brief in Opposition of
Steelcase's Motion to Amend Management Order**     Page 3     Case No.: 1:04cv0026

WHEREFORE, Harbin requests this Court deny Steelcase's motion to amend the Case Management Order except that Harbin has no objection to extending the deadline for his deposition.

Dated: <u>January 25, 2005</u>    SILVERMAN, SMITH, BINGEN & RICE, P.C.
　　　　　　　　　　　　　　　　　Attorneys for Defendant Michael G. Harbin


　　　　　　　　　　　　　　　　　/S/ Robert W. Smith
　　　　　　　　　　　　　　　　　Robert W. Smith (P31192)

Steelcase, Inc. v Michael G. Harbin, et. al.
**Michael G. Harbin's Brief in Opposition of**
**Steelcase's Motion to Amend Management Order**　　Page 4　　Case No.: 1:04cv0026