# Silverman, Smith, Bingen & Rice
ATTORNEYS AT LAW

707 COMERICA BUILDING
151 SOUTH ROSE STREET
KALAMAZOO, MICHIGAN 49007
TELEPHONE 269/381-2090
FACSIMILE 269/381-2519

ALAN H. SILVERMAN
ROBERT W. SMITH
MICHAEL C. BINGEN
STEPHEN M. RICE
RUTH A. GREGG
rsmith@kal-law.com

<u>VIA FACSIMILE ONLY TO: (616) 988-1729</u>

 FILE COPY

January 4, 2004

Jon G. March
MILLER, JOHNSON, SNELL & CUMMISKEY, PLC
250 Monroe Avenue N.W., Suite 800
P. O. Box 306
Grand Rapids, MI 49501-0306

    Re:    *Steelcase, Inc. v Michael G. Harbin, et. al.*
            U.S.D.C. W. Dist. of Mich. S. Div. Case No.: 1:04cv0026

Dear Mr. March:

I received your Notice of Taking Deposition Duces Tecum of Michael G. Harbin ("Harbin") on December 30, 2004. You have served that Notice along with a duces tecum subpoena. Your subpoena requires the production of documents at your office in advance of the actual deposition date. I am not sure what court rule you are proceeding under but, if it is FRCP 30, I believe that § (b)(5) requires a thirty (30) day notice. See FRCP 34(b). You have given him eleven (11) days notice and have required the documents in advance of the deposition. This strikes me as a misuse of the subpoena power.

In an attempt to resolve this discovery issue without the need for a motion, I will give you Mr. Harbin's response to your list of documents subpoenaed for production:

    1.    At this point, the only documents we are aware of which will be used at trial, are the two alleged guaranties attached to your Complaint. There may be additional documents produced by Steelcase, Inc. ("Steelcase") which will also be relied upon.

    2.    See answer to 1.

    3.    See answer to 1.

    4.    See answer to 1.

    5.    See answer to 1.

    6.    See answer to 1.



DEFENDANT'S EXHIBIT B

www.kal-law.com

Jon G. March                                    Page 2                          January 4, 2005

7. See answer to 1.

8. (1) - (4) Same as answer to 1.

9. The only guaranties ever executed for Steelcase by Harbin are those attached to the Complaint.

10. There are no such documents.

11. Harbin has no such documents, but expects that Steelcase has in its possession records showing that it was paid in full for all of the purchase orders referenced in the two guaranties attached to the Complaint along with notification by Harbin that all of the purchase orders referenced in those guaranties had been paid in full.

12. There are no such documents.

13. Harbin did not retain any such documents other than a small checkbook register and a list of accounts payable which he will bring with him to his deposition. Regarding corporate documents left behind, it is believed that they have been destroyed or disposed of.

14. Objection. This request is obviously intended to produce documents which might be relevant to the collection of a judgment. However, Steelcase has no judgment and therefore, any such documents are not relevant to any of the claims of Steelcase, or defenses of Harbin, Hope D. Harbin, or Harbin's, Inc. Moreover, the information requested is not reasonably calculated to lead to the discovery of admissible evidence.

15. Harbin is unaware of any such documents.

16. Harbin is unaware of any such documents.

17. See answer to 13. Harbin will produce documents which might respond to this request at his deposition.

18. Awaiting information.

19. See answer to 13.

20. Objection. See answer to 14.

21. Objection. See answer to 14.

22. Objection. See answer to 14. By way of further answer, Harbin says that he did not retain any such records. Such records are undoubtedly available through the Montgomery County, Alabama Probate Court.

23. See answer to 22.

Jon G. March          Page 3          January 4, 2005

24. The only such documents that Harbin has are the Complaint and Harbin's, Inc.'s answer to the Complaint. These documents will be produced at Harbin's deposition.

If you wish to discuss this matter please call me.

Very truly yours,

SILVERMAN, SMITH, BINGEN & RICE, P.C.

Robert W. Smith

Encl.

cc: Michael G. Harbin *(via facsimile only to: (850) 231-2530)*
     Thomas Reed *(via facsimile only to: (850) 654-6084)*

RWS/faw