From: 01/18/2005 15:06 #027 P.002/005

# MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
## Attorneys and Counselors

CALDER PLAZA BUILDING
250 MONROE AVENUE NW, SUITE 800
PO BOX 306
GRAND RAPIDS, MICHIGAN 49501-0306

616.831.1700
616.831.1701 fax

KALAMAZOO, MICHIGAN 269.226.2950

www.millerjohnson.com

MERITAS LAW FIRMS WORLDWIDE

January 18, 2005

**VIA FACSIMILE**

Robert W. Smith, Esq.
Silverman, Smith, Bingen & Rice, P.C.
151 S. Rose Street
707 Comerica Bldg.
Kalamazoo, MI 49007

RE: Steelcase Inc. v Harbin's Inc., et al.

Dear Mr. Smith:

I am responding to your letter of January 17, 2005.

As I explained both in our telephone conversation of Friday, January 14, 2005, and late in the day on January 17, 2005, we have concluded that we need to take Mr. Harbin's deposition in person. Therefore, we are insisting that Mr. Harbin present himself, at his expense, for a deposition in Michigan at your offices in Kalamazoo, and the telephonic deposition, scheduled for tomorrow, January 19, 2005 is cancelled. It is my understanding both you and Mr. Harbin are available to do so on the dates mentioned in your letter of January 17, 2005. Accordingly, we propose that we take Mr. Harbin's deposition in your offices in Kalamazoo beginning at 9:30 a.m. on Thursday, January 27, 2005. If for some reason that date does not work, let us know and we can find a mutually convenient alternative. However, because of the time pressures involved, we need to proceed with the deposition in late January or early February at the latest.


DEFENDANT'S EXHIBIT C

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

Robert W. Smith, Esq.
January 18, 2005
Page 2

---

In regard to our request for documents, it is my understanding that you and Sara Lachman of our office have agreed on the relevant period starting July, 2002. We reserve the right, of course, to request documents for earlier period of times should that appear necessary following Mr. Harbin's deposition.

In regard to the corporation's documents, if in fact Mr. Harbin no longer has those under his custody or control, so be it. If, however, those documents are within his custody and control, they should be produced. We expect to explore that subject during his deposition.

Similarly, in regard to his personal bank records, we frankly are suspicious of his earlier representations, conveyed through you, that he has few or any of those documents. Again, we expect him to produce what he has under his custody and control. If he thinks it is to his advantage to obtain a "complete set" from his financial institutions, that is his decision, but Steelcase will not reimburse him for the cost of doing so.

Finally, you have indicated that your client will not stipulate to amend the Case Management Order deadline date to March 1, 2005, by which we can amend the pleadings in this case. We will, therefore, file a contested motion on that point. At the same time, we will ask that the Case Management Order be amended, to the extent it required Mr. Harbin to be deposed within 30 days of the date of December 15, 2004.

If January 27th is not acceptable, please let me know as soon as possible and provide an alternative date. We have presumed that we could take the deposition at your office, assuming that it would be most convenient for you and Mr. Harbin. If that is incorrect, please let us know and we will notice the deposition for our offices in Kalamazoo.

Very truly yours,

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

By Jon G. March

JGM/jy
cc: Hope Harbin Patterson (via facsimile)