UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————

STEELCASE INC., a Michigan
corporation,

                Plaintiff,                    Case No. 1:04CV0026

v.                                          Honorable Robert Holmes Bell
                                          Chief, U.S. District Judge

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

                Defendants.

_____/

**REPLY OF PLAINTIFF STEELCASE INC. TO DEFENDANT'S BRIEF
IN OPPOSITION OF MOTION OF PLAINTIFF STEELCASE INC.
TO AMEND CASE MANAGEMENT ORDER**

On December 17, 2004, the Court, following a telephonic Rule 16 Scheduling

Conference on December 15, 2004, issued its Case Management Order. Paragraph 2 of that

Order allowed the parties to and including February 1, 2005 within which to amend their

pleadings. Paragraph 4 of that Order expressly required Michael G. Harbin submit to a

deposition in the Western District of Michigan by January 14, 2005.

After that Order, Defendant Michael Harbin filed a motion requesting that

Plaintiff Steelcase Inc. pay the expense of his attending his deposition in the Western District of

Michigan. On January 6, 2005, the Court denied that motion.

Despite the Court's favorable ruling, Plaintiff agreed to a telephonic deposition on

the condition that Defendant Harbin produce requested documents prior to the deposition. On

January 13, 2005, the day prior to the date the documents were due under that agreement,

Counsel for Defendant Harbin informed Plaintiff that no documents would be produced before the telephonic deposition date. Plaintiff then concluded, and insisted upon opposing counsel, that an in-person deposition was necessary. To accommodate Defendant Harbin's travel, the deposition date was postponed to January 27, 2005.

Upon notice that Defendant Harbin's deposition would be delayed, on January 19, 2005, Plaintiff filed a Motion to Amend the Case Management Order to extend from February 1, 2005 to March 1, 2005 the time within which the parties may move to amend their pleadings. The amendment was requested because it appeared there might be a basis to support an additional count to the Complaint against Defendant Harbin, but further inquiry of Defendant Harbin at his deposition and review of the documents requested was necessary. Defendant Harbin filed a Brief in opposition to Plaintiff's Motion on January 25, 2005.

The deposition was conducted on January 27, 2005, and Plaintiff is presently awaiting the transcript. Few of the requested records were produced by the deposition date. Defendant Harbin stated that he did not have his own personal banking records and that he had ordered the requested personal banking records but that they had not arrived. There is a remaining question as to whether Defendant Harbin will voluntarily provide those records to Plaintiff and at whose cost. Also a very few corporate records were produced prior to the deposition. The records produced consisted of an assortment of check stubs and unused checks; a single corporate bank account debit receipt; a brief letter regarding an asset sale; one month's corporate bank account statement; one month's corporate sales report; a one-page chart of an end-of-the-year sales report; corporate balance sheets covering three months; a copy of an individual sales consultant contract; corporate tax returns for 2000, 2001, and 2002; and a few corporate tax preparation papers for 2004. Defendant Harbin testified at the deposition that all

other corporate records were abandoned by him and are probably in "the Montgomery County Landfill."

Plaintiff requests the extension of time within which to amend the pleadings to allow for review of the deposition transcript for sufficient evidence to support an additional count against Defendant Harbin and to consider alternative sources for providing the relevant records and the legal effect of the destruction of nearly all corporate records. Plaintiff is not asking that discovery be extended beyond March 31, 2005 or that any of the other deadlines set forth in the Case Management Order be extended. Accordingly, Plaintiff requests an additional 31 days to make the determination as to whether a Motion to amend the Complaint would be appropriate.

Plaintiff Steelcase Inc. does not believe the requested relief will in any way delay the other pretrial scheduling in this case or otherwise prejudice either of the defendants.

Respectfully submitted,


MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
Attorneys for Plaintiff, Steelcase Inc.


Dated: February 1, 2005          By   /s/ Sara G. Lachman
                                    Jon G. March (P17065)
                                    Sara G. Lachman (P67523)
                                 Business Address:
                                    250 Monroe Avenue, N.W., Suite 800
                                    PO Box 306
                                    Grand Rapids, Michigan  49501-0306
                                 Telephone:  (616) 831-1700