UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

        Plaintiff,

v

HARBIN'S, INC., an
Alabama corporation, MICHAEL G.
HARBIN and HOPE D. HARBIN,

        Defendants.
_____/

Case No. 1:04CV0026
Honorable Robert Holmes Bell
Chief, U.S. District Judge

## PLAINTIFF STEELCASE INC.'S BRIEF IN OPPOSITION TO DEFENDANT HOPE HARBIN PATTERSON'S MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES ................................................................................................. ii

Introduction .........................................................................................................................1

Statement of Facts ...............................................................................................................1

Law and Argument ..............................................................................................................3

      I.     Legal Standard for a Motion for Summary Judgment. ........................................3

      II.    The Complaint Was Filed Within The Period of Limitations. ............................3

      III.   A Divorce Decree Does Not Affect Steelcase's Right to Enforce the Personal Guaranties ...........................................................................................4

Conclusion ...........................................................................................................................5

# INDEX OF AUTHORITIES

Page

C<small>ASES</small>

*AC, Inc. v. Baker*, 622 So.2d 331 (Ala. 1993) ...................................................................3, 4

*Diversified Financial Systems, Inc v Schanhals*, 513 NW2d 210 (1994) .....................................3

*Donahue v. Donahue*, 352 N.W.2d 705 (Mich. App. 1984) ...........................................................4

*Employers Mut. Cas. v. Petroleum Equip., Inc.*, 475 N.W.2d 418 (Mich. App. 1991) ...............3, 4

*Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042 (6th Cir. 1998).............................................3

*Hoffman v. Hoffman*, 336 N.W.2d 34 (Mich. App. 1983) ..............................................................4

*McLaurine v. McLaurine*, 521 So.2d 53 (Ala. Civ. App. 1988).....................................................4

*Smela v. Smela*, 141 Mich. App. 602 (Mich. App. 1985) ...............................................................4

*Stephens v. Creel*, 429 So.2d 278 (Ala. 1983)................................................................................3

S<small>TATUTES</small>

Ala. Code § 6-2-34...........................................................................................................................3

Mich. Comp. Laws Ann. § 600.5807(8) .........................................................................................3

R<small>ULES</small>

Fed. R. Civ. P. 56(c).........................................................................................................................3

**Introduction**

Steelcase Inc. ("Steelcase") has asserted a claim of breach of contract against Harbin's, Inc. ("Harbin's") and a claim to enforce personal guaranties against Michael G. Harbin and Hope D. Harbin Patterson by which they unconditionally guaranteed to fully and promptly pay all existing and future indebtedness and liabilities of defendant Harbin's to Steelcase.

Hope D. Harbin Patterson filed a Motion for Summary Judgment claiming that 1) the statute of limitations bars an action on the personal guaranties, and 2) the divorce decree between Hope D. Harbin Patterson and Michael G. Harbin absolves Hope D. Harbin Patterson of the debt.

The Motion should be denied. First, the statute of limitations period on an action in contract is six years. The period does not begin to accrue until a contract is breached. Not even one full year had passed between the time of the breach (November 18, 2003) and the date the Complaint was filed (January 14, 2004) or the Second Amended Complaint was filed adding Hope D. Harbin Patterson and Michael G. Harbin, Jr. as parties (October 4, 2004). The statute of limitations does not bar this action.

Second, a divorce decree does not affect Steelcase's right to enforce the guaranties. Steelcase was not a party to the divorce proceedings and provided no release to Hope D. Harbin Patterson based on the divorce decree. Hope D. Harbin Patterson remains obligated under the guaranties because she is a signatory and personally liable.

**Statement of Facts**

Steelcase Inc. ("Steelcase") asserted a claim of breach of contract against Harbin's, Inc. ("Harbin's") on January 14, 2004. Steelcase provided product to Harbin's, at the time a Steelcase dealer, and Harbin's failed to pay for the product. Harbin's was in default as of

1

November 18, 2003. (Declaration of James Van Dyk Pursuant to 28 U.S.C. § 1746, p. 9). On December 1, 2004, this Court entered in favor of Steelcase and against Harbin's a default judgment in the total amount of Three Hundred Eighty-Three Thousand Two Hundred Seventy-Five and 79/100 Dollars ($383,275.79) for unpaid principal and interest.

On October 4, 2004, Steelcase amended the Complaint to add a claim to enforce two written guaranties by Michael G. Harbin, Jr. (Harbin's, Inc.'s President) and Hope D. Harbin Patterson (Michael Harbin's former wife) by which they each unconditionally guaranteed to fully and promptly pay all existing and future indebtedness and liabilities of defendant Harbin's to Steelcase. The guaranties given by Michael G. Harbin, Jr. and Hope D. Harbin Patterson to Steelcase in 1993 are valid and enforceable by their terms. Under the terms of the guaranties, the obligation of Michael G. Harbin, Jr. and Hope D. Harbin Patterson to Steelcase continued as to any and all indebtedness defendant Harbin's incurred or arose until written notice of termination was given. To date, neither Michael G. Harbin, Jr. nor Hope D. Harbin Patterson has given Steelcase any written notice of termination of the guaranties. Michael G. Harbin, Jr. and Hope D. Harbin Patterson are obligated under the guaranties to pay to Steelcase the amount due from defendant Harbin's, Inc. as alleged above, together with further accrued interest and the cost of collections, including attorneys' fees.

