UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC., a Michigan
corporation,

    Plaintiff,

v.

    File No. 1:04-CV-26

    HON. ROBERT HOLMES BELL

HARBIN'S, INC., an Alabama corporation;
MICHAEL G. HARBIN, JR.; and HOPE D.
HARBIN PATTERSON,

    Defendants.
    _____/

## MEMORANDUM OPINION AND ORDER

Plaintiff Steelcase, Inc. filed this action against Harbin's, Inc. for breach of contract and against Michael G. Harbin, Jr., and Hope D. Harbin for enforcement of their written guaranties to pay Harbin's liabilities to Steelcase.

This matter is currently before the Court on a motion for summary judgment filed by Defendant Hope D. Harbin Patterson (f/k/a Hope D. Harbin), *in pro per.* Defendant Patterson contends that this action is barred by the statute of limitations and by her divorce decree from Defendant Michael G. Harbin, Jr., which provides that "Mr. Harbin shall be responsible for the payment of any joint debts not specifically assigned to Mrs. Harbin and shall hold her harmless from any liability thereon." Case No. DR-2001-1310 (Montgomery County Cir. Ct. Dec. 11, 2002).

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In evaluating a motion for summary judgment the Court must view the evidence in the light most favorable to the non-moving party and assess the proof to determine whether there is a genuine need for trial. *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1045 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The personal guaranties at issue were executed on June 10, 1993, and August 4, 1993. Steelcase filed this action against Harbin's, Inc. on January 14, 2004, and its amended complaint against Michael G. Harbin, Jr., and Hope D. Harbin on October 4, 2004. Defendant Patterson contends that the six-year period of limitations for contract actions bars Plaintiff's claim on the personal guaranties.

The guaranties provide that they shall be construed according to the laws of the State of Michigan and that an action for enforcement may be brought in any state or federal court in Kent County, Michigan. Under Michigan law the six-year limitations period on a contract action begins to run not on the date the contract was signed, but on the date the claim first accrues. M.C.L. § 600.5807(8). In contract actions, the period of limitation typically begins to run on the date of the breach of contract. *Diversified Financial Systems, Inc. v. Schanhals*, 203 Mich. App. 589, 592, 513 N.W.2d 210, 211 (1994) (citing *Harris v. Allen Park*, 193 Mich. App. 103, 483 N.W.2d 434 (1992)). Alabama law similarly provides for a six-year

limitations period measured from the date of the breach. *See* ALA. CODE § 6-2-34; *AC, Inc. v. Baker*, 622 So.2d 331, 333 (Ala. 1993).

The uncontested evidence of record indicates that Harbin's defaulted on its payments for products purchased from Steelcase on November 18, 2003. (Docket # 15, Van Dyk Decl. ¶ 17). The complaint and amended complaint were filed within six years of the default. Accordingly, this action is not barred under the statute of limitations.

Neither is this action barred by the terms of the divorce decree. A divorce decree does not adjudicate the rights of third parties. *See McLaurine v. McLaurine*, 521 So.2d 53, 55 (Ala. Civ. App. 1988) (holding that division of property in divorce action would not bar suit by third-party with claim to possession of the property). *Accord Smela v. Smela*, 141 Mich. App. 602, 605, 367 N.W.2d 426, 428 (1985) ("The circuit court has no jurisdiction in a divorce proceeding to adjudicate the rights of any party other than the husband and wife."). Although the divorce decree may provide Defendant Patterson with a claim for indemnification against her ex-husband, it does not bar Steelcase's action against Defendant Patterson for enforcement of her personal guaranties. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hope D. Harbin Patterson's motion for summary judgment (Docket # 65) is **DENIED**.

Date:     February 24, 2005               /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE

3