UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

STEELCASE INC., a Michigan
corporation,

    Plaintiff,

v

HARBIN'S, INC., an
Alabama corporation, MICHAEL G.
HARBIN and HOPE D. HARBIN,

    Defendants.

_____/

Case No. 1:04CV0026
Honorable Robert Holmes Bell
Chief, U.S. District Judge

Jon G. March (P17065)
MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
Attorneys for Plaintiff
250 Monroe Avenue, N.W., Suite 800
P.O. Box 306
Grand Rapids, Michigan 49501-0306
(616) 831-1700
_____/

## BRIEF IN SUPPORT OF MOTION OF PLAINTIFF STEELCASE INC. FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

    Plaintiff Steelcase Inc. originally sued defendant Harbin's, Inc. in this case, and ultimately obtained a Default Judgment against that defendant. Plaintiff subsequently amended its Complaint to allege claims of breach of personal guaranties by the individual defendants, Michael Harbin, the president (or former president) of defendant Harbin's, Inc., and his former wife, Hope D. Harbin Patterson. Steelcase now seeks to amend the Complaint to include an additional count against Michael Harbin to pierce the corporate veil.

    On December 17, 2004, the Court, following a telephonic Rule 16 Scheduling Conference on December 15, 2004, issued its Case Management Order. Paragraph 2 of that

Order allowed the parties to and including February 1, 2005 within which to amend their pleadings. The Order also, in paragraph 4, expressly required Michael Harbin submit to a deposition in the Western District of Michigan by January 14, 2005.

After delay and claimed inability by Michael Harbin to produce documents as subpoenaed for a deposition *duces tecum*, on January 19, 2005, Steelcase filed a Motion to Amend the Case Management Order to extend from February 1, 2005 to March 1, 2005 the time within which the parties may move to amend their pleadings. Steelcase requested the extension of time to allow for the receipt and review of any of the records requested from Michael Harbin that he could produce; to consider alternative sources for providing the relevant records; to consider the legal effect of Michael Harbin's failure to retain nearly all of the corporate records; and to take and review the transcript from the deposition of Michael Harbin to determine if there was sufficient evidence for an additional count against Michael Harbin. Defendant Michael Harbin objected to the requested extension. To date the Court has not acted upon Steelcase's Motion to Amend the Case Management Order.

The deposition of Michael Harbin was not conducted until January 27, 2005. Very few of the requested records were produced at the deposition. Steelcase did not receive a copy of the transcript of Michael Harbin's deposition testimony until approximately February 3, 2005.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." In applying Rule 15(a), the Sixth Circuit has held that

> [t]he district court . . . abuses its discretion in not granting leave to amend unless there is some apparent or declared reason not to allow the amendment. Such reasons may include undue delay, bad faith or dilatory motives by the movant, undue prejudice to the

opposing party by allowing the amendment, or futility of amendment.

*Consumers Petroleum Co. v. Texaco, Inc.*, 804 F.2d 907, 913 (6th Cir. 1986) (internal citations omitted) (holding the denial of a motion to amend the complaint to be an abuse of discretion where the district court failed to justify its denial of the motion and none of the above cited reasons were apparent). None of these reasons are present here.

Here, the proposed amendment to the Complaint is sought to incorporate an additional count against Michael Harbin to pierce the corporate veil because during discovery it was learned that Michael Harbin treated Harbin's, Inc. as his alter ego with disregard for its separate corporate existence. After Mr. Harbin's deposition, Steelcase has proceeded expeditiously to review the transcript and file this Motion. There has been no undue delay or bad faith. In addition, no undue prejudice from an amendment to the Complaint would result. Plaintiff Steelcase is not requesting that the discovery deadline or any other deadlines set forth in the Case Management Order be extended. The case would proceed on the current schedule.

Plaintiff therefore requests that its Motion for Leave to File a Second Amended Complaint be granted.

                                                            MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
                                                            Attorneys for Plaintiff, Steelcase Inc.

Dated: March 1, 2005          By   /s/ Sara G. Lachman
                                                    Jon G. March (P17065)
                                                    Sara G. Lachman (P67523)
                                            Business Address:
                                                250 Monroe Avenue, N.W., Suite 800
                                                PO Box 306
                                                Grand Rapids, Michigan 49501-0306
                                           Telephone: (616) 831-1700