UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

        Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

        Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

MILLER, JOHNSON, SNELL &
CUMMISKEY, P. L. C.
Jon G. March (P17065)
Attorneys for Plaintiff
250 Monroe Avenue, N. W. - Ste 800
P. O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

SILVERMAN, SMITH, BINGEN & RICE, P.C.
Robert W. Smith (P31192)
Attorneys for Defendant Michael G. Harbin
151 S. Rose Street
707 Comerica Building
Kalamazoo, MI 49007
(269) 381-2090

HOPE D. HARBIN - PATTERSON (now
HOPE DUNCAN PATTERSON)
Defendant in Pro Per
4514 Chamblee Dunwoody Rd., Apt. 238
Atlanta, GA 30338-6202

_____/

**DEFENDANT MICHAEL G. HARBIN'S RESPONSE
TO MOTION OF PLAINTIFF STEELCASE, INC.
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**1.0    INTRODUCTION**

Plaintiff Steelcase, Inc. ("Steelcase") filed an Amended Complaint seeking to recover against Defendant Michael G. Harbin ("Harbin") allegedly based upon an open account from Harbin's, Inc. and an alleged guaranty agreement executed by Harbin and

his former wife Defendant Hope D. Harbin (now Hope D. Patterson). It is the position of Harbin that the alleged guaranty was related only to specific purchase orders, all of which have been paid and there was no guarantee beyond those purchase orders. Steelcase moves to amend its complaint a second time, now alleging in Count III that the corporate veil of Harbins, Inc. ought to be pierced and that Harbin ought to be personally liable for its debts. Because such motion is untimely and because it would be futile, Harbin objects to the request for amendment.

## 2.0 BACKGROUND INFORMATION

Harbin's deposition was taken on January 27, 2005. This Court ordered that the deposition be taken in Michigan. It was. The purpose of the deposition as described during the Rule 16 Telephone Scheduling Conference was to allow Steelcase to explore whether or not it had the basis for a fraudulent conveyance claim against Harbin.

This Court's Case Management Order was entered on December 17, 2004. The deadline for filing motions to amend pleadings was February 1, 2005. Steelcase's motion for leave to file a second amended complaint was not filed until March 1, 2005, 28 days after the deadline.

Prior to Harbin's deposition the parties agreed that he would produce requested documents if he had them. Among those documents were corporate records from Harbin's, Inc. and personal financial documents of Harbin. The time period requested was from July of 2002 to date of deposition notice. Harbin had virtually no personal financial records. He ordered them from the financial institutions involved, but was unable to produce them at

Steelcase, Inc. v Michael G. Harbin, et. al.
Harbin's Response to Motion for Leave
to File Amended Complaint      Page 2      Case No.: 1:04cv0026

the time of his deposition. Harbin did not keep copies of these records because they are either available on line or from the financial institution.

Harbin had few corporate records as well. He testified that he retained sufficient records to file a final tax return and for a bankruptcy proceeding, should that become necessary. He left the remainder of the records behind because the lender for Harbin's Inc. had foreclosed on all of the assets. Harbin produced records that he retained from Harbin's, Inc. for Steelcase prior to his deposition. Some five weeks after Harbin's deposition was taken, and more than a month after the deadline for filing amended pleadings had expired, Steelcase now seeks to amend its complaint, not to add a count of fraudulent conveyance, but to pierce the corporate veil.

## 3.0 LAW AND ARGUMENT

### 3.1 Standard of Review

FRCP 15(a) governs amendment of pleadings. Under that rule, Steelcase may only amend by leave of the Court and leave shall be freely given when justice requires.

In determining whether or not to grant leave to amend, factors which the trial court should consider are:

> ...Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment, are all factors which may affect the decision.

Hageman v Signal L. P. Gas, Inc., 486 F. [2d] 479, 484 (6th Cir. Ct. 1973); General Electric v Sargent & Lundey, 916 F. [2d] 1119, 1130 (6th Cir. Ct. 1990).

