UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

       Defendants.

_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## NOTICE OF TAKING DEPOSITION
## *DUCES TECUM* OF MICHAEL G. HARBIN

Please take notice that Plaintiff Steelcase Inc., by its attorneys, Miller, Johnson, Snell & Cummiskey, P.L.C., will take the deposition *duces tecum* of Defendant Michael G. Harbin at the offices of Silverman, Smith, Bingen & Rice, 707 Comerica Building, 151 South Rose Street, Kalamazoo, Michigan 49007 on **Thursday, January 13, 2005 at 9:30 a.m.**

Mr. Harbin must produce the documents identified in the Subpoena (attached as Exhibit A) to Miller, Johnson, Snell & Cummiskey, P.L.C., 250 Monroe Avenue, N.W., Suite 800, Grand Rapids, Michigan 49503 by **Monday, January 10, 2005 at 3:00 p.m.**

DEFENDANT'S EXHIBIT 2

The deposition will be taken before a certified court reporter and will be taken in accordance with and for all purposes allowable under applicable court, evidentiary, and procedural rules.

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.<br>
Attorneys for Plaintiff, Steelcase Inc.

Dated: December 30, 2004    By _____
    Jon G. March (P17065)
    Sara G. Lachman (P67523)
Business Address:
    250 Monroe Avenue, N.W., Suite 800
    PO Box 306
    Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700

Issued by the
# UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____

STEELCASE INC V. HARBIN'S, INC.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 1:04CV0026

TO: Michael G. Harbin

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Miller, Johnson, Snell & Cummiskey, 250 Monroe Ave., NW, Suite 800, Grand Rapids, MI 49503-2250 | On or before January 10, 2005 at 3:00 p.m. |

See Attachment A for a list of documents or objects required for production

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

_[signature]_ , Attorney for Plaintiff     December 30, 2004
ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     DATE

Jon G. March, Miller, Johnson, Snell & Cummiskey, 250 Monroe Ave., N.W., Suite 800, Grand Rapids, MI 49503     616.831.1700
ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED | |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

SERVED ON (PRINT NAME)          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less that 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting form the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of the clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting form the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

#456973v1  62920-001  12/29/04

## ATTACHMENT A

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the offices of Miller, Johnson, Snell & Cummiskey, P.L.C., 800 Calder Plaza Building, 250 Monroe Avenue, N.W., Grand Rapids, Michigan 49503-2250, on or before January 10, 2005, at 3:00 p.m., as specified in the Subpoena:

### INSTRUCTIONS AND DEFINITIONS

A. Label and organize all documents to correspond with each category in the request.

B. These instructions are continuing and, if additional responsive documents come to your attention following the date of production, those documents must be promptly produced.

C. This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

D. The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

E. In the event that any requested document has been destroyed or discarded or otherwise disposed of, please identify the document as completely as possible, including without limitation the date, author(s), addressee(s), recipient(s), title, subject matter, and the reason for disposal of the document and identify all persons who authorized disposal of the documents.

F. If a claim is made that any requested document is not required to be produced by reason of a privilege of any kind, describe each such document by date, author(s),

addressee(s), recipient(s), title, and subject matter, and set forth the nature of the claimed privilege with respect to each document.

G. The term "document(s)" includes, but is not limited to, writings, drawing, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, transmitted, if necessary, by the respondent through detection devices into reasonably usable form.

H. The words "you," "your" or "Defendant" shall refer to Defendant Michael G. Harbin.

## LIST OF DOCUMENTS FOR PRODUCTION

1. Produce all documents you intend to use at the trial of this matter.

2. Produce all documents you intend to rely on in support of your Answer.

3. Produce all documents that evidence, support, and/or pertain to the denial as set forth in paragraph 27 of your Answer where, but for admitting to the execution of the guaranties, you denied that:

> On June 10, 1993 and August 4, 1993, defendants, Michael G. Harbin and Hope D. Harbin, executed written guaranties (the "Guaranties") wherein they unconditionally guaranteed to fully and promptly pay and perform all existing and future obligations of defendant Harbin's to Steelcase. Copies of those fully executed Guaranties are incorporated by reference and attached as Exhibits B and C to this Complaint.

4. Produce all documents that evidence, support, and/or pertain to the denial as set forth in paragraph 28 of your Answer where you denied that:

> The Guaranties given by Michael G. Harbin and Hope D. Harbin to Steelcase are valid and enforceable by their terms.

5. Produce all documents that evidence, support, and/or pertain to the denial as set forth in paragraph 29 of your Answer where you denied that:

2

Under the terms of the Guaranties, the obligation of Michael G. Harbin and Hope D. Harbin to Steelcase continues as to any and all indebtedness of defendant Harbin's until written notice of termination.

6. Produce all documents that evidence, support, and/or pertain to the denial as set forth in paragraph 30 of your Answer where you denied that:

To date, neither Michael G. Harbin nor Hope D. Harbin have given to Steelcase any written notice of termination.

