UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

        Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

        Defendants.

_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## PLAINTIFF STEELCASE INC.'S BRIEF IN REPLY TO DEFENDANT MICHAEL G. HARBIN'S RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On January 19, 2005, Plaintiff Steelcase Inc. ("Steelcase") moved this Court for leave to amend the Case Management Order to extend the time in which pleadings could be amended. On March 1, 2005, Steelcase moved this Court for leave to file a Second Amended Complaint and attached a Proposed Second Amended Complaint to the brief in support of the motion. On April 4, 2005, this Court held that Steelcase's Motion for Leave to File a Second Amended Complaint was timely, and a hearing on the substance of the Motion was noticed for April 11, 2005.

An amendment to the Complaint is sought by Steelcase to allege an additional count against Michael Harbin to pierce the corporate veil because during discovery it was learned that Michael Harbin treated Harbin's, Inc. as his alter ego with disregard for its separate corporate existence. Defendant Michael Harbin, in his

Response to Steelcase's Motion, argues that the amendment to the Complaint would be futile on the grounds that the proposed Second Amended Complaint fails to state a claim for piercing the corporate veil. Defendant Michael Harbin asserts that "fraud or wrongdoing is an essential element for piercing the corporate veil," and because Steelcase did not plead circumstances constituting fraud with particularity, as required by FED.R.CIV.P. 9(b), Steelcase's pleadings were deficient. (Defendant's Response Brief, p. 6-8.)

Steelcase did properly and sufficiently plead a claim to pierce the corporate veil; therefore, because the amendment would not be futile, the Motion should be granted. *See* FED.R.CIV.P. 15(a) (stating leave to amend "shall be freely given when justice so requires"); *Consumers Petroleum Co. v. Texaco, Inc.*, 804 F.2d 907, 913 (6th Cir. 1986) (holding the denial of a motion to amend the complaint to be an abuse of discretion where the district court failed to justify its denial of the motion and the amendment would not have caused undue delay or undue prejudice, and was not futile or motivated by bad faith).

Fraud is not a required element to pierce the corporate veil. *Concept One Int'l, Inc. v. Nippecraft Ltd.*, No. 1:96-CV-565, 1997 WL 483248, at *5 n. 2 (W.D. Mich. Feb. 14, 1997). In *Concept One Int'l, Inc.*, Judge Douglas Hillman, in an unpublished opinion, writing for the Western District of Michigan, stated that "[c]ontrary to defendant's assertions, <u>Michigan law does not require a showing of fraud or illegality before the corporate form will be disregarded</u>." (Emphasis added). Judge Hillman further stated, that "'[w]hile there is no question that fraud justifies piercing the corporate veil, there is ample authority under Michigan law for finding parent corporation liability

2

through veil piercing for less egregious unjustified use of the corporate form.'" *Id*. (citations omitted).

Judge Hillman reasoned that "while there is authority in Michigan for denying veil piercing where fraud is absent, the weight of authority allows piercing when the shielding corporation is a mere instrumentality and justice requires that it be disregarded." *Id*. Several "Michigan cases support the notion that a finding of fraud or illegality is not a prerequisite to disregarding the corporate form," and in fact, "[n]umerous Michigan Court of Appeals decisions have held it appropriate to pierce the veil in absence of fraud or illegality." *Id*.

This principle is further supported in the cases upon which Defendant here relies. In the cases cited by Defendant, the courts listed the elements to pierce disjunctively, actually holding then that fraud is merely one means by which to pierce the corporate veil — not a required element. Defendant quotes *In re RCS Engineered Products Co.*, 102 F.3d 223, 226 (6th Cir. 1996) (cited by Defendant, Defendant's Response Brief, p. 6-7, as *Spartan Tube and Steel, Inc. v. Himmelspach*), which states:

> The general principle in Michigan is that separate corporate identities will be respected, and thus corporate veils will be pierced only to prevent fraud **or injustice**. A court may find that one entity is the alter ego of another and pierce the veil upon proof of three elements: first, the corporate entity must be a mere instrumentality of another; second, the corporate entity must be used to commit a fraud **or** wrong; and third, there must have been an unjust loss or injury to the plaintiff . . . (Internal citations omitted) (emphasis added).

Similarly, in *Backus v. Watson*, 619 So.2d 1342, 1345 (Ala. 1993); (*See* Defendant's Response Brief, p. 7), the Alabama Supreme Court held that fraud is but one means by which to justify piercing the corporate veil. The Court stated: "To pierce the

3

corporate veil, a plaintiff must show fraud in asserting the corporate existence **or** must show that recognition of the corporate existence will result in injustice or inequitable consequences." *Id*. (emphasis added).

Fraud is simply not a required element to pierce the corporate veil. Rather, the corporate veil may be pierced when:

> (a) a corporation and shareholders have complete identity of interests; (b) the corporation is a mere instrumentality of the shareholders; (c) the corporation is a device to avoid a legal obligation; or (d) the corporation is used to defeat public convenience, justify a wrong, protect fraud or defend a crime. *Bodenhamer Building Corp. v. Architectural Research Corp.*, 873 F.2d 109, 112 (6th Cir. 1989).

Steelcase sufficiently pled that Michael Harbin and Harbin's, Inc. had a complete identity of interests and that Harbin's, Inc. was a mere instrumentality of Michael Harbin. (*See* Proposed Second Amended Complaint, ¶ 33-37, 43.) Steelcase also adequately alleged that the corporate entity was used to justify a wrong. In Steelcase's Proposed Second Amended Complaint, Steelcase alleges that Michael Harbin "intermingled his personal finances and assets of other business entities that he owned in whole or in part with the finances and assets of Harbin's" and "took money from Harbin's for his own personal use, in disregard of the corporate existence of Harbin's," which resulted in Harbin's becoming a "defunct entity, no longer in operation, with no assets and unable to pay its debts." (*See* Proposed Second Amended Complaint, ¶ 35, 36, 42.)

It is undisputed that Harbin's, Inc. owes Steelcase Three Hundred Eighty-Five Thousand Two Hundred Seventy-Five and 79/100 dollars ($385,275.79). A default judgment was entered, (Docket #45), and Michael Harbin has admitted the debt. (Answer of Michael Harbin to First Amended Complaint, ¶ 22.)

Case 2:05-cv-00888-MHT-CSC Document 103-2 Filed 04/08/2005 Page 4 of 5
Case 5:04-cv-00026-RHB   Document 33   Filed 03/28/2005   Page 4 of 5

4

Steelcase's Proposed Second Amended Complaint does not allege fraud, but it does sufficiently allege that Michael Harbin's used the corporate entity to commit a wrong in disregard of the formalities of Harbin's corporate existence and to the detriment of Steelcase as a creditor of the corporation. An adherence to the fiction of such separate corporate existence would result in an injustice to Steelcase. Thus, granting Steelcase's Motion for Leave to File a Second Amended Complaint would not be futile.

|  |  |
|---|---|
|  | MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.<br>Attorneys for Plaintiff, Steelcase Inc. |
| Dated: April 8, 2005 | By  /s/ Sara G. Lachman<br>   Jon G. March (P17065)<br>   Sara G. Lachman (P67523)<br>Business Address:<br>   250 Monroe Avenue, N.W., Suite 800<br>   PO Box 306<br>   Grand Rapids, Michigan  49501-0306<br>Telephone:  (616) 831-1700 |

Case 2:05-cv-00889-MHT-CSC Document 103-2 Filed 04/08/2005 Page 5 of 5