UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| STEELCASE INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:04-cv-26 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| HARBIN'S, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR**
**LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff has moved for leave to file a second amended complaint (docket # 92), asserting a claim against defendant Michael G. Harbin for the debts of Harbin's, Inc., on a theory of piercing the corporate veil or alter ego. Defendant Michael G. Harbin opposes the motion on two grounds. First, he asserts that the motion is untimely under the case management order. This objection has been rendered moot by Chief Judge Bell's order granting plaintiff's previously filed motion to amend the case management order. Judge Bell's order (docket # 100) granted plaintiff an extension of time under the case management order in which to seek to amend its pleadings, reciting that plaintiff's motion for leave to file a second amended complaint "is therefore deemed timely." Defendant's second objection is based upon an assertion that the proposed amendment would be futile. In the Sixth Circuit, a motion to amend may be denied as futile only if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203

F.3d 417, 420 (6th Cir. 2000); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993). Under this standard, a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Ludwig v. Board of Trustees*, 123 F.3d 404, 408 (6th Cir. 1997). In his objection, defendant incorrectly argues that Michigan law requires a showing of fraud in order to pierce the corporate veil. Although Michigan courts will pierce the corporate veil to prevent fraud, a showing of fraud is not the exclusive means of doing so. The court cannot conclude that the amendment would be futile. Accordingly:

IT IS ORDERED that plaintiff's motion for leave to file second amended complaint (docket # 92) be and hereby is GRANTED. Plaintiff's second amended complaint is deemed filed *instanter*. Defendants are granted fourteen days in which to file a responsive pleading.

IT IS FURTHER ORDERED that the hearing previously scheduled for April 11, 2005, at 2:00 p.m. is CANCELED. *See* W.D. MICH. LCIvR 7.3(d).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a reply brief (docket # 102) is DENIED as moot.

DONE AND ORDERED this 8th day of April, 2005.

/s/ Joseph G. Scoville
United States Magistrate Judge