UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v

HARBIN'S, INC., an
Alabama corporation, MICHAEL G.
HARBIN and HOPE D. HARBIN,

       Defendants.
_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

Jon G. March (P17065)
MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
Attorneys for Plaintiff
250 Monroe Avenue, N.W., Suite 800
P.O. Box 306
Grand Rapids, Michigan 49501-0306
(616) 831-1700
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Steelcase Inc., by its attorneys, Miller, Johnson, Snell & Cummiskey, P.L.C., for its First Amended Complaint against defendants, Harbin's, Inc., Michael G. Harbin, and Hope D. Harbin, alleges as follows:

    1.    Plaintiff, Steelcase Inc. ("Steelcase"), is a Michigan corporation with its principal place of business in Grand Rapids, Michigan.

    2.    Defendant, Harbin's, Inc. ("Harbin's") is an Alabama corporation with its principal place of business in Alabama.

    3.    Defendant Michael G. Harbin is a resident of Alabama.

4. Defendant Hope D. Harbin is a resident of Alabama.

5. The amount in controversy between the parties exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332.

7. Harbin's has transacted business in Michigan in connection with the matters giving rise to this suit.

8. Harbin's owners, officers, employees, and/or agents have, *inter alia*, knowingly contracted with Steelcase, a Michigan company; traveled to Michigan to transact business with Steelcase; placed telephone calls and sent electronic and paper correspondence to Michigan to transact business with Steelcase; placed orders to Steelcase for the production of product within Michigan and the shipment of goods from Michigan; and remitted payments to Michigan. Harbin's failure to pay Steelcase amounts due, as alleged below, has caused financial harm to Steelcase within Michigan.

9. This Court has personal jurisdiction over defendant Harbin's pursuant to Mich. Comp. Laws §600.715.

10. Michael G. Harbin and Hope D. Harbin executed written guaranties in favor of Steelcase by which they guaranteed payment by Harbin's of Harbin's obligations to Steelcase. The written guaranties (the "Guaranties") are attached as Exhibits B and C. In these Guaranties, Michael G. Harbin and Hope D. Harbin consented to the personal jurisdiction of this Court.

11. Venue is proper in this Court and District pursuant to 28 U.S.C. §1391.

12. Steelcase manufactures and sells office furniture.

13. Steelcase generally distributes its products to end-customers through a world-wide network of dealers, which are typically companies owned by third parties. Dealers buy Steelcase's products from Steelcase and resell those products to end-customers.

14. Harbin's was a Steelcase dealer.

15. As is true with most of its dealers, Steelcase did not have a written master contract with Harbin's that governed the overall dealer relationship between the parties.

16. Individual contracts of sale between Steelcase and Harbin's are memorialized by purchase orders submitted by Harbin's to Steelcase and related documents.

### COUNT I – BREACH OF CONTRACT
### AGAINST HARBIN'S, INC.

17. Steelcase incorporates by reference the allegations in paragraphs 1 through 16 above.

18. Steelcase has entered into written contracts for the sale of goods with Harbin's.

19. Harbin's promised to pay for the goods specified in the contracts with Steelcase.

20. Steelcase has fully performed such contracts by delivering to defendant Harbin's the goods specified in the contracts.

3

21. Payment from Harbin's is due to plaintiff Steelcase under the terms of the contracts, together with interest on the unpaid amounts.

22. Harbin's owes Steelcase the amount of Three Hundred Forty-Five Thousand Twenty-Seven and 04/100 Dollars ($345,027.04) for product as of November 24, 2003.

23. Harbin's owes Steelcase the additional amount of Twenty-Three Thousand Two Hundred Twelve and 74/100 Dollars ($23,212.74) as interest on the unpaid amounts for product as of November 24, 2003.

24. The total amount due and owing from Harbin's to Steelcase on open account, over and above all set-offs and legal counterclaims, is Three Hundred Sixty-Eight Thousand Two Hundred Thirty-Nine and 78/100 Dollars ($368,239.78), as set forth in the Affidavit of James Van Dyk On Open Account attached hereto as Exhibit A, together with subsequently accrued interest.

25. Harbin's has refused to pay Steelcase the amounts due as alleged above.

WHEREFORE, plaintiff Steelcase Inc. respectfully prays that this Court award judgment in favor of plaintiff Steelcase, and against defendant Harbin's Inc. in the amounts alleged above, together with additional accrued pre- and post-filing interest and the costs of this action.

