UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| STEELCASE INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-26 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| HARBIN'S, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REGARDING SETTLEMENT CONFERENCE**

The parties have been directed to appear before me for a settlement conference on **Fri., May 27, 2005, at 10:00 a.m.** The conference shall take place in Room 685, Ford Federal Building, Grand Rapids, Michigan. Trial counsel shall be present accompanied by the client (if an individual) or an officer of the client with full authority to negotiate a settlement (if a corporation or other entity). Defendants who are officers or agencies of state government must be represented in person by an individual, in addition to the Assistant Attorney General, with authority to negotiate a settlement. If the defense is controlled by an insurance company, a representative of the insurer shall also be present. **Failure of counsel to be accompanied by an appropriate client representative with actual authority to settle may result in the imposition of sanctions or a citation for contempt of court.**

Three business days before the conference, each attorney shall submit to me a confidential letter concerning settlement. A copy need not be provided to any other party. All

information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses; (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement.

All settlement letters shall be delivered or mailed directly to me at 685 Ford Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan 49503, and should not be directed to the Clerk's Office.

DONE AND ORDERED this 27th day of April, 2005.

/s/ Joseph G. Scoville
U. S. Magistrate Judge