UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

       Defendants.

_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## **PLAINTIFF STEELCASE INC.'S BRIEF IN SUPPORT OF MOTION TO STRIKE MICHAEL G. HARBIN'S AFFIRMATIVE DEFENSE**

### Introduction

This case is about a substantial debt owed to Steelcase Inc. ("Steelcase") by Harbin's, Inc. ("Harbin's") and guaranteed by Michael G. Harbin ("Michael Harbin") and Hope Harbin Patterson. This motion is in response to Michael Harbin's eleventh-hour attempt to re-write the pleadings to assert a previously waived affirmative defense.

Plaintiff Steelcase filed its Complaint against Harbin's on January 14, 2004 and then filed its First Amended Complaint on October 4, 2004, adding Michael Harbin and Hope Harbin Patterson as defendants in a claim to enforce personal guaranties (the "Guaranties"). Michael Harbin timely answered the First Amended Complaint, and asserted four affirmative defenses, none of which related to any claim of fraudulent inducement by Steelcase to gain Michael Harbin's execution of the

Guaranties. (See **Exhibit A**, Michael Harbin's Answer to Plaintiff's First Amended Complaint.)

This Court's Case Management Order, issued December 17, 2004, listed the deadline to amend pleadings as February 1, 2005. On January 19, 2005, Steelcase filed a motion to amend the Case Management Order to extend the deadline to amend pleadings to March 1, 2005. Without a ruling from this Court, on March 1, 2005, Steelcase filed a motion for leave to amend its complaint to add a count to pierce the corporate veil against Michael Harbin. On April 4, 2005, this Court ruled in favor of Steelcase by extending the deadline to amend pleadings to March 1, 2005. Shortly after, on April 8, 2005, this Court granted leave for Steelcase to amend its complaint and deemed the proposed Second Amended Complaint submitted on March 1, 2005 effectively and timely filed.

Michael Harbin answered the allegations raised in Steelcase's Second Amended Complaint on April 22, 2004. Yet, in his Answer Michael Harbin also asserted, for the first time — subsequent to the close of discovery, after the deadline to amend pleadings, and without leave from this Court — an additional affirmative defense <u>not responsive to the amendment</u> to the complaint to which he was responding but rather responsive to the original count against him to enforce the Guaranties. In Affirmative Defense No. 5, Michael Harbin's claims "[the Guaranties] are not enforceable against [Michael] Harbin because Steelcase fraudulently induced Harbin to execute them." (**Exhibit B**, Michael Harbin's Answer to Plaintiff's Second Amended Complaint.)

As explained below, this affirmative defense must be stricken under Fed. R. Civ. P. 8(c), 12(f), and 15(a) ("Rules 8(c), 12(f), and 15(a)"). This affirmative defense

is not, as it must be, tailored to respond to new allegations in the Second Amended Complaint. It is instead an improper attempt by Michael Harbin to rewrite the pleadings after the deadline to amend pleadings has passed in terms that fit Michael Harbin's latest theme of the case.

## ARGUMENT

I. **The Proposed Affirmative Defense No. 5 Must Be Stricken Under Rule 12(f) And Rule 15(a) Because They Are Not Properly Before The Court.**

This Court should strike Michael Harbin's Affirmative Defense No. 5 under FED. R. CIV. P. 12(f) because this amended pleading is not properly before the Court. FED. R. CIV. P. 12(f) (stating "[a] party may move to strike from a pleading 'any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"); *see Miller Bros. v. C-E Natco Combustion Eng'g, Inc.*, No. 1:88-CV-785, 1991 U.S. Dist. LEXIS 3224, *4 (W.D. Mich. March 19, 1991) (J. Enslen). Numerous courts have held that <u>a defendant does not automatically have the right to amend its affirmative defenses just because the plaintiff amended its complaint</u>. *Gilmore v. Shearson/American Express*, 811 F.2d 108, 112 (2nd Cir. 1987). Rather, if the new affirmative defense does not relate to the allegations in the complaint that were amended, Defendant must seek leave under Rule 15 to amend its affirmative defenses. *OY Tilgmann, AB v. Sport Publishing Int'l, Inc.*, 110 F.R.D. 68, 70 (E.D. Pa. 1986).

