UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

       Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

---

MILLER, JOHNSON, SNELL &
CUMMISKEY, P. L. C.
Jon G. March (P17065)
Attorneys for Plaintiff
250 Monroe Avenue, N. W. - Ste 800
P. O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

SILVERMAN, SMITH & RICE, P.C.
Robert W. Smith (P31192)
Attorneys for Defendant Michael G. Harbin
151 S. Rose Street
707 Comerica Building
Kalamazoo, MI 49007
(269) 381-2090

HOPE D. HARBIN - PATTERSON (now
HOPE DUNCAN PATTERSON)
Defendant in Pro Per
4514 Chamblee Dunwoody Rd., 238
Atlanta, GA 30338-6202

---

### DEFENDANT MICHAEL G. HARBIN'S
### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Michael Harbin ("Harbin"), by and through his attorneys SILVERMAN,

SMITH & RICE, P.C., answer Plaintiff's Second Amended Complaint as follows:

1.    Plaintiff Steelcase, Inc. ("Steelcase") is a Michigan corporation with its principal place of business in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

2. Defendant Harbin's Inc. ("Harbin's") is an Alabama corporation with its principal place of business in Alabama.

**ANSWER: Admitted.**

3. Defendant Michael G. Harbin is a resident of Alabama.

**ANSWER: Denied for the reason that it is untrue.**

4. Defendant Hope D. Harbin is a resident of Alabama.

**ANSWER: Denied for the reason that it is untrue.**

5. The amount in controversy between the parties exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

**ANSWER: Admitted for jurisdictional purposes only.**

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

**ANSWER: Admitted.**

7. Harbin's has transacted business in Michigan in connection with the matters giving rise to this suit.

**ANSWER: Admitted.**

8. Harbin's owners, officers, employees, and/or agents have, *inter alia*, knowingly contracted with Steelcase, a Michigan company (sic); traveled to Michigan to transact business with Steelcase; placed telephone calls and sent electronic and paper correspondence to Michigan to transact business with Steelcase; placed orders to Steelcase for the production of product within Michigan and the shipment of goods from Michigan; and remitted payments to Michigan. Harbin's failure to pay Steelcase amounts due, as alleged below, has caused financial harm to Steelcase within Michigan.

**ANSWER: Admitted.**

9. This Court has personal jurisdiction over defendant Harbin's pursuant to Mich. Comp. Laws § 600.715.

**ANSWER: Admitted.**

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint    Page 2    Case No.: 1:04cv0026

10. Michael G. Harbin and Hope D. Harbin executed written guaranties in favor of Steelcase by which they guaranteed payment by Harbin's of Harbin's obligations to Steelcase. The written guaranties (the "Guaranties") are attached as Exhibits B and C. In these Guaranties, Michael G. Harbin and Hope D. Harbin consented to the personal jurisdiction of this Court.

**ANSWER:** Admitted as to execution of the Guaranties attached as Exhibits B and C. As to the content of the Guaranties they speak for themselves.

11. Venue is proper in this Court and District pursuant to 28 U.S.C. § 1391.

**ANSWER:** Admitted.

12. Steelcase manufactures and sells office furniture.

**ANSWER:** Admitted.

13. Steelcase generally distributes its products to end-customers through a world-wide network of dealers, which are typically companies owned by third parties. Dealers buy Steelcase's products from Steelcase and resell those products to end-customers.

**ANSWER:** Neither admitted nor denied for lack of sufficient information upon which to form a belief to the truth thereof.

14. Harbin's was a Steelcase dealer.

**ANSWER:** Admitted.

15. As is true with most of its dealers, Steelcase did not have a written master contract with Harbin's that governed the overall dealer relationship between the parties.

**ANSWER:** Admitted.

16. Individual contracts of sale between Steelcase and Harbin's are memorialized by purchase orders submitted by Harbin's to Steelcase and related documents.

**ANSWER:** Admitted.

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint      Page 3                      Case No.: 1:04cv0026

## COUNT I - BREACH OF CONTRACT
## AGAINST HARBIN'S INC.

17. Steelcase incorporates by reference the allegations in paragraphs 1 through 16 above.

**ANSWER:** Harbin incorporates as his response, his previous responses to ¶¶ 1 through 16 as if fully copied and set forth herein.

18. Steelcase has entered into written contracts for the sale of goods with Harbin's.

**ANSWER:** Admitted.

19. Harbin's promised to pay for the goods specified in the contracts with Steelcase.
1.
**ANSWER:** Admitted.

20. Steelcase has fully performed such contracts by delivering to defendant Harbin's the goods specified in the contracts.

