UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

STEELCASE INC., a Michigan
corporation,

      Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

      Defendants.
_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

# PLAINTIFF STEELCASE INC.'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

**\*\*ORAL ARGUMENT REQUESTED\*\***

# Table of Contents

Page

Index of Authorities .................................................................................................................. ii

Introduction ...............................................................................................................................1

Statement of Undisputed Facts .................................................................................................1

The Present Motion For Partial Summary Judgment ................................................................2

Law & Argument .......................................................................................................................3

I. STANDARD OF REVIEW. .........................................................................................3

II. MICHIGAN LAW APPLIES ........................................................................................4

III. UNDISPUTED LEGAL PRINCIPLES APPLICABLE TO CONTRACT INTERPRETATION ......................................................................................................5

    A. The Intention Of The Parties Should Be Construed From The Plain Language Of The Guaranties. .............................................................................5

    B. If A Contract Fairly Admits To But One Interpretation, It Is Not Ambiguous. .................6

    C. In Interpreting A Contract A Court Must Give Meaning And Effect To Each Contract Provision. ..........................................................................................7

IV. APPLYING THE LEGAL PRINCIPLES OF CONTRACT INTERPRETATION TO THE GUARANTIES AT ISSUE HERE, IT IS CLEAR THAT THE GUARANTIES ARE ENFORCEABLE AND REMAIN IN EFFECT UNTIL THEY ARE TERMINATED BY WRITTEN NOTICE .................................................................8

    A. The Guaranties Are Unambiguous, And Their Terms Are Internally Consistent And Completely Reconcilable. ..................................................................8

    B. Defendants' Asserted Interpretation Requires The Court To Ignore Or Delete Paragraph 4. .................................................................................................10

    C. Parol Evidence Of The Parties' Intent Or Prior Or Contemporaneous Statements Is Not Admissible To Determine The Scope Of The Facially Unambiguous Guaranties. ...11

    D. The Guaranties Are Fully Integrated And Facially Unambiguous So That Parol Evidence Is Inadmissible To Determine Their Scope. ..................................................12

Conclusion ...............................................................................................................................13

# Index of Authorities

Page

CASES

*Allstate Ins. Co. v. Goldwater*, 163 Mich. App. 646; 415 N.W.2d 2 (1987)..................................7

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242; 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ..............4

*Associated Indem. Corp. v. Dow Chem. Co.*, 935 F.2d 800 (6th Cir. 1991)..........................7, 8, 11

*Associated Truck Lines v. Baer*, 364 Mich. 106; 77 NW2d 384 (1956)....................................7, 8

*Banque de Depots v. Nat'l Bank of Det.*, 491 F.2d 753 (6th Cir. 1974) .......................................12

*Brauer v. Hobbs*, 151 Mich. App. 769; 391 N.W.2d 482 (1986).................................................11

*Burkhardt v. Bailey*, 260 Mich. App. 636; 680 N.W.2d 453 (2004) .......................................6, 12

*Celotex Corp. v. Catrett*, 477 U.S. 317; 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)..........................3

*Cincinnati Ins. Co. v. Zen Design Group, Ltd.*, 329 F.3d 546 (6th Cir. 2003)................................7

*Dillon v. DeNooyer Chevrolet Geo*, 217 Mich. App. 163; 550 N.W.2d 846 (1996)......................6

*First Nat'l Bank of Ypsilanti v. Redford Chevrolet Co.*, 270 Mich. 116; 258 N.W.2d 221 (1935) ...........................................................................................................................5

*Gary Boat Club, Inc. v. Oselka*, 31 Mich. App. 465; 188 N.W.2d 127 (1971)..............................6

*Hanover Ins. Co. v. American Engineering Co.,* 33 F.3d 727 (6th Cir.1994)................................3

*Heritage Broadcasting Co. v. Wilson Communications Inc.*, 170 Mich. App. 812; 428 N.W.2d 784 (1988)...............................................................................................................12

