# GUARANTY

1. In consideration of any credit heretofore or hereafter extended to HARBIN'S, INCORPORATED, an Alabama corporation, whose address is 300 S. Perry Street, Montogomery, Alabama 36104 ("Debtor"), by STEELCASE INC., a Michigan corporation, whose address is 901 - 44th Street S.E., Grand Rapids, Michigan 49508, or any Steelcase subsidiary now existing or hereafter acquired or formed by Steelcase, including, but not limited to, those listed on the attached Exhibit A (hereinafter collectively referred to as "Creditor"), the undersigned hereby absolutely and unconditionally guarantee(s) prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liabilities of every nature and kind, including all renewals, extensions and modifications thereof, now or hereafter owing from Debtor to Creditor, however and whenever created, arising, evidenced or acquired, and all interest accrued thereon (hereinafter collectively called the "Indebtedness"), in connection with Debtor's Purchase Order Number(s) P00000568, P00000521-B, P00000532, P00000557, and P00000558 to Steelcase, including all renewals, extensions, and modifications thereof, and the undersigned further agrees to reimburse Creditor for all costs, attorneys' fees and other expenses at any time expended or incurred by Creditor in the collection or attempted collection of the Indebtedness, or in the enforcement of this Guaranty.

2. The undersigned warrants and represents to Creditor that all financial statements and other information concerning the Debtor or the undersigned or both now or hereafter furnished to Creditor are and will be true and correct in all material respects; that the execution, delivery and performance of this Guaranty by the undersigned will not violate any law, rule, judgment, order, agreement or instrument binding upon the undersigned, nor require the approval of any public authority or other third party; and that this Guaranty constitutes the valid and binding obligation of the undersigned, enforceable in accordance with the terms hereof.

3. The undersigned waives notice of the acceptance of this Guaranty and of all extensions of credit hereunder. The undersigned further waives presentment, protest, notice, demand or action of any nature on any delinquency with respect to the Indebtedness, including the right to require Creditor to sue or otherwise to enforce payment thereof or to enforce any other security or other guaranty given therefor, unless creditor fails to perform in delivery of product and transfer of title. Delivery of goods to common carrier constitutes delivery to Debtor. The undersigned waives any and all claims and rights (whether arising in equity, at common law, or under a statute or contract) that arise from or relate to the undersigned's execution, delivery or performance of this Guaranty. This waiver

EXHIBIT C        1 of 5        6/93


DEFENDANT'S EXHIBIT 7

includes, but is not limited to, any right of reimbursement, subrogation, contribution, indemnity and exeneration, and any right to participate in any claim or remedy that Creditor at any time has against the Debtor or with respect to any security for the Indebtedness.

4. This Guaranty is made and shall continue as to any and all Indebtedness incurred or arising prior to receipt by Creditor of written notice of the termination hereof from the undersigned, including any and all extensions, renewals and modifications thereof made at any time thereafter. Any such notice shall be effective only as to the person giving the same, and this Guaranty shall continue in full force and effect as to any of the undersigned not giving such notice.

5. The liability of the undersigned hereunder is joint and several. The liability of the undersigned hereunder is independent of, and may be exercised regardless of, the existence of any other security or guaranty at any time in effect with respect to all or any part of the Indebtedness and regardless of any failure of Creditor to perfect or secure any priority of its rights with respect to any security at any time given, or agreed to be given, by Debtor or by the undersigned or any other guarantor or third party, for the Indebtedness or for the obligations of the undersigned hereunder.

6. Creditor is authorized from time to time, and without notice to the undersigned, to give and make such extensions, renewals, modifications, indulgences, settlements, and compromises as it may choose with respect to the Indebtedness, including the taking, releasing, surrender, exchange, settlement, compromise, waiver, subordination or modification of any security or guaranty, with or without consideration, on such terms or conditions as may be acceptable to Creditor, without in any manner affecting or impairing the liability of the undersigned hereunder. Creditor is authorized to release or modify the obligations of or surrender any security given by or waive any rights against any of the undersigned, without in any manner affecting or impairing the liability of the other undersigned.

7. Failure of Creditor to insist in any one or more instances upon strict performance of any one or more of the provisions of this Guaranty or to exercise any rights hereunder shall not be construed as a waiver of any such provision or provisions or the relinquishment of any such rights, but the same shall continue and remain in full force and effect.

8. This Guaranty embodies the entire agreement between the undersigned and Creditor with respect to the subject matter hereof. There are no promises, terms, conditions or obligations other than those contained herein. This Guaranty may not be modified except by writing signed by the party to be charged.

9. This Guaranty shall be construed according to the laws of the State of Michigan, in which state it shall be performed by the undersigned. The undersigned agrees that any action against the undersigned for the enforcement of this Guaranty may be brought by Creditor in any municipal, state or federal court in Kent County, Michigan, having jurisdiction of the subject matter, and the undersigned consents that any such court shall have personal jurisdiction over the undersigned with respect to any such action.

10. This Guaranty shall be binding upon the undersigned, administrators, legal representatives, successors and assigns, and each of them respectively, and shall inure to the benefit of Creditor, its successors and assigns.

11. The undersigned represents and warrants that they have entered into no other guaranties whatsoever, except as specifically set forth below:

| Date of Guaranty | Terms of Guaranty | Party Guaranteed | Amount of Guaranty | Guarantor(s) |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

The undersigned agrees that they will not enter into any other guaranties without the written consent of Creditor.

12. If any payment by (i) the Debtor or (ii) any of the undersigned to Creditor (a "Payment") is held to constitute a "preference" or the like under the Bankruptcy laws, or if for any other reason Creditor is required to refund any Payment or pay the amount thereof to any other party, such Payment shall not release any of the undersigned from any liability hereunder. Instead, the undersigned shall remain fully liable to Creditor for the amount of the Payment and shall pay the amount of any such Payment to Creditor upon demand. This Guaranty shall continue to be effective or shall be reinstated, as the case may be, to the extent of any such Payment, Payments, preference or disgorgement.

13. The Guarantor shall not be deemed a "creditor" of the Debtor with respect to the Indebtedness as said term "creditor" is defined in the U.S. Bankruptcy Code, as amended.

6/93

14. Whenever in this Guaranty words, including pronouns, are used in the masculine, they shall be read in the feminine or neuter whenever such a gender would apply, and vice versa, and words in this Guaranty that are singular shall be read as plural whenever the latter would so apply and vice versa. The word "undersigned" when used herein shall include each and every person executing this Guaranty, whether such persons are corporations, partnerships, natural persons or any other person of recognized legal capacity.

15. THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL OF THE PROVISIONS OF THIS GUARANTY.

Dated: 8-4, 19 93

Witnesses:

_____         _____
                                    Michael G. Harbin

_____         _____
                                    Hope D. Harbin

as/W6/MJ072901

EXHIBIT A

Steelcase Financial Services Inc.
901 - 44th Street S.E.
Grand Rapids, Michigan 49508

Stow Davis Furniture Incorporated
67742 County Road 23
New Paris, Indiana  46553

Stow Davis Architectural Woodwork Incorporated
850 Elkton Drive
Colorado Springs, Colorado  80907