UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

        Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

        Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

| | |
|---|---|
| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C.<br>Attorneys for Plaintiff<br>Jon G. March  (P17065)<br>250 Monroe Avenue, N. W. - Ste 800<br>P. O. Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1700 | SILVERMAN, SMITH & RICE, P.C.<br>Attorneys for Defendant Michael G. Harbin<br>Robert W. Smith (P31192)<br>151 S. Rose Street<br>707 Comerica Building<br>Kalamazoo, MI 49007<br>(269) 381-2090 |
| HOPE DUNCAN PATTERSON<br>Defendant in Pro Per<br>4514 Chamblee Dunwoody Rd., 238<br>Atlanta, GA 30338-6202 | MILLER, CANFIELD, PADDOCK<br>& STONE, PLC<br>Attorneys for Defendant Harbin's, Inc.<br>Kurt P. McCamman<br>444 West Michigan Avenue<br>Kalamazoo, MI 49007<br>(269) 381-7030 |

_____/

**BRIEF IN SUPPORT OF DEFENDANT MICHAEL G. HARBIN'S
MOTION FOR CHANGE OF VENUE, OR ALTERNATIVELY,
TO ADJOURN THE TRIAL AND SETTLEMENT CONFERENCE**


<u>REQUEST FOR ORAL ARGUMENT</u>

## 1.0   BACKGROUND INFORMATION

Plaintiff Steelcase, Inc. ("Steelcase") filed a complaint against Defendant Harbin's, Inc. an Alabama corporation, for an account stated. Steelcase obtained a default judgment for Three Hundred Eighty-Five Thousand Two Hundred Seventy-Five and 79/100 Dollars ($385,275.79). Shortly before entry of the default judgment, Steelcase amended its complaint to include claims against Defendant Michael G. Harbin ("Harbin") based on personal guaranties. After the close of discovery, Steelcase again amended its complaint and asked this Court to pierce the corporate veil of Harbin's, Inc., and hold Harbin liable for the full Three Hundred Eighty-Five Thousand Two Hundred Seventy-Five and 79/100 Dollars ($385,275.79).

## 2.0   LAW AND ARGUMENT

The claim for piercing the corporate veil now makes it appropriate for the venue of this matter to be transferred to Alabama pursuant to 28 USC § 1404(a) which reads as follows:

> For the convenience of parties and witnesses, in the interest
> of justice, a district court may transfer any civil action to any
> other district or division where it might have been brought.

The factors to be considered in determining whether transfer is appropriate are set forth in Simmons Ford, Inc. v Consumer Union of the United States, Inc., 490 F. Supp. 106, 107 (W. D. Mich 1980). In that case the court noted:

> The court's discretion under § 1404(a) is broader than under
> the forum non conveniens doctrine, but the criteria applicable
> under the statute are substantially those developed under the
> older doctrine. These include: (1) the convenience to parties;
> (2) the convenience of witnesses; (3) the relative ease of
> access to sources of proof; (4) the availability of process to
> compel attendance of unwilling witnesses; (5) the cost of
> obtaining willing witnesses; (6) the practical problems

indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

(Quoting *Schneider v Sears*, 265 F. Supp. 257, 263, (S.D.N.Y. 1967)). Courts are to balance inconvenience to determine where venue is best laid. *Id.*

## 2.1     CONVENIENCE OF PARTIES

Harbin is a resident of Florida, but he maintains a dwelling in Montgomery, Alabama, Patterson resides in Atlanta, Georgia, Steelcase has its principal place of business in Michigan, but also does business in Alabama. There is no one venue which would be convenient for all the parties.

## 2.2     CONVENIENCE OF WITNESSES

Steelcase now has a default judgment against Harbin's, Inc. Consequently, there will be no dispute about the amounts owed to Steelcase by Harbin's, Inc. There will be no need for Steelcase records to prove the amount owed. So many of the necessary witnesses located in Michigan listed by Steelcase in opposition to the Motion for Change of Venue filed by Harbin's, Inc., likely will no longer be necessary. However, the addition of the piercing the corporate veil claim may require Harbin to call as many as seventeen (17) additional witnesses, fifteen (15) of which are located in Montgomery, Alabama **(Exhibit 1)**. Of the seventeen (17), thirteen (13) are located in Montgomery, Alabama, in Birmingham, Alabama, one (1) in Tennessee, and two (2) in Florida. Those witnesses include the corporate attorney, corporate accountant, corporate bookkeeper, previous corporate bookkeeper, assistant bookkeeper, personal banker, two corporate bankers, the

---

Steelcase, Inc. v Harbin's, Inc., et. al.
**Defendant Michael Harbin's Brief in Support
of Motion for Change of Venue, or Alternatively,
to Adjourn the Trial and Settlement Conference**          Page 3                    Case No.: 1:04cv0026

attorneys for the banks, the company that handled the Harbin's, Inc. payroll, and several major customers of Harbin's, Inc. It is very likely that many, if not all, of these witnesses will be necessary to defend the claim of piercing the corporate veil ( **Exhibit 1** [Affidavit of Michael G. Harbin] - original filed in conjunction with Harbin's Motion for Summary Judgment.)

Other than Marvis James, Steelcase's Regional Credit Manager who induced Harbin to sign those guaranties, there do not appear to be any Steelcase employees located in Michigan who could provide direct testimony with regard to them. Based upon the allegations in the Second Amended Complaint it appears unlikely that any of Steelcase's Michigan employees can support the allegations in the Complaint pertaining to the veil piercing claim. That claim seems to be based primarily on records of Harbin's, Inc., so most of those witnesses will be located in Montgomery, Alabama.

### 2.3    RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

Inasmuch as the corporate records of Harbin's, Inc. were not preserved, Harbin would have to defend himself through the utilization of witness testimony, bank records, any records retained by the corporate accountant, the corporate attorney, and the payroll company and those records would be located in Montgomery, Alabama.

### 2.4    AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE OF UNWILLING WITNESSES.

Inasmuch as Harbin's, Inc. is out of business, the incentive for many of those witnesses to testify willingly is none. Consequently, it is unknown if many of them are "willing witnesses". If venue is transferred to Alabama, process is available to compel the

Steelcase, Inc. v Harbin's, Inc., et. al.
**Defendant Michael Harbin's Brief in Support
of Motion for Change of Venue, or Alternatively,
to Adjourn the Trial and Settlement Conference**          Page 4                    Case No.: 1:04cv0026

attendance of fourteen (14) of sixteen (16) potential unwilling witnesses. So clearly, Alabama would be the preferred venue under this criteria.

### 2.5   COST OF OBTAINING WILLING WITNESSES.

If all witnesses are willing, the cost of bringing seventeen (17) witnesses to Michigan would be cost prohibitive. Harbin would be prevented from putting on a vigorous defense in Michigan due to the costs involved in bringing all of these witnesses to Michigan, or deposing them in Alabama. If all seventeen (17) witnesses are willing, the cost of producing them in Alabama would be comparatively minor.

### 2.6   PRACTICAL PROBLEMS INDICATING WHERE THE CASE CAN BE TRIED MORE EXPEDITIOUSLY AND INEXPENSIVELY.

Since the vast majority of witnesses and records are located in Alabama, obviously it would be more expeditious and less expensive to try the case in Alabama.

### 2.7   INTERESTS OF JUSTICE WEIGH IN FAVOR OF A TRANSFER OF VENUE

Harbin's, Inc., an Alabama corporation doing business only in Alabama, was sued in Michigan just before it went out of business. It made an unsuccessful attempt to change venue. A default judgment was entered against it, but it had no assets.

Steelcase added additional claims and brought in new defendants, Harbin and Patterson. Steelcase alleged a new count based on two 1993 guaranties clearly limited to specific debt which Steelcase acknowledges has been paid. It is likely that these guaranties will not survive summary judgment. Steelcase again amended its complaint this time alleging a piercing the corporate veil claim against Harbin. Since Harbin's, Inc. was an Alabama corporation, organized under the laws of Alabama, and operating solely in Alabama,

---

Steelcase, Inc. v Harbin's, Inc., et. al.
**Defendant Michael Harbin's Brief in Support
of Motion for Change of Venue, or Alternatively,
to Adjourn the Trial and Settlement Conference**          Page 5                    Case No.: 1:04cv0026

Alabama law would determine whether or not the corporate form had been improperly used. So Alabama would be a more appropriate forum with respect to applicable law.

The gravamen of a piercing claim is a misuse of the corporate form. Harbin,'s Inc. was an Alabama corporation that did business in Montgomery, Alabama. It sold office furniture and equipment in Montgomery, Alabama, to primarily Montgomery, Alabama businesses. Employees, customers, bankers, attorneys, and accountants, are all located in Alabama. If the corporate form were to have been misused, it would have been in Alabama. It is only fair to require Steelcase to go to Alabama to prove it.

There are also time considerations based upon this Court's Case Management Order. The Second Amended Complaint was filed on April 8, 2005, after discovery had closed. Harbin will have no time within which to discover what, if any, evidence Steelcase will rely upon to support its piercing claim.

## 3.0    ALTERNATIVE MOTION TO ADJOURN TRIAL AND SETTLEMENT CONFERENCE

In the event this Court denies Harbin's Motion for Change of Venue, it is unfair for Harbin to be required to defend this case at trial without some opportunity to conduct discovery on the newly added claim of piercing the corporate veil. Such claims are extraordinarily fact intensive as demonstrated in Harbin's Brief in Support of Motion for Summary Judgment. Harbin's witnesses are all in Alabama, Tennessee, or Florida. It will take considerable time for counsel to interview them, determine whether or not their testimony should be used, depose them de bene esse, find a way to produce them for trial in Michigan, and for those who are unwilling to cooperate, obtain subpoenas to ensure their presence for de bene esse depositions.

Steelcase, Inc. v Harbin's, Inc., et. al.
**Defendant Michael Harbin's Brief in Support
of Motion for Change of Venue, or Alternatively,
to Adjourn the Trial and Settlement Conference**          Page 6          Case No.: 1:04cv0026

Trial is scheduled for June 20, 2005 and the settlement conference for May 27, 2005. There is insufficient time and no discovery time available to present an adequate defense to Steelcase's new claim.

## 4.0    RELIEF REQUESTED

Harbin requests this Court transfer venue to the U. S. District Court, for the Middle District of Alabama, in Montgomery, Alabama. Alternatively, Harbin requests that the trial and settlement conference be adjourned, and that Harbin be granted ninety (90) days to conduct discovery with respect to the piercing claim.

Dated: <u>May 2, 2005</u>

SILVERMAN, SMITH & RICE, P.C.
Attorneys for Defendant Michael G. Harbin

Robert W. Smith (P31192)

Steelcase, Inc. v Harbin's, Inc., et. al.
**Defendant Michael Harbin's Brief in Support**
**of Motion for Change of Venue, or Alternatively,**
**to Adjourn the Trial and Settlement Conference**          Page 7          Case No.: 1:04cv0026