UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEELCASE INC., a Michigan
corporation,

        Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

        Defendants.

_____/

Case No. 1:04CV0026
Honorable Robert Holmes Bell
Chief, U.S. District Judge

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD
IN ABEYANCE DEFENDANT MICHAEL G. HARBIN'S
MOTION FOR CHANGE OF VENUE, OR ALTERNATIVELY,
TO ADJOURN THE TRIAL AND SETTLEMENT CONFERENCE**

**Procedural Background and Status**

Plaintiff Steelcase Inc. has obtained a default judgment in this lawsuit against defendant Harbin's Inc., a former Steelcase dealer, in the amount of $385,275.79.

Through amended complaints, Steelcase has also alleged a claim against both individual defendants Michael G. Harbin and Hope D. Harbin Patterson on personal guaranties and a claim solely against Michael G. Harbin for piercing the corporate veil.

On April 29, 2005, plaintiff Steelcase moved for partial summary judgment on its claim under the personal guaranties (Docket No. 119), asking the Court to find that the guaranties are valid and applicable to the corporate indebtedness reflected in the default judgment against Harbin's, Inc. If plaintiff's motion is granted, the only issue for trial on that count is whether either defendant gave written notice of the termination of the guaranties.

Also on April 29, 2005, defendant Michael G. Harbin moved for summary judgment on both plaintiff's claim under the personal guaranties and plaintiff's claim for

piercing the corporate veil (Docket No. 114). If defendant Michael Harbin's Motion for Summary Judgment is granted as to either claim, that claim will be dismissed in its entirety. (Defendant Hope D. Harbin Patterson did not move for summary judgment on the personal guaranty claim, but plaintiff concedes that the relief sought by Michael G. Harbin would, if granted, be applicable to her as well.)

Responsive briefs to the competing summary judgment motions are due May 27, 2005, with any reply briefs due 14 days thereafter.

A non-jury trial is scheduled to begin June 20, 2005.

Both a final pretrial conference and a settlement conference are scheduled for May 27, 2005 before Magistrate Judge Joseph G. Scoville.

On May 2, 2005, defendant Michael G. Harbin filed a Motion for Change of Venue, Or Alternatively, to Adjourn the Trial and Settlement Conference (Docket No. 124), supported by an affidavit of Michael G. Harbin. Plaintiff Steelcase has now moved to hold that motion in abeyance until after the Court has ruled on the pending summary judgment motions. The brief is in support of the motion to hold in abeyance.

**Argument**

A cursory reading of Defendant Michael G. Harbin's Motion for Change of Venue, Or Alternatively, to Adjourn the Trial and Settlement Conference, and the supporting brief and affidavit, makes it clear that the relief defendant Michael G. Harbin seeks regarding a change in venue and delay in the trial date to reopen discovery is premised <u>entirely</u> on the existence of Steelcase's claim for piercing the corporate veil. Prior to the addition of that claim, there was no motion for change of venue, and in fact the parties had expressly consented to the venue of this Court in the written guaranties. Nor had there been any request for additional discovery.

2

Defendant Michael G. Harbin has moved for summary judgment on plaintiff's claim of piercing the corporate veil. If his motion is granted, there would be no basis whatsoever for either changing venue or opening discovery, as that claim would be gone.

Furthermore, Steelcase has its own motion for partial summary judgment on the claim under the personal guaranties and defendant has a similar cross-motion. If Steelcase's motion is granted, Steelcase might then determine that, weighing considerations such as trial costs, chance of success, etc., it might proceed only on the personal guaranties claim. In short, the rulings on those motions will have a significant impact on the change of venue motion.

Plaintiff believes that there are substantial and compelling reasons why venue should not be changed at this late date under any circumstances, beginning with the already substantial involvement of this Court. But any response to the venue motion – in fact, the motion itself – is contingent on what claims exist following ruling on the summary judgment motions. Defendant cannot intelligently respond to the motion without knowing what claims will be before the Court for trial.

Precisely the same thing is true regarding any need to adjourn the trial date and reopen discovery. Whether a need even exists or not will hinge on the Court's summary judgment rulings.

Plaintiff requests, therefore, that Defendant Michael G. Harbin's Motion for Change of Venue, Or Alternatively, to Adjourn the Trial and Settlement Conference be held in abeyance until the Court has ruled on the summary judgment motions and that plaintiff be given until fourteen (14) days following the Court's ruling to respond to the venue motion.

Plaintiff further requests that if its present motion to hold in abeyance is denied, that it be given fourteen (14) days from that order to respond to the change of venue motion.

Finally, plaintiff notes that the settlement pretrial conference and the final pretrial conference are both set for May 27, 2005, a date that will necessarily be prior to any ruling on the summary judgment motions. Clearly the final pretrial order will be impacted by the rulings on the summary judgment motions, but plaintiff is prepared to proceed with both conferences on May 27, 2005. Plaintiff discloses to the Court, however, that defendant Michael Harbin's concurrence in the present motion did not extend to his requested relief that the Settlement Conference be adjourned.

                        Respectfully submitted,

                        MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.
                        Attorneys for Plaintiff, Steelcase Inc.

Dated: May 10, 2005          By /s/ Jon G. March
                                Jon G. March (P17065)
                                Sara G. Lachman (P67523)
                        Business Address:
                                250 Monroe Avenue, N.W., Suite 800
                                PO Box 306
                                Grand Rapids, Michigan 49501-0306
                        Telephone: (616) 831-1700