UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

   Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

   Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

| | |
|---|---|
| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C.<br>Attorneys for Plaintiff<br>Jon G. March (P17065)<br>250 Monroe Avenue, N. W. - Ste 800<br>P. O. Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1700 | SILVERMAN, SMITH & RICE, P.C.<br>Attorneys for Defendant Michael G. Harbin<br>Robert W. Smith (P31192)<br>151 S. Rose Street<br>707 Comerica Building<br>Kalamazoo, MI 49007<br>(269) 381-2090 |
| HOPE DUNCAN PATTERSON<br>Defendant in Pro Per<br>4514 Chamblee Dunwoody Rd., 238<br>Atlanta, GA 30338-6202 | MILLER, CANFIELD, PADDOCK & STONE, PLC<br>Attorneys for Defendant Harbin's, Inc.<br>Kurt P. McCamman<br>444 West Michigan Avenue<br>Kalamazoo, MI 49007<br>(269) 381-7030 |

_____/

**DEFENDANT MICHAEL G. HARBIN'S RESPONSE TO PLAINTIFF
STEELCASE, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSE NO. 5**

  Defendant Michael G. Harbin ("Harbin") by and through his attorneys SILVERMAN, SMITH & RICE, P.C., responds to Plaintiff Steelcase, Inc.'s Motion to Strike Defendant Michael G. Harbin's Affirmative Defense No. 5, under Fed. R. Civ. P. 8(c), 12(f), and 15(a), as follows:

1.	Affirmative Defense No. 5 is a defense of fraudulent inducement to the two personal guaranties attached to the First Amended Complaint.

2.	Harbin did not have sufficient evidence to support a fraudulent inducement theory when he filed his answer to Plaintiff Steelcase, Inc.'s ("Steelcase") First Amended Complaint.

3.	Fed. R. Civ. Proc. 11(b)(3) provides that an attorney may not sign a pleading alleging an affirmative defense without evidentiary support.

4.	One of the elements of a fraud claim is that the party committing the fraud must have known, or should have known, that the fraudulent representation was false. See Novak v Nationwide Mutual Insurance Co., 235 Mich App 675, 688; 599 N. W. 2d 546 (1999).

5.	The fraudulent representation in this case was the representation by employees of Steelcase that these personal guaranties were limited only to the purchase orders recited therein.

6.	In order to prove a fraudulent inducement Harbin must show that Steelcase either knew, or should have known, that the representation was false, i.e. that at the time of inducement, Steelcase either knew, or should have known, that the representations that the personal guaranties were limited to specific purchase orders was false when made.

7.	On March 31, 2005, Harbin took the deposition of Marvis James ("James"), Regional Credit Manager for Steelcase.

8.	James testified that his view of the personal guaranties was that they were limited to specific purchase orders.

9. James' testimony has provided Harbin with evidence that Steelcase knew those representations were false at the time it was inducing Harbin to sign the personal guaranties. This evidence was not available until March 31, 2005, well after Harbin had filed his answer to Steelcase's First Amended Complaint, which was the first pleading including Harbin.

10. Consequently, Harbin's addition of the fraudulent inducement affirmative defense was made at the first opportunity after learning there was sufficient evidence to sustain it. The first opportunity came when Harbin was required to file an answer to Steelcase's Second Amended Complaint. Nothing in the Federal Rules of Civil Procedure prevents it.

11. Steelcase's motion to strike made pursuant to Fed. R. Civ. Proc. 12(f) is not well taken inasmuch as Steelcase does not argue that the fraudulent inducement affirmative defense is an insufficient defense, or that it is redundant, immaterial, impertinent, or scandalous. These are the only basis on which Steelcase may move pursuant to Fed. R. Civ. Proc. 12(f).

WHEREFORE, Harbin requests this Court enter an order denying Steelcase's motion to strike.

Dated: May 11, 2005          SILVERMAN, SMITH & RICE, P.C.
                             Attorneys for Defendant Michael G. Harbin


                             /s/ Robert W. Smith
                             Robert W. Smith (P31192)

Steelcase, Inc. v Michael G. Harbin, et. al.
**Harbin's Response to Steelcase's Motion to
Strike Harbin's Affirmative Defense No. 5**   Page 4   Case No.: 1:04cv0026