## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

      Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

      Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

| | |
|---|---|
| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C. <br> Attorneys for Plaintiff <br> Jon G. March (P17065) <br> 250 Monroe Avenue, N. W. - Ste 800 <br> P. O. Box 306 <br> Grand Rapids, MI 49501-0306 <br> (616) 831-1700 | SILVERMAN, SMITH & RICE, P.C. <br> Attorneys for Defendant Michael G. Harbin <br> Robert W. Smith (P31192) <br> 151 S. Rose Street <br> 707 Comerica Building <br> Kalamazoo, MI 49007 <br> (269) 381-2090 |
| HOPE DUNCAN PATTERSON <br> Defendant in Pro Per <br> 4514 Chamblee Dunwoody Rd., 238 <br> Atlanta, GA 30338-6202 | MILLER, CANFIELD, PADDOCK & STONE, PLC <br> Attorneys for Defendant Harbin's, Inc. <br> Kurt P. McCamman <br> 444 West Michigan Avenue <br> Kalamazoo, MI 49007 <br> (269) 381-7030 |

**DEFENDANT MICHAEL G. HARBIN'S BRIEF IN OPPOSITION TO PLAINTIFF STEELCASE, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSE NO. 5**

**1.0**    **BACKGROUND INFORMATION**

Plaintiff Steelcase, Inc. ("Steelcase") filed its original complaint against Defendant Harbin's, Inc., an Alabama corporation, on January 14, 2004. The initial complaint was solely against Harbin's, Inc. On October 4, 2004, Steelcase filed its First Amended

Complaint naming Michael G. Harbin ("Harbin") and his ex-wife Hope D. Harbin (now Hope Duncan Patterson) ("Patterson") as additional defendants. Harbin filed his answer to the First Amended Complaint on November 9, 2004.

The First Amended Complaint alleged that Harbin was personally liable to Steelcase for the debt of Harbin's, Inc. Steelcase further alleged this liability was based upon two guaranties ("guaranties") signed by Harbin and Patterson on June 10, 1993 and August 4, 1993. Harbin's answer to the First Amended Complaint did not allege a fraudulent inducement to enter into those two guaranties. Harbin contended that the two guaranties were limited to specific purchase orders identified in each of the guaranties.

When Harbin filed his answer to the First Amended Complaint he did not know that Marvis James, Regional Credit Manager for Steelcase ("James"), who provided the guaranty to him, would admit in his deposition that he knew the guaranties were limited to specific purchase orders **(Exhibit 1).** In Steelcase's First Amended Complaint, Steelcase took the position that the personal guaranties were not limited to specific purchase orders, but were continuing guaranties guaranteeing all debt of Harbin's, Inc. to Steelcase. James' deposition was taken on March 31, 2005. The Order Granting Motion for Leave to File Second Amended Complaint was entered on April 8, 2005, and the Second Amended Complaint was filed on April 8, 2005. Harbin's answer was filed on April 22, 2005. The Second Amended Complaint added Count III which alleges a piercing the corporate veil claim against Harbin. In his answer, Harbin alleges an additional affirmative defense (No. 5) that Harbin was fraudulently induced into signing the two guaranties. Steelcase now moves to strike the affirmative defense that Harbin was fraudulently induced to sign the guaranties.

**2.0 LAW AND ARGUMENT**

    **2.1 THERE IS NO BASIS FOR STRIKING THE FRAUDULENT INDUCEMENT AFFIRMATIVE DEFENSE UNDER FED. R. CIV. 12(f) AND THIS AFFIRMATIVE DEFENSES IS PROPERLY BEFORE THE COURT.**

As Steelcase notes, Fed. R. Civ. Proc. 12(f) allows a party to move to strike from a pleading "any insufficient defense or any redundant, in immaterial, impertinent, or scandalous matter". Steelcase makes no attempt to argue that Harbin's fraudulent inducement affirmative defense is insufficient, redundant, immaterial, impertinent, or scandalous. Accordingly, the motion to strike, based upon Fed. R. Civ. Proc. 12(f) should be denied.

Steelcase also argues the fact that it has filed a Second Amended Complaint does not automatically give Harbin the right to amend his affirmative defenses. Steelcase cites Gilmore v Shearson-American Express, 811 F. 2d 108, 112 (2nd Cir. 1987) in support. What Gilmore actually held was that amendment of the complaint "does not automatically revive all of the defenses and objections that a defendant has waived in response to the original complaint." Id at p. 112. As noted in Shields v Citytrust, Inc. Corp., 25 F. 3d 1124, 1128 (2nd Cir. 1994), citing Gilmore, supra, "...the defenses and objections that are irrevocably waived by answering an original complaint are those that 'involve the core issue of a party's willingness to submit a dispute to judicial resolution,' such as objections to 'lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service....'" Fraudulent inducement is not such a core issue.

Steelcase cites Oy Tilgmann, A. B. v Sport Publishing International, Inc., 110 F.R.D. 68, 70 (E.D. Pa. 1986) in support of its position. Tilgmann is clearly distinguishable from

the case at bar. In <u>Tilgmann</u> the amended answer also included counterclaims, the court noted the answer contained "new and additional allegations in nearly every paragraph, as well as eight new affirmative defenses" whereas the amended complaint added "only one new paragraph." Id at p. 70. Moreover, the court determined the amended answer would prejudice Plaintiff and further delay trial. Id. **The court noted that prejudice must be demonstrated in order for a motion to strike in these circumstances to be granted. Steelcase makes no claim of prejudice.**

As noted in Steelcase's brief (p. 5), in <u>Rowly v McMillan</u>, 502 F. 2d 1326, 1333 (4th Cir. 1974) the court rejected the defendant's attempt to 'revive' an affirmative defense"... by pleading it in answer to an amended complaint because 'an amendment to a pleading permits the responding pleader to assert **only such of those defenses...as were not available at the time of his response to the initial pleading**'..." (Emphasis added.) In this case, Harbin did not have sufficient evidentiary support for the fraudulent inducement affirmative defense when he filed his answer to the First Amended Complaint **(Exhibit 2)**. He gained that factual support on March 31, 2005, and as soon as the opportunity presented itself to plead it, Harbin took advantage of it. Nothing in the Federal Rules of Civil Procedure prevented him from doing so.

### 2.2 THE AFFIRMATIVE DEFENSE OF FRAUDULENT INDUCEMENT HAS NOT BEEN WAIVED AND NEED NOT BE REVIVED IN ORDER FOR HARBIN TO PROPERLY PLEAD IT.

Steelcase argues that because Harbin did not plead the defense of fraudulent inducement in his response to the First Amended Complaint, he has waived it under Fed.

R. Civ. Proc. 8(c). The rule cited by Steelcase (p. 5 of its brief) is that an "affirmative defense is waived when it is known, or should have been known, to a party but is not asserted at that time." Assuming this is indeed the rule, Harbin could not know that there was a sufficient factual basis to support a fraudulent inducement defense until he took the deposition of James. As noted in <u>Phillips v Smeekens</u>, 50 Mich App 693, 697; 213 N. W. 2d 862 (1973), fraud, even when used as a defense, must be proved by clear and convincing evidence.

In order for Harbin to successfully prove fraudulent inducement as a defense, he must show that Steelcase knew at the time its employees were making those representations, that the representations were false. <u>Novak v Nationwide Mutual Insurance Co.</u>, 235 Mich App 675, 688, 599 N. W. 2d 546 (1999). Inasmuch as Steelcase claims the guaranties were continuing and meant to guarantee all of Harbin's, Inc.'s debt to Steelcase, unless Steelcase wants to admit a fraudulent inducement, it must have intended that the guaranties be continuing guaranties at the time Harbin was induced to sign them. The fact that James thought the guaranties were limited to specific purchase orders **(Exhibit 1)** is evidence that Steelcase misrepresented the nature of the guaranties to Harbin when James induced him to sign them.

As indicated in <u>Rowly</u>, supra, Harbin was only amending his response by adding an affirmative defense that he was unaware of when he filed an answer to the First Amended Complaint. That is permissible as <u>Rowly</u> acknowledges.

### 3.0 RELIEF REQUESTED

Harbin requests this Court deny Steelcase's motion to strike Affirmative Defense No. 5 and grant him his costs and attorney fees.

Dated: May 11, 2005

SILVERMAN, SMITH & RICE, P.C.
Attorneys for Defendant Michael G. Harbin

 /s/ Robert W. Smith
Robert W. Smith (P31192)