Hope D. Harbin Patterson filed a Motion for Summary Judgment claiming that the statute of limitations bars an action on the personal guaranties and that the divorce decree between Hope D. Harbin Patterson and Michael G. Harbin absolves Hope D. Harbin Patterson of the debt.

2

**Law and Argument**

I. <u>Legal Standard for a Motion for Summary Judgment.</u>

"Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment we view all evidence in the light most favorable to Plaintiff and assess the proof to determine whether there is a genuine need for trial." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1045 (6th Cir. 1998) (citations omitted).

II. <u>The Complaint Was Filed Within The Period of Limitations.</u>

The Motion should be denied because the Complaint was filed within the six-year period of limitations for contract actions.

The statute of limitations on a contract action is six years under either Michigan or Alabama law. *See* Ala. Code § 6-2-34; Mich. Comp. Laws Ann. § 600.5807(8). The period does not begin to run in civil actions on contracts until the time the right of action accrues—not the date the contract is signed. *Employers Mut. Cas. v. Petroleum Equip., Inc.*, 475 N.W.2d 418, 421 (Mich. App. 1991); *AC, Inc. v. Baker*, 622 So.2d 331, 333 (Ala. 1993). The action accrues at the time the agreement is breached. *Id.*; *Stephens v. Creel*, 429 So.2d 278, 280 (Ala. 1983). For guaranties, the date of the breach of the guaranteed party signifies the date on which an action arises against the guarantor. *Diversified Financial Systems, Inc v Schanhals*, 513 NW2d 210, 211 (1994) ("the acceleration of a note triggers the running of the limitations period with regard to guaranty contracts.")

Harbin's defaulted in their debt to Steelcase beginning on November 18, 2003. (Declaration of James Van Dyk Pursuant to 28 U.S.C. § 1746, p. 9). The Complaint was filed January 14, 2004, and amended to add Hope D. Harbin as a defendant on October 4, 2004 – not

3

even one year after the default occurred. Because the Complaint was filed within six years of the date the debt accrued, the Complaint was timely and cannot be barred under the statute of limitations. *See Employers Mut. Cas.* 475 N.W.2d at 421 (Mich. App. 1991); *AC, Inc.*, 622 So.2d at 333 (Ala. 1993).

### III. A Divorce Decree Does Not Affect Steelcase's Right to Enforce the Personal Guaranties.

The Motion should be denied because a divorce decree cannot unilaterally impair Steelcase's right to enforce the personal guaranties against Hope Harbin Patterson.

In an action for divorce, a trial court cannot adjudicate the rights of third parties. *McLaurine v. McLaurine*, 521 So.2d 53, 55 (Ala. Civ. App. 1988); *Smela v. Smela*, 141 Mich. App. 602, 605 (Mich. App. 1985); *Donahue v. Donahue*, 352 N.W.2d 705, 710 (Mich. App. 1984); *Hoffman v. Hoffman*, 336 N.W.2d 34, 35 (Mich. App. 1983). Steelcase was not a party to the divorce proceedings. Steelcase did not sign the divorce decree. Nor did Steelcase provide Hope D. Harbin Patterson with a release of her contractual obligation based on the divorce decree.

The guaranties were signed by Hope D. Harbin Patterson. She is obligated under those guaranties, as she unconditionally promised to fully and promptly pay all existing and future indebtedness and liabilities of defendant Harbin's to Steelcase. Hope D. Harbin Patterson may have relief in a collateral claim for indemnification against Michael G. Harbin. But the divorce decree provides no grounds for Summary Judgment in an action by Steelcase for enforcement of the personal guaranties.

4

**Conclusion**

For the reasons stated above, Plaintiff Steelcase Inc. respectfully requests that this Court deny Hope Harbin Patterson's Motion for Summary Judgment.

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
Attorneys for Plaintiff Steelcase Inc.

Dated: February 4, 2005         By  /s/ Sara G. Lachman
                                    Jon G. March (P17065)
                                    Sara G. Lachman (P67523)
                                Business Address:
                                    250 Monroe Avenue, N.W., Suite 800
                                    PO Box 306
                                    Grand Rapids, Michigan  49501-0306
                                Telephone:  (616) 831-1700

Case 5:04-cv-00388-MHH-CSC Document 282 Filed 02/04/2005 Page 8 of 8