Steelcase, Inc. v Michael G. Harbin, et. al.
Harbin's Response to Motion for Leave
to File Amended Complaint          Page 3          Case No.: 1:04cv0026

### 3.2 The Amendment Should Not be Allowed.

#### 3.2.1 The Motion for Leave to Amend is Untimely.

The initial complaint filed in this matter was on January 15, 2004. Harbin was added as a defendant in the First Amended Complaint filed on October 4, 2004. The Joint Status Report was filed on December 10, 2004. In it, Steelcase indicated an intention to depose Harbin. A Rule 16 Telephone Scheduling Conference was held on December 15, 2004. On December 17, 2004, this Court entered its Case Management Order, providing that motions to amend pleadings **must** be filed by no later than February 1, 2005. The Court ordered Harbin to appear in the Western District of Michigan by January 14, 2005, for his deposition. During the Rule 16 Telephone Scheduling Conference, Steelcase's counsel disclosed that the purpose for the deposition was to determine whether or not there was evidence to support a fraudulent conveyance claim against Harbin.

Because of scheduling conflicts and Steelcase's desire to have certain documents available for the deposition, Harbin's deposition was not concluded until January 27, 2005.

Subsequent to Harbin's deposition, rather than immediately file a motion to amend its complaint, Steelcase filed a motion to amend the Case Management Order to extend the time within which the parties could seek to amend their pleadings from February 1, 2005 to March 1, 2005. Harbin filed his objection to the extension. This Court has not yet acted upon that motion. On March 1, 2005, Steelcase filed its motion for leave to file a second amended complaint with a proposed second amended complaint. The proposed second amended complaint purports to add a claim against Harbin to pierce the corporate veil of Harbin's, Inc. Steelcase's motion is clearly untimely.

Steelcase, Inc. v Michael G. Harbin, et. al.
Harbin's Response to Motion for Leave
to File Amended Complaint        Page 4        Case No.: 1:04cv0026

Steelcase's excuse for the untimeliness of its motion was the delay and "claimed inability by Harbin to produce documents as subpoenaed for his deposition *duces tecum*", on January 19, 2005. This argument makes no sense since none of the delayed documents produced are referenced in the proposed amended complaint.

As noted in the Affidavit of Robert W. Smith **(Exhibit 1)**, Harbin's counsel received a "Notice of Taking Deposition Duces Tecum of Michael G. Harbin" on December 30, 2004 **(Exhibit 2)**. Harbin responded to Steelcase on January 4, 2005, objecting to the misuse of subpoena power (the Steelcase subpoena required the documents to be produced before the deposition) objecting to the production to some of the documents requested, and informing Steelcase that some of the documents did not exist, or Harbin had no way of obtaining them.

Steelcase and Harbin reached a tentative agreement to allow Harbin's deposition to be taken on January 19, 2005, by telephone. Counsel agreed that Harbin would provide what records he did have prior to that deposition. Harbin was unable to timely obtain the promised documents. As a result, the deposition was postponed until January 27, 2005. Steelcase was provided with the documents that Harbin was able to gain possession of in advance of the deposition and the documents were available for utilization in cross-examination during Harbin's deposition.

It is interesting that Steelcase had Harbin's deposition for at least 26 days and yet could not come up with one single quotation from his deposition which could be construed as testimony supportive of its newly pled alter ego theory. It is also interesting that the proposed second amended complaint contains no allegation of fraudulent concealment,

Steelcase, Inc. v Michael G. Harbin, et. al.
Harbin's Response to Motion for Leave
to File Amended Complaint           Page 5           Case No.: 1:04cv0026

and the suspicion of fraudulent concealment was Steelcase's motivation for its fishing expedition.

If Steelcase was unable to locate anything specific in Harbin's deposition testimony justifying a claim of piercing the corporate veil to cite to the Court, it leads one to believe that Steelcase had no need to review Harbin's deposition testimony. Steelcase's allegations in Count III of the proposed second amended complaint are extremely general and conclusory. It is disingenuous for Steelcase to argue that it needed 26 days to pour over Harbin's deposition to come up with such general and conclusory allegations. It is apparent that Steelcase is grasping at straws which it could have just as easily done between January 27, 2005 and February 1, 2005. Steelcase gives no adequate basis for its undue delay and its motion for leave to file an amended complaint should be denied for that reason.

### 3.3 Steelcase's Motion for Leave to File Second Amended Complaint Should be Denied Because the Proposed Second Amended Complaint Fails to State a Claim for Piercing the Corporate Veil.

In <u>Spartan Tube & Steel v Himmelspach</u>, 102 F. [3d] 223, 226 (6th Cir. Ct. 1996) the court cited the criteria for piercing the corporate veil in Michigan:

> The general principle in Michigan is that separate corporate identifies will be respected, and thus corporate veils will be pierced only to prevent fraud or injustice. See <u>Wodogaza v H & R Terminals, Inc.</u>, 161 Mich App 746, 756, 411 N. W. [2d] 848, 852 (1987). *See also* <u>Wells v Firestone Tire and Rubber Co.</u>, 421 Mich 641, 650; 364 N. W. [2d] 670, 674 (1984). A court may find that one entity is the alter ego of another and pierce the veil upon proof of three elements: first the corporate entity must be a mere instrumentality of another; second the corporate entity must be used to commit a **fraud or wrong**; and third there must have been an unjust loss or injury to the plaintiff... (Emphasis added.)

Steelcase, Inc. v Michael G. Harbin, et. al.
Harbin's Response to Motion for Leave
to File Amended Complaint                    Page 6                    Case No.: 1:04cv0026

The requirements for piercing the corporate veil are very similar in the State of Alabama where Harbin's, Inc. was incorporated. In <u>Backus v Watson</u>, 619 So. [2d] 1342, 1345; 1993 Ala. LEXIS 356 (1993) the court noted the factors to be considered when determining whether or not to pierce the corporate veil:

> Piercing the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state. <u>Co-Ex Plastics, Inc. v Alapak, Inc., 536 So. [2d] 37 (Ala. 1988). Aloma Coat Corp. v Behr, 408 So. [2d] 496 (Ala. 1981)</u>. The mere fact that a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity. <u>Messick v Moring, 514 So. [2d] 892 (Ala. 1987); Forester & Jerue, Inc. v Daniels, 409 So. [2d] 830 (Ala. 1982)</u>. The fact that a corporation is under-capitalized is not alone sufficient to establish personal liability. *Co-Ex Plastics, Inc. supra*, East End Memorial Assoc. v Egerman, 514 So. [2d] 38 (Ala. 1987). To pierce the corporate veil, a plaintiff **must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequence.** Washburn v Rabun, 487 So. [2d] 1361 (Ala. 1986); Cohen v Williams, 294 Ala. 417, 318 So. [2d] 279 (1975). (Emphasis added.)

Clearly then, under Michigan law and Alabama law, fraud or wrongdoing is an essential element for piercing the corporate veil. FRCP 9(b) requires that "the circumstances constituting fraud...shall be stated with particularity." A review of Count III of the proposed second amended complaint shows very general and conclusory allegations. Fraud is not pled. There is no allegation of wrongdoing. There is no allegation that Steelcase was mislead by the corporate form. Instead, the complaint alleges a litany of different scenarios under which courts have allowed piercing the corporate veil where there was fraud, or other wrongdoing and the plaintiff was injured as a result.

Harbin cannot determine from the second amended complaint what specific charges he must defend against. He is unable to determine specifically what he did wrong, or how whatever it was misled Steelcase, and how the conceived deception injured Steelcase. It would be unfair in the extreme to allow Steelcase to proceed with this case without setting forth the specific factual basis for its claim.

Count II of the proposed amended complaint alleges personal liability against Harbin as a result of a personal guaranty signed in 1993. Clearly, Steelcase knew that it was dealing with Harbin's, Inc., a corporation, for more than ten years prior to filing the original complaint. So there is no question that Steelcase knew that Harbin and Harbin's, Inc. were separate entities and had been for many years.

The proposed second amended complaint fails to state a claim upon which relief may be granted under Count III, and therefore, the amendment would be futile.

### 4.0 RELIEF REQUESTED

Harbin requests this Court enter an order denying Steelcase's motion for leave to file a second amended complaint.

Dated: March 15, 2005

SILVERMAN, SMITH, BINGEN & RICE, P.C.
Attorneys for Defendant Michael G. Harbin

_____
Robert W. Smith (P31192)

Steelcase, Inc. v Michael G. Harbin, et. al.
Harbin's Response to Motion for Leave
to File Amended Complaint          Page 8          Case No.: 1:04cv0026