7. Produce all documents that evidence, support, and/or pertain to the denial as set forth in paragraph 31 of your Answer where you denied that:

Michael G. Harbin and Hope D. Harbin are obligated under the Guaranties to pay to Steelcase the amount due from defendant Harbin's as alleged above, together with further accrued interest and the cost of collections, including attorneys' fees.

8. Produce all documents that evidence, support, and/or pertain to your affirmative defenses stated as being:

(1) The indebtedness to which the guaranties apply has been discharged by payment.

(2) Plaintiff has failed to state a claim upon which relief can be granted.

(3) There is no genuine issue as to any material fact and Defendant Michael G. Harbin is entitled to judgment as a matter of law.

(4) Defendant Michael G. Harbin reserves the right to allege additional affirmative defenses learned during the course of discovery.

9. Produce all documents that evidence, support, and/or pertain to the existence and/or scope of any alleged personal guaranties between you and Steelcase Inc.

10. Produce all documents that evidence, support, and/or pertain to performance by you of any alleged personal guaranties between you and Steelcase Inc.

3

11. Produce all documents that evidence, support, and/or pertain to any alleged termination of the personal guaranties between you and Steelcase Inc.

12. Produce all documents that evidence, support, and/or relate to UCC security agreements, UCC financing statements, and/or UCC filings that provide, attempt to provide or actually provide Steelcase, Inc. a security interest in assets of Harbin's, Inc.

13. Produce the last three fiscal-year end and the most recent financial statements and accountings of Harbin's, Inc., and of Harbin's-Stern Brothers, L.L.C., including but not limited to:

- income statements

- records of all payments and receipts of payments

- corporate ledgers

- bank statements

- balance sheets

- accounts receivable listing

- inventory accounting and listing

- bank records, including banking records for checking and deposit and/or savings accounts

- corporate tax returns

14. Produce all banking and/or investment statements and/or records pertaining to all individual or personal accounts containing funds for any period of time between January 1, 2001 to current, including but not limited to:

- personal bank savings or checking accounts

- money-market accounts

- certificates of deposit

4

- retirement accounts
- brokerage accounts
- IRA accounts
- mutual fund accounts
- individual stocks and or bonds
- any other source of banking or investment account

15. Produce all documents that evidence, support, and/or pertain to the transfer of assets from Harbin's, Inc. and/or Harbin's-Stern Brothers, L.L.C. to individuals and/or to individual's personal accounts from January 1, 2001 to current.

16. Produce all documents that evidence, support, and/or pertain to the transfer of assets from Harbin's, Inc. or Harbin's-Stern Brothers, L.L.C. to any other business entity owned in whole or in part by you from January 1, 2001 to current.

17. Produce all documents that evidence, support, and/or pertain to receipts of payment for or statements of accounts relating to payment by customers of Harbin's, Inc. or Harbin's-Stern Brothers, L.L.C. for Steelcase Inc. product from January 1, 2001 to current.

18. Produce all documents that evidence, support, and/or pertain to payments of monies designated by the payor to be paid to Harbin's, Inc. or Harbin's-Stern Brothers, L.L.C. that were deposited into individual and/or personal accounts from January 1, 2001 to current.

19. Produce all documents that evidence, support, and/or pertain to an asset sale and/or business sale of Harbin's, Inc. occurring after January 2003, including but not limited to receipts of sales, proof of payment, and particular assets sold.

20. Produce all deeds to real property owned in whole or in part by you at any time during the period of January 1, 2001 to current.

21. Produce all of your individual federal and state income tax returns from January 1, 2001 to current.

22. Produce the Last Will & Testament of Michael Harbin Senior that was admitted to probate following his death.

23. Please produce a copy of a final accounting, inventory, and estate tax return from Michael Harbin Senior's estate, including to whom and in what amount assets were distributed.

24. Please produce a copy of all pleadings, orders, correspondence, settlement offers or agreements, or other documents related to the litigation matter of *Colonial Bank, N.A. v. Harbin's, Inc. and Michael G. Harbin*, Circuit Court of Montgomery County, Alabama, Case No.CV2004-1702.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE INC., a Michigan
corporation,

      Plaintiff,

v

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN,

      Defendants.
_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## PROOF OF SERVICE

STATE OF MICHIGAN   )
                             ) ss.
COUNTY OF KENT      )

      Sara G. Lachman, of Miller, Johnson, Snell & Cummiskey, P.L.C., attorneys for plaintiff in the above-captioned lawsuit, hereby states that on the 30th day of December, 2004 she caused Kara Lewis of Miller, Johnson, Snell & Cummiskey, P.L.C. to serve a copy of the **Notice of Taking Deposition *Duces Tecum* of Michael G. Harbin** by facsimile and first class mail upon:

        Robert W. Smith, Esq.
        Attorney for Michael G. Harbin
        Silverman, Smith, Bingen & Rice, P.P.
        151 S. Rose Street
        707 Comerica Building
        Kalamazoo, MI 49007
        269.381.2519

and by first class mail upon:

        Hope D. Harbin (now Hope Duncan Patterson)
        4514 Chamblee Dunwoody Road
        #238
        Atlanta  GA  30338

                                    /s/ Sara G. Lachman
                                   Sara G. Lachman