### COUNT II – ENFORCEMENT OF GUARANTIES AGAINST DEFENDANTS MICHAEL G. HARBIN AND HOPE D. HARBIN

26. Steelcase incorporates by reference the allegations in paragraphs 1 through 25 above.

4

27. On June 10, 1993 and August 4, 1993, defendants, Michael G. Harbin and Hope D. Harbin, executed written guaranties (the "Guaranties") wherein they unconditionally guaranteed to fully and promptly pay and perform all existing and future obligations of defendant Harbin's to Steelcase. Copies of those fully executed Guaranties are incorporated by reference and attached as Exhibits B and C to this Complaint.

28. The Guaranties given by Michael G. Harbin and Hope D. Harbin to Steelcase are valid and enforceable by their terms.

29. Under the terms of the Guaranties, the obligation of Michael G. Harbin and Hope D. Harbin to Steelcase continues as to any and all indebtedness of defendant Harbin's until written notice of termination.

30. To date, neither Michael G. Harbin nor Hope D. Harbin have given to Steelcase any written notice of termination.

31. Michael G. Harbin and Hope D. Harbin are obligated under the Guaranties to pay to Steelcase the amount due from defendant Harbin's as alleged above, together with further accrued interest and the cost of collections, including attorneys' fees.

WHEREFORE, Plaintiff respectfully requests Judgment in its favor and against defendants Michael G. Harbin and Hope D. Harbin, jointly and severally, in the principal amount of Three Hundred Forty-Five Thousand Twenty-Seven and 04/100 Dollars ($345,027.04) plus further accrued interest, cost of collection and attorneys' fees.

## COUNT III — PIERCING THE CORPORATE VEIL
## AGAINST MICHAEL G. HARBIN

32. Steelcase incorporates by reference the allegations in paragraphs 1 through 31 above.

33. At all relevant times, Michael Harbin was the sole corporate officer, director, and dominant shareholder of Harbin's.

34. At all relevant times, Michael Harbin controlled Harbin's. He controlled all aspects of its business and financial operations, and he had full control over all of the corporation's assets.

35. From on or before January 1, 2001 until Harbin's ceased operations in approximately April, 2004, Michael Harbin intermingled his personal finances and assets and the finances and assets of other business entities that he owned in whole or in part with the finances and assets of Harbin's.

36. From on or before January 1, 2001 until Harbin's ceased operations in approximately April, 2004, Michael Harbin took money from Harbin's for his own personal use, in disregard of the corporate existence of Harbin's.

37. From on or before January 1, 2001 until Harbin's ceased operations in approximately April, 2004, Michael Harbin conducted the business of Harbin's in complete disregard of its corporate existence and in a manner that suited his own personal convenience.

38. If Michael Harbin ever maintained corporate records for Harbin's, he did not safeguard those records, and by his own admission they no longer exist.

39. Mr. Harbin's failure to maintain or retain corporate records gives rise to a presumption that they would show lack of adherence to required corporate formalities.

40. Michael Harbin personally guaranteed the debts of Harbin's.

41. Harbin's was an undercapitalized business without sufficient assets or resources to conduct the business in which it was engaged.

42. Harbin's is now a defunct entity, no longer in operation, with no assets and unable to pay its debts.

43. Michael Harbin so controlled and operated Harbin's for his own personal interest and in such disregard for its corporate existence that Harbin's was in fact simply the alter ego of Michael Harbin.

44. In view of Michael Harbin's disregard of the formalities of Harbin's corporate existence, an adherence to the fiction of such separate corporate existence of Harbin's would result in injustice to Steelcase.

45. Michael Harbin is therefore personally responsible for Harbin's indebtedness to Steelcase and is therefore personally liable to Steelcase in the amount of the judgment against Harbin's in the principal amount of Three Hundred Forty-Five Thousand Twenty-Seven and 04/100 ($345,027.04), together with accrued interest.

WHEREFORE, Plaintiff respectfully requests Judgment in its favor and against defendant Michael G. Harbin, in the principal amount of Three Hundred Forty-Five Thousand Twenty-Seven and 04/100 ($345,027.04) plus additional accrued pre- and post-filing interest, costs of collection, and attorneys' fees.

7

|  |  |
|---|---|
|  | MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.<br>Attorneys for Plaintiff Steelcase Inc. |
| Dated: March 1, 2005 | By   /s/ Sara G. Lachman<br>    Jon G. March (P17065)<br>    Sara G. Lachman (P67523)<br>Business Address:<br>    250 Monroe Avenue, N.W., Suite 800<br>    PO Box 306<br>    Grand Rapids, Michigan 49501-0306<br>Telephone: (616) 831-1700 |