Rule 15 is clear: at this advanced state of litigation, a party may amend its pleadings "<u>only by leave of court</u> or by written consent of the adverse party . . ." and only upon a showing that "justice . . . requires" that leave to amend be granted. FED. R. CIV. P. 15(a) (emphasis added). The Rule applies to changes to previous answers and it applies to affirmative defenses that were not raised in a parties' first responsive pleading. *Kelly*

3

*v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1452 (W.D. Mich. 1989) (regarding affirmative defenses).

Michael Harbin has complied with neither requirement; his Affirmative Defense was not filed by stipulation or motion. Nor has Michael Harbin made the requisite showing that justice requires the amendment. Yet, Michael Harbin's Affirmative Defense No. 5 contains substantial changes to Michael Harbin's pleadings that are beyond the scope of the amendments included in the Second Amended Complaint. As such, the Affirmative Defense No. 5 is not properly before the Court and must be stricken. *See Oy Tilgmann, AB*, 110 F.R.D. at 70-71 (striking defendant's answer to an amended complaint under Rule 15(a) because, beyond answering amended allegations, the defendant changed "nearly every paragraph of its original answer, and added eight new affirmative defenses.").

## II. Affirmative Defense No. 5 Must Be Stricken Because It Has Been Waived And Cannot Be "Revived."

FED. R. Civ. P. 8(c) requires a party to set forth affirmative defenses in its answer. The Rule provides:

> (c) **Affirmative Defenses**. In pleading to a proceeding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, **fraud**, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense. [FED. R. CIV. P. 8(c) (emphasis added).]

The purpose of Rule 8(c) is to "avoid surprise and undue prejudice to the plaintiff by providing [ ] notice and the opportunity to demonstrate why the defense should not prevail." *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 350; 91 S.Ct. 1434, 1453; 28 L. Ed. 2d 788 (1971); *Venters v. City of Delphi*, 123

4

F.3d 956, 967 (7th Cir. 1997). For this reason, generally the failure to plead an affirmative defense in the first responsive pleading "results in a waiver of that defense and its exclusion from the case." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *see also Haskell v. Washinton Township*, 864 F.2d 1266, 1273 (6th Cir. 1988); 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1278 (1990). An affirmative defense is waived when it is known, or should have been known, to a party but is not asserted at that time.

In this case, Affirmative Defense No. 5 regards the enforceability of the Guaranties by adding the defense that "Steelcase fraudulently induced Harbin to execute [the Guaranties]." (**Exhibit B**, Michael Harbin's Answer to Plaintiff's Second Amended Complaint.) This is expressly identified as an affirmative defense under Rule 8(c). This defense was not asserted in Michael Harbin's first responsive pleading. (See **Exhibit A**, Michael Harbin's Answer to Plaintiff's First Amended Complaint.) Yet, to the extent that Michael Harbin believes this defense to be valid, this defense was known or should have been known to Michael Harbin when he filed his Answer or at least by the close of discovery on March 31, 2005. *See Rowly v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) (rejecting the defendant's attempt to "revive" an affirmative defense by pleading it in answer to an amended complaint because "an amendment to the pleadings permits the responding pleader to assert only such of those defenses . . . as were not available at the time of his responses to the initial pleading."); *Lederman v. United States*, 131 F. Supp. 2d 46, 58 (D.D.C. 2001) (the filing of an amended pleading will not revive the right to present defenses that were available but were not asserted in a timely fashion prior to the amendment) (citing Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE &

5

PROCEDURE § 1388 (1990); *United States Fire Ins. Co. v. City of Warren*, 176 F. Supp. 2d 728, 731 (E.D. Mich. 2001) (refusing to allow amended affirmative defense where "any facts underlying that defense should have been well known to Defendant when Plaintiff brought this action.") Based on the above, these defenses have been waived.

                        Respectfully submitted,

                        MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
                        Attorneys for Plaintiff, Steelcase Inc.

Dated: April 27, 2005        By  /s/ Sara G. Lachman
                              Jon G. March (P17065)
                              Sara G. Lachman (P67523)
                        Business Address:
                              250 Monroe Avenue, N.W., Suite 800
                              PO Box 306
                              Grand Rapids, Michigan  49501-0306
                        Telephone:  (616) 831-1700