**ANSWER:** Admitted.

21. Payment from Harbin's is due to plaintiff Steelcase under the terms of the contracts, together with interest on the unpaid amounts.

**ANSWER:** Admitted.

22. Harbin's owes Steelcase the amount of Three Hundred Forty-Five Thousand Twenty-Seven and 04/100 Dollars ($345,027.04) for product as of November 24, 2003.

**ANSWER:** Admitted.

23. Harbin's owes Steelcase the additional amount of Twenty-Three Thousand Two Hundred Twelve and 74/100 Dollars ($23,212.74) as interest on the unpaid amounts for products as of November 24, 2003.

**ANSWER:** Admitted.

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint         Page 4                    Case No.: 1:04cv0026

24. The total amount due and owing from Harbin's to Steelcase on open account, over and above all set-offs and legal counterclaims, is Three Hundred Sixty-Eight Thousand Two Hundred Thirty-Nine and 78/100 Dollars ($368,239.78), as set forth in the Affidavit of James Van Dyke On Open Account attached hereto as Exhibit A, together with subsequently accrued interest.

**ANSWER:** Admitted.

25. Harbin's has refused to pay Steelcase the amounts due as alleged above.

**ANSWER:** Denied for the reason that it is untrue.

WHEREFORE, Defendant Michael G. Harbin prays for judgment in his favor plus costs and attorney fees.

## COUNT II - ENFORCEMENT OF GUARANTIES
## AGAINST DEFENDANTS MICHAEL G. HARBIN AND HOPE D. HARBIN

26. Steelcase incorporates by reference the allegations in paragraphs 1 through 25 above.

**ANSWER:** Harbin incorporates as his response, his previous responses to ¶¶ 1 through 25 as if fully copied and set forth herein.

27. On June 10, 1993 and August 4, 1993, defendants, Michael G. Harbin and Hope D. Harbin, executed written guaranties (the "Guaranties") wherein they unconditionally guaranteed to fully and promptly pay and perform all existing and future obligations of defendant Harbin's to Steelcase. Copies of those fully executed Guaranties are incorporated by reference and attached as Exhibits B and C to this Complaint.

**ANSWER:** Admitted as to execution of the Guaranties. The remainder of the allegation is denied for the reason it is untrue.

28. The Guaranties given by Michael G. Harbin and Hope D. Harbin to Steelcase are valid and enforceable by their terms.

**ANSWER:** Denied for the reason that it is untrue.

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint          Page 5          Case No.: 1:04cv0026

29. Under the terms of the Guaranties, the obligation of Michael G. Harbin and Hope D. Harbin to Steelcase continues as to any and all indebtedness of defendant Harbin's until written notice of termination.

**ANSWER:** Denied for the reason that it is untrue.

30. To date, neither Michael G. Harbin nor Hope D. Harbin have given to Steelcase any written notice of termination.

**ANSWER:** Denied for the reason that it is untrue.

31. Michael G. Harbin and Hope D. Harbin are obligated under the Guaranties to pay to Steelcase the amount due from defendant Harbin's as alleged above, together with further accrued interest and the cost of collections, including attorneys' fees.

**ANSWER:** Denied for the reason that it is untrue.

WHEREFORE, Harbin prays for judgment in his favor plus costs and attorney fees.

### COUNT III - PIERCING THE CORPORATE VEIL
### AGAINST MICHAEL G. HARBIN

32. Steelcase incorporates by reference the allegations in paragraphs 1 through 31 above.

**ANSWER:** Harbin incorporates as his response, his previous responses to ¶¶ 1 through 31 as if fully copied and set forth herein.

33. At all relevant times, Michael Harbin was the sole corporate officer, director, and dominant shareholder of Harbin's.

**ANSWER:** Denied for the reason that it is untrue.

34. At all relevant times, Michael Harbin controlled Harbin's. He controlled all aspects of its business and financial operations, and he had full control over all of the corporation's assets.

**ANSWER:** Denied for the reason that it is untrue.

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint          Page 6                    Case No.: 1:04cv0026

35. From on or before January 1, 2001 until Harbin's ceased operations in approximately April, 2004, Michael Harbin intermingled his personal finances and assets and the finances and assets of other business entities that he owned in whole or in part with the finances and assets of Harbin's.

**ANSWER:** Denied for the reason that it is untrue.

36. From on or before January 1, 2001 until Harbin's ceased operations in approximately April, 2004, Michael Harbin took money from Harbin's for his own personal use, in disregard of the corporate existence of Harbin's.

**ANSWER:** Denied for the reason that it is untrue.

37. From on or before January 1, 2001 until Harbin's ceased operations in approximately April, 2004, Michael Harbin conducted the business of Harbin's in complete disregard of its corporate existence and in a manner that suited his own personal convenience.

**ANSWER:** Denied for the reason that it is untrue.

38. If Michael Harbin ever maintained corporate records for Harbin's, he did not safeguard those records, and by his own admission they no longer exist.

**ANSWER:** Denied for the reason that it is untrue.

39. Mr. Harbin's failure to maintain or retain corporate records gives rise to a presumption that they would show lack of adherence to required corporate formalities.

**ANSWER:** Denied for the reason that it is untrue.

40. Michael Harbin personally guaranteed the debts of Harbin's.

**ANSWER:** Admit that Harbin personally guaranteed certain purchase orders as set forth in attachments B and C to Plaintiff's First Amended Complaint. Deny that Harbin personally guaranteed any other debt of Harbin's, Inc. for the reason that it is untrue.

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint        Page 7                    Case No.: 1:04cv0026

41.  Harbin's was an undercapitalized business without sufficient assets or resources to conduct the business in which it was engaged.

**ANSWER:   Denied for the reason that it is untrue.**

42.  Harbin's is now a defunct entity, no longer in operation, with no assets and unable to pay its debts.

**ANSWER:   Admitted.**

43.  Michael Harbin so controlled and operated Harbin's for his own personal interest and in such disregard for its corporate existence that Harbin's was in fact simply the alter ego of Michael Harbin.

**ANSWER:   Denied for the reason that it is untrue.**

44.  In view of Michael Harbin's disregard of the formalities of Harbin's corporate existence, an adherence to the fiction of such separate corporate existence of Harbin's would result in injustice to Steelcase.

**ANSWER:   Denied for the reason that it is untrue.**

45.  Michael Harbin is therefore personally responsible for Harbin's indebtedness to Steelcase and is therefore personally liable to Steelcase in the amount of the judgment against Harbin's in the principal amount of Three Hundred Forty-Five Thousand Twenty-Seven and 04/100 ($345,027.04), together with accrued interest.

**ANSWER:   Denied for the reason that it is untrue.**

WHEREFORE, Harbin prays for judgment in his favor plus costs and attorney fees.

### AFFIRMATIVE DEFENSES

Harbin alleges the following affirmative defenses:

1. The indebtedness to which the guaranties apply has been discharged by payment.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's Count III is barred by the doctrines of waiver, estoppel, and or laches.

Steelcase, Inc. v Michael G. Harbin, et. al.
Defendant Michael G. Harbin's Answer to
Plaintiff's Second Amended Complaint          Page 8          Case No.: 1:04cv0026

4. Plaintiff's claims against Harbin are frivolous and constitute a violation of Fed. R. Civ. Proc. 11, and Harbin is entitled to sanctions as a result.

5. To the extent the guaranties are found to be applicable to any debt other than the specific numbered purchase orders referenced therein, they are not enforceable against Harbin because Steelcase fraudulently induced Harbin to execute them.

6. There is no genuine issue as to any material fact and Harbin is entitled to judgment as a matter of law.

7. Harbin reserves the right to allege additional affirmative defenses learned during the course of discovery.

Dated: April 22, 2005　　　　　　　　SILVERMAN, SMITH & RICE, P.C.
　　　　　　　　　　　　　　　　　　Attorneys for Defendant Michael G. Harbin

　　　　　　　　　　　　　　　　　　/s/ Robert W. Smith
　　　　　　　　　　　　　　　　　　Robert W. Smith (P31192)

**JURY DEMAND.**

Defendant Michael G. Harbin demands trial by jury.

Dated: April 22, 2005　　　　　　　　SILVERMAN, SMITH & RICE, P.C.
　　　　　　　　　　　　　　　　　　Attorneys for Defendant Michael G. Harbin

　　　　　　　　　　　　　　　　　　/s/ Robert W. Smith
　　　　　　　　　　　　　　　　　　Robert W. Smith (P31192)

Steelcase, Inc. v Michael G. Harbin, et. al.
**Defendant Michael G. Harbin's Answer to**
**Plaintiff's Second Amended Complaint**　　　　Page 9　　　　Case No.: 1:04cv0026