*Hidrofiltros v. Rexair, Inc.*, 355 F.3d 927, (6th Cir. 2004) ......................................................6, 10

*Industrial Maxfreight Services, L.L.C. v. Tenneco Automotive Operating Co.,* 182 F.Supp.2d 630 (W.D. Mich. 2002) ...........................................................................................4

*Int'l Union v. BVR Liquidating, Inc.*, 190 F.3d 768 (6th Cir. 1999)...................................7, 10, 11

*Kipin Indus., Inc. v. VanDeilen Intern.*, Inc.,182 F.3d 490 (6th Cir. 1999)..................................4

*Klapp v. United Ins. Group Agency, Inc.*, 468 Mich. 459; 663 N.W.2d 447 (2003) ....................11

*Lilley v. BTM Corp.*, 958 F.2d 746 (6th Cir. 1992) .................................................................6, 12

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574; 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ........................................................................................................3

*Michigan Chandelier Co. v. Morse*, 297 Mich. 41; 297 N.W. 64 (1941)..............................11, 12

*Mid America Mgmt. Corp. v. Dep't of Treasury*, 153 Mich. App. 446; 395 N.W.2d 702 (1986) ...........................................................................................................................4

*Morley v. Automobile Club of Michigan*, 458 Mich. 459; 581 N.W.2d 237 (1998)......................4

*Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448 (6th Cir. 2003) .......................... 7

*Old Kent Bank v. Sobczak*, 243 Mich. App. 57; 620 N.W.2d 663 (2000) ..................................... 6

*Parrett v. American Ship Building Co.*, 990 F.2d 854, 858 (6th Cir. 1993) ................................... 4

*Pierson Sand & Gravel, Inc. v. Pierson Twp.*, 851 F. Supp. 850, 858 (W.D. Mich. 1994) ............ 6

*Quisle v. Brezner*, 212 Mich. 254, 257, 180 N.W. 467 (1920) ..................................................... 11

*Raska v. Farm Bureau Mut. Ins. Co. of Mich.*, 412 Mich. 355; 314 N.W.2d 440 (1982) .............. 7

*Roosevelt Park Protestant Reformed Church v. London*, 293 Mich. 547; 292 N.W. 486 (1940) ........................................................................................................................... 11, 12

*Ruffin v. Mercury Record Productions, Inc.*, 513 F.2d 222 (6th Cir. 1975) ................................. 13

*Smith v. Physicians Health Plan*, 444 Mich. 743; 514 N.W.2d 150 (1994) .................................. 6

*Stine v. Continental Cas. Co.*, 419 Mich. 89; 349 N.W.2d 127 (1984) ......................................... 6

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989) ........................................................ 4

*Terry Barr Sales Agency v. All-Lock Co., Inc.*, 96 F.3d 174 (6th Cir. 1996) ................................. 6

*UAW-GM Human Resource Ctr v. KSL Recreation Corp.*, 228 Mich. App. 486; 579 NW.2d 411 (1998) ................................................................................................................. 11

RULES

Fed. R. Civ. P. 56(c) .................................................................................................................. 3, 13

Restatement (Second) of Conflict of Laws ................................................................................ 4, 5

**Introduction**

Plaintiff Steelcase Inc. ("Steelcase") seeks to enforce two personal guaranties (the "Guaranties") signed by defendants Michael Harbin and Hope Harbin Patterson in which they guaranteed to pay for all existing and future indebtedness of Harbin's, Inc. unless and until they gave Steelcase written notice of the termination of the Guaranties.

Courts are to give effect to the plain language of guaranties where the language is unambiguous without giving consideration to the subjective intent of the parties or any prior or contemporaneous agreements or statements as to the scope of the guaranties. Because here the plain language of the Guaranties is unambiguous, Steelcase moves this Court to hold that the Guaranties are, as they expressly state, of a continuing nature and extend to all existing and future indebtedness, which would include the debt currently owed by Harbin's, Inc. to Steelcase in the amount of Three Hundred Eight-Five Thousand Two Hundred Sixty-Five and 79/100 ($385,275.79), plus subsequently accrued interest, as granted in a Default Judgment entered by this Court on December 1, 2004.

**Statement of Undisputed Facts**

The facts upon which plaintiff's Motion for Partial Summary Judgment is based are largely undisputed in the pleadings.

Plaintiff Steelcase manufactures and sells office furniture. (Answer of Michael Harbin's to Second Amended Complaint, ¶ 12.) Defendant Harbin's, Inc. is a former Steelcase dealer. (*Id.* at ¶ 14.) Defendant Harbin's, Inc. owed Steelcase for unpaid product and interest as of November 24, 2003 in the total amount of $368,239.78. (*Id.*, ¶¶ 22, 23, and 24.) On December 1, 2004, this Court entered a Default Judgment against Harbin's, Inc. in the amount of $385,275.79 (which included further accrued interest and costs). No amount of that judgment has been paid by Harbin's, Inc.

1

On June 10, 1993, defendants Michael Harbin and Hope D. Harbin (now Patterson) each executed a written Guaranty in favor of Steelcase. (Hope D. Harbin was then married to Michael Harbin, but they have subsequently divorced.) On August 4, 1993, Michael Harbin and Hope D. Harbin executed a second Guaranty in favor of Steelcase. Steelcase has now sued on those two Guaranties in this lawsuit. Copies of the two Guaranties are attached as exhibits to Steelcase's First Amended Complaint and are also attached as exhibits to this Motion for Partial Summary Judgment.

While the legal interpretation and scope of the two Guaranties are disputed by Michael Harbin and Hope D. Harbin, it is not disputed that they executed the Guaranties. Michael Harbin has expressly admitted the execution of the Guaranties by both himself and his former wife. (Answer of Michael Harbin to Second Amended Complaint, ¶ 27.) While defendant Hope D. Harbin's admission of having executed the Guaranties is not as express as her former husband's admission, a fair reading of her Answer to the First Amended Complaint indicates that she did execute the two Guaranties in question. See, for example, her answers to paragraphs 24, 27, and 28, in which she states she "did not sign any <u>other</u> guaranties" (emphasis added), and paragraph 28 where she states she ". . . did not intend for any guaranties to be continuing."

### The Present Motion For Partial Summary Judgment

At issue before the Court in Steelcase's Motion for Partial Summary Judgment is the legal interpretation of the two written Guaranties. As will be discussed at length in the argument section below, paragraph 4 of each Guaranty expressly makes the Guaranty continuing and applicable to all future indebtedness until written notice of termination is received by Steelcase. While another paragraph of each Guaranty refers to specific purchase orders that

2

Steelcase admits have been paid, that reference does not negate the continuing nature of each Guaranty as to other indebtedness.

It is a disputed question of fact as to whether Michael Harbin ever submitted to Steelcase a written termination notice. (Hope D. Harbin has only recently submitted a termination notice, so presumably she does not contend that she submitted a termination notice earlier.) A trial will be necessary to resolve that fact question. But as set forth below, the interpretation of the Guaranty and their scope is a question of law for the Court. The Guaranties are clear and unambiguous. Defendants' contention that the Guaranties are no longer enforceable because the specified purchase orders were paid is simply wrong as a matter of law. Count II of plaintiff Steelcase Inc.'s Amended Complaint should proceed to trial on the sole issue of whether each defendant gave the required written notice of termination.

## Law & Argument

### I. STANDARD OF REVIEW.

This Court has explained that under FED. R. CIV. P. 56(c):

> . . . summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
>
> On summary judgment, all reasonable inferences drawn from the evidence must be viewed in the light most favorable to the parties opposing the motion." *Hanover Ins. Co. v. American Engineering Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citing *Matsushita*, 475 U.S. at 586-88, 106 S.Ct. 1348). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not

3

> sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id*. *See generally, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir.1989).

*Industrial Maxfreight Services, L.L.C. v. Tenneco Automotive Operating Co.,* 182 F. Supp. 2d 630, 634 (W.D. Mich. 2002) (Bell, J.).

Here, the issue before the Court is the interpretation of an unambiguous contract, which is a question of law. *Parrett v. American Ship Building Co.*, 990 F.2d 854, 858 (6th Cir. 1993); *Morley v. Automobile Club of Michigan*, 458 Mich. 459, 465; 581 N.W.2d 237 (1998). It is only where the language is ambiguous or incomplete that the substance of the parties' agreement is a question of fact for determination of the fact finder at trial. *Mid America Mgmt. Corp. v. Dep't of Treasury*, 153 Mich. App. 446, 459; 395 N.W.2d 702 (1986). Where a contract is unambiguous, summary judgment is appropriate. *See Parrett*, 990 F.2d at 858.

## II. <u>MICHIGAN LAW APPLIES</u>

In a diversity action, federal courts apply the choice-of-law rules of the forum state -- in this case, Michigan. *See Kipin Indus., Inc. v. VanDeilen Int'l, Inc.¸*182 F.3d 490, 493 (6th Cir. 1999). In resolving choice of law issues for contract-based claims, Michigan courts follow §§ 187 and 188 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS. *Id*.

"Section 187 applies . . . when the parties have selected a state to supply the governing law." *Id*. Paragraph 9 of the Guaranties that Steelcase seeks to enforce each state that "[t]his Guaranty shall be construed according to the laws of the State of Michigan, in which state it shall be performed by the undersigned." Due to the choice of law provision in the Guaranties, § 187 applies.

Section 187 provides that:

4

> [T]he law of the state chosen by the parties to govern their contractual rights and duties will be applied" unless (1) there is no substantial relationship between the chosen state and the contract or other reasonable basis for the state's selection or (2) the application of the chosen state's law would violate a fundamental policy of a state which has a materially greater interest in the disputed issue and which would have supplied the governing law in the absence of the parties' selection.

*Kiplin, supra* at 493 (quoting, in part, RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 187(2) (1988 Revision)).

Michigan has a significant relationship to the parties' transaction, and there is a reasonable basis for the choice of law selection. The Guaranties pertained to the debts owed to a Michigan corporation and were entered into to benefit a corporation with significant contacts to Michigan, as noted by this Court in its Opinion on personal jurisdiction and proper venue in this case. (See Order Denying Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, Docket No. 19.) In short, the creditor is located in Grand Rapids, the products underlying the indebtedness were shipped from here, and the consequences of the defendants' failure to pay on the Guaranties are primarily felt in West Michigan. Thus, there is a reasonable basis for the Guaranties' choice of law selection, and therefore, for purposes of this motion, the Court should apply Michigan law.

### III. UNDISPUTED LEGAL PRINCIPLES APPLICABLE TO CONTRACT INTERPRETATION

#### A. The Intention Of The Parties Should Be Construed From The Plain Language Of The Guaranties.

Contracts of guaranty are to be construed like all other contracts, (*First Nat'l Bank of Ypsilanti v. Redford Chevrolet Co.*, 270 Mich. 116, 121; 258 N.W.2d 221 (1935)); and like all other contracts, the cardinal rule of interpretation is to give effect to the parties' intent at the time of contracting. *Terry Barr Sales Agency v. All-Lock Co., Inc.*, 96 F.3d 174, 179 (6th Cir.

5

1996); *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63, 620 N.W.2d 663 (2000). To determine and enforce the intent of the parties, the Court must apply the <u>plain language</u> of the agreement itself. *Lilley v. BTM Corp.*, 958 F.2d 746, 751-752 (6th Cir. 1992) (applying Michigan law); *Smith v. Physicians Health Plan*, 444 Mich. 743, 759, 514 N.W.2d 150 (1994). Unambiguous language is usually dispositive on the issue of the parties' intention, and <u>courts will not depart from the plain meaning of a contract</u>. *Dillon v. DeNooyer Chevrolet Geo*, 217 Mich. App. 163, 166; 550 N.W.2d 846 (1996); *see Gary Boat Club, Inc. v. Oselka*, 31 Mich. App. 465, 471-72; 188 N.W.2d 127 (1971) (holding that when a contract does not contravene a principle of public policy and contains no element of ambiguity, the court has no right, by process of interpretation, to relieve one of them from any disadvantageous terms that have been made). "If the contract terms are not ambiguous, then <u>contradictory inferences</u> that may be drawn are <u>subjective and irrelevant</u>." *Hidrofiltros v. Rexair, Inc.*, 355 F.3d 927, 930 (6th Cir. 2004) (quoting *Pierson Sand & Gravel, Inc. v. Pierson Twp.*, 851 F. Supp. 850, 858 (W.D. Mich. 1994)(emphasis added). In short, courts must enforce the contract terms <u>as they are written</u> unless its ambiguity can be shown. *Stine v. Continental Cas. Co.*, 419 Mich. 89, 112; 349 N.W.2d 127 (1984); *see Burkhardt v. Bailey*, 260 Mich. App. 636, 656-57; 680 N.W.2d 453 (2004) (holding courts must enforce contracts as written, and that the judiciary may not rewrite contracts on the basis of discerned "reasonable expectations" of the parties because to do so 'is contrary to the bedrock principle of American contract law that parties are free to contract as they see fit.")

> **B.    If A Contract Fairly Admits To But One Interpretation, It Is Not Ambiguous.**

A contract is unambiguous when reasonable persons could not differ with respect to the application of a term or phrase. *Allstate Ins. Co. v. Goldwater*, 163 Mich. App. 646, 649;

6

415 N.W.2d 2 (1987). Put another way, contracts are ambiguous only when the "'terms are reasonably and fairly susceptible to multiple understandings and meanings.'" *Cincinnati Ins. Co. v. Zen Design Group, Ltd.*, 329 F.3d 546, 553 (6th Cir. 2003) (citations omitted) (applying Michigan law). However, if a contract, though "inartfully worded or clumsily arranged, <u>fairly admits of but one interpretation</u>, it may not be said to be ambiguous or fatally unclear." *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 455 (6th Cir. 2003) (quoting *Raska v. Farm Bureau Mut. Ins. Co. of Mich.*, 412 Mich. 355, 362, 314 N.W.2d 440, 441 (1982)) (emphasis added).

    **C.    In Interpreting A Contract A Court Must Give Meaning And Effect To Each Contract Provision.**

Any interpretation that renders a term or provision of the contract meaningless or nugatory does not constitute a viable interpretation for purposes of determining whether the contract is ambiguous. *See Associated Indem. Corp. v. Dow Chem. Co.*, 935 F.2d 800, 803-04 (6th Cir. 1991). In fact, the Sixth Circuit has held that Michigan law wholly "<u>reject[s] an interpretation of a contract that 'render[s] [a] provision meaningless and without purpose</u>." *Associated Indem. Corp. v. Dow Chem. Co.*, 935 F.2d 800, 803-04 (6th Cir. 1991) (quoting *Associated Truck Lines v. Baer*, 364 Mich. 106, 110, 77 NW2d 384 (1956)) (emphasis added). Thus, in construing a contract, a court must select the construction that gives meaning and effect to each provision of the contract so that no part of the contract is rendered surplusage. *Id.* In sum, if any proposed interpretation of a contract would render a term or provision meaningless or nugatory, then that interpretation: 1) must be rejected as a matter of law; and 2) cannot justify a finding that the contract is ambiguous. *See Int'l Union v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999) (holding that terms of a contract "must be construed so as to render none nugatory and avoid illusory promises.") And the inverse is that if there is only one interpretation

7

of a contract that allows all terms to be given effect, then the contract cannot be said to be ambiguous, and the Court must not look outside of the four corners of the agreement but rather enforce the plain language of the terms as a matter of law. *See Id.*; *Associated Indemnity Corp.*, 935 F.2d at 803; *Associated Truck Lines*, 364 Mich. at 110, 77 NW2d 384.

IV. **APPLYING THE LEGAL PRINCIPLES OF CONTRACT INTERPRETATION TO THE GUARANTIES AT ISSUE HERE, IT IS CLEAR THAT THE GUARANTIES ARE ENFORCEABLE AND REMAIN IN EFFECT UNTIL THEY ARE TERMINATED BY WRITTEN NOTICE**

    A. **The Guaranties Are Unambiguous, And Their Terms Are Internally Consistent And Completely Reconcilable.**

Plaintiff's claim under the Guaranties is based on paragraph 4 (identical in each Guaranty) which states as follows:

> 4. This Guaranty is made and shall continue as to any and all Indebtedness incurred or arising prior to receipt by Creditor of written notice of the termination hereof from the undersigned, including any and all extensions, renewals and modifications thereof made at any time thereafter. Any such notice shall be effective only as to the person giving the same, and this Guaranty shall continue in full force and effect as to any of the undersigned not giving such notice.

The Court will first note that there is nothing ambiguous or unclear about this language. By its terms the Guaranty continues with respect to any and all "Indebtedness" incurred or arising prior to receipt by Steelcase of written notice of termination.

The Court will next note that the term "Indebtedness" is capitalized in paragraph 4, indicating it is a term defined elsewhere. In paragraph 1 of the Guaranty, Indebtedness is defined as:

> … any and all existing and future indebtedness and liabilities of every nature and kind, including all renewals, extensions and modifications thereof, now or hereafter owing from Debtor to Creditor, however and whenever created, arising, evidenced or acquired, and all interest accrued thereof (hereinafter collectively called the "Indebtedness")….

8

Once again, the language is clear. "Indebtedness" as used in the Guaranty covers indebtedness and liabilities of every nature and kind. It is <u>not</u> limited to any particular indebtedness.

What then is the claimed ambiguity? Defendants assert that the Guaranty only covers the specifically enumerated purchase orders listed in paragraph 1 immediately <u>following</u> the definition of "Indebtedness" set forth above. (Each of the two Guaranties references different purchase orders.) But the express language of the Guaranties is not so limited. Paragraph 4, both by its own language and by reference to the definition of "Indebtedness" found in paragraph 1, makes the obligation a continuing one, unless and until written notice of termination is received. The Court should note that paragraph 1 is carefully crafted so that the term Indebtedness is defined <u>without reference</u> to the enumerated purchase orders. The "in connection with" phrase in paragraph 1 referencing specific purchase orders comes <u>after</u> the definition of Indebtedness. The purchase orders are <u>not</u> included in the definition of "Indebtedness."

Any assertion by defendants that paragraphs 1 and 4 are inconsistent and irreconcilable is simply untrue. The requirement of written notice of termination is found in paragraph 4, <u>not</u> in paragraph 1. The "in connection with Debtor's Purchase Order Numbers" language is found in paragraph 1, <u>not</u> in paragraph 4. Read together the intent of the Guaranty is clear and unambiguous. The guarantors (Michael and Hope D. Harbin) were obligated to pay the enumerated purchase orders, and in reference to those purchase orders it made no difference whether or not they sent a termination notice, because as to those purchase orders, if Harbin's, Inc. did not pay, they were obligated to pay. But, the guarantors were <u>also</u> obligated on all other indebtedness under paragraph 4 unless and until they gave written notice of termination. The language is clear, unambiguous, internally consistent, and easily reconcilable. It is neither

9

required nor permissible to go outside the language of the agreement to understand the contractual intent. *See Hidrofiltros*, 355 F.3d 927, 930 (6th Cir. 2004).

    **B.    Defendants' Asserted Interpretation Requires The Court To Ignore Or Delete Paragraph 4.**

As set forth above, it is a fundamental principle of contract law that courts must interpret a contract to give meaning to all its provisions. *Int'l Union*, 190 F.3d at 772; *Assoc. Indem. Corp.*, 935 F.2d at 803-04. As shown above, under plaintiff's interpretation, paragraphs 1 and 4 are easily reconcilable and the Guaranty is clear and unambiguous. But under defendants' asserted interpretation, paragraph 4 (as well as the definition of "Indebtedness") has to be either ignored or judicially deleted from the page. Either remedy is legally impermissible.

For the defendants' contention to be accepted, the Guaranties would have to be read as follows:

> 1. . . . the undersigned hereby absolutely and unconditionally guarantee(s) prompt payment when due and at all times thereafter of ~~any and all existing and future~~ indebtedness and liabilities ~~of every nature and kind, including all renewals, extensions and modifications thereof, now or hereafter owing from Debtor [Harbin's, Inc.] to Creditor [Steelcase Inc.], however and whenever thereon (hereinafter collectively called the Indebtedness"),~~ in connection with Debtor's Purchase Order Number(s) P00000568, P00000521-B, P00000532, P00000557, and P00000558 to Steelcase, including all renewals, extensions, and modifications thereof,
>
>                           \*      \*      \*
>
> 4. ~~This Guaranty is made and shall continue as to any and all Indebtedness incurred or arising prior to receipt by Creditor of written notice of the termination hereof from the undersigned, including any and all extensions, renewals and modifications thereof made at any time thereafter. Any such notice shall be effective only as to the person giving the same, and this Guaranty shall continue in full force and effect as to any of the undersigned not giving such notice~~. . .

10

Under Michigan law, as applied by the Sixth Circuit, this reading is untenable as a matter of law. *Int'l Union*, 190 F.3d at 772; *Assoc. Indem. Corp.*, 935 F.2d at 803-04. Because there is only one interpretation of the Guaranties that allows all terms to be given effect, the plain language of the Guaranties is unambiguous and should be enforced as written.

    **C.    Parol Evidence Of The Parties' Intent Or Prior Or Contemporaneous Statements Is Not Admissible To Determine The Scope Of The Facially Unambiguous Guaranties.**

Where there is no ambiguity in a fully integrated written instrument, parol evidence of its meaning is <u>inadmissible</u>. *Michigan Chandelier Co. v. Morse*, 297 Mich. 41, 48, 297 N.W. 64 (1941); *Roosevelt Park Protestant Reformed Church v. London*, 293 Mich. 547, 553, 292 N.W. 486 (1940). Extrinsic evidence, including parol evidence, is admissible <u>only</u> to clarify the meaning of a contract after it has been shown that the contract is ambiguous so as to determine the intent of the parties, given that the plain language of the contract does not sufficiently identify the intent, (*Klapp v. United Ins. Group Agency, Inc.*, 468 Mich 459, 470; 663 N.W.2d 447 (2003); *Brauer v. Hobbs*, 151 Mich. App. 769, 774; 391 N.W.2d 482 (1986)), or where an instrument is not fully integrated, meaning it is not the complete and exclusive statement of the terms of their agreement. *UAW-GM Human Resource Ctr v. KSL Recreation Corp.*, 228 Mich. App. 486, 502, 579 NW.2d 411 (1998). Thus, where on the face of a fully integrated written agreement there is no uncertainty concerning the extent of the obligation assumed by each party, all parol agreements or understandings are <u>merged</u> in it, and <u>extrinsic evidence is</u> **not** <u>admissible to explain its meaning or determine the construction</u> placed upon it. *Klapp*, 468 Mich at 470; 663 N.W.2d 447; *see Quisle v. Brezner*, 212 Mich. 254, 257, 180 N.W. 467 (1920) (holding that determination of whether a contract is ambiguous must be construed from a reading of it, without the "aid afforded by the testimony of witnesses or [ ] consider[ation] of the practical construction the parties have placed upon it.")

11

Testimony of the parties' "[s]ubjective belief or intent is irrelevant" and merely inadmissible parol evidence where there is a facially unambiguous and fully integrated contract." *Lilley*, 958 F.2d at 752 (citing *Banque de Depots v. Nat'l Bank of Det.*, 491 F.2d 753, 756 (6th Cir. 1974); *Heritage Broadcasting Co. v. Wilson Communications Inc.*, 170 Mich. App. 812, 818, 428 N.W.2d 784 (1988)). The Michigan Supreme Court, in *Michigan Chandelier Co. v. Morse*, 297 Mich. 41, 48; 297 N.W. 64 (1941), held that: "If clear and free from ambiguity, the intention shows upon [the contract's] face, if written, must be followed, though contrary to the practical interpretation of the parties, and even if such practical construction has been acquiesced in for a long period of time." This is because "the law presumes that the parties understand the import of a written contract and had the intention manifested by its terms." *Burkhardt v. Bailey*, 260 Mich. App. 636, 656-57; 680 N.W.2d 453 (2004) (internal citations omitted) (emphasis added).

### D. The Guaranties Are Fully Integrated And Facially Unambiguous So That Parol Evidence Is Inadmissible To Determine Their Scope.

The Guaranties are fully integrated. As paragraph 8 of the Guaranties states:

> This Guaranty embodies the <u>entire agreement</u> between the undersigned and Creditor with respect to the subject matter hereof. <u>There are no promises, terms, conditions or obligations other than those contained herein</u>. This Guaranty may not be modified <u>except by writing</u> signed by the party to be charged. [Emphasis added.]

The Guaranties, as explained above, are also facially unambiguous. Therefore, if defendants proffer testimony of any subjective intent or belief as to the scope of the Guaranties, the testimony is inadmissible to prove either that the Guaranties are ambiguous or to prove the scope of the Guaranties. Rather, the scope of the Guaranties must be construed based upon the plain language of the document. *Roosevelt Park Protestant Reformed Church v. London*, 293 Mich. 547, 553, 292 N.W. 486 (1940) (holding that "[w]here parol evidence is offered to show that the

12

written contract is void, or not of binding force, it is admissible; but if the object be to prove that it was intended to mean something different from what language imports, it is inadmissible."); *see also* *Ruffin v. Mercury Record Productions, Inc.*, 513 F.2d 222, 223 (6th Cir. 1975) (interpreting Michigan law) (holding parol testimony of a prior or contemporaneous oral agreement or understandings, not included in the written contract, is inadmissible to contradict, vary, add to, or subtract from the terms of the written agreement when the contract is complete in itself and unambiguous in its terms.)

### Conclusion

For the reasons stated above, Steelcase respectfully requests that this Court grant Steelcase's Motion for Partial Summary Judgment under FED. R. CIV. P. 56(a), (c), and (d) because the Guaranties expressly and unambiguously state that the obligations of the defendants are of a continuing nature and, therefore, as a matter of law, extend to the debt of Three Hundred Eighty-Five Thousand Two Hundred Seventy-Five and 79/100 Dollars ($385,275.79) owed by Harbin's to Steelcase.

Respectfully submitted,
MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
Attorneys for Plaintiff, Steelcase Inc.

Dated: April 29, 2005

By /s/ Sara G. Lachman
Jon G. March (P17065)
Sara G. Lachman (P67523)
Business Address:
250 Monroe Avenue, N.W., Suite 800
PO Box 306
Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700

13