UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

       Plaintiff,

v

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

       Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

MILLER, JOHNSON, SNELL &
CUMMISKEY, P. L. C.
Jon G. March  (P17065)
Attorneys for Plaintiff
250 Monroe Avenue, N. W. - Ste 800
P. O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

SILVERMAN, SMITH, BINGEN & RICE, P.C.
Robert W. Smith (P31192)
Attorneys for Defendant Michael G. Harbin
151 S. Rose Street
707 Comerica Building
Kalamazoo, MI 49007
(269) 381-2090

HOPE D. HARBIN - PATTERSON (now
HOPE DUNCAN PATTERSON)
Defendant in Pro Per
4514 Chamblee Dunwoody Rd., 238
Atlanta, GA 30338-6202

_____/

**DEFENDANT MICHAEL G. HARBIN'S BRIEF IN RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**1.0**    **BACKGROUND INFORMATION**

      This Court entered a default judgment against Defendant Harbin's, Inc. in the

amount of Three Hundred Eighty-Five Thousand Two Hundred and Seventy-Five Dollars

and 79/100 ($385,275.79) in favor of Plaintiff Steelcase, Inc. ("Steelcase"). Remaining claims against Defendant Michael G. Harbin ("Harbin") include a claim based on two personal guaranties and on a theory of piercing the corporate veil of Harbin's, Inc.

Steelcase contends that the personal guaranties Harbin signed in 1993 were continuing, whereby Harbin allegedly guaranteed all existing debt of Harbin's, Inc. to Steelcase. Harbin contends that those two personal guaranties were limited to the specific purchase orders identified in them, that Steelcase acknowledged them all as paid in full, and that Harbin has no continuing obligation to guarantee any other debt of Harbin's, Inc. to Steelcase.

## 2.0   STATEMENT OF UNDISPUTED FACTS

Harbin does not take issue with the statement of undisputed facts set forth in Steelcase's brief in support of its motion. Harbin would add to those undisputed facts that Steelcase has admitted that the specific purchase orders identified in the two guaranties attached to Steelcase's complaint, have been paid in full (Steelcase's answers to Harbin's requests to admit).

## 3.0   STEELCASE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Steelcase's motion for partial summary judgment is limited to its claim on two personal guaranties signed by Harbin and his ex-wife Defendant Hope D. Harbin-Patterson (now Hope D. Patterson). This motion seeks a favorable determination of the question: Are the guaranties continuing guaranties intended to guarantee all Harbin's, Inc.'s debt to Steelcase, or are they limited to the specific purchase orders defined in them? Steelcase

takes the position that the two guaranties **(Exhibits 1 and 2)** are clear and unambiguous and were intended to be continuing, guaranteeing all of Harbin's, Inc.'s debt to Steelcase. Harbin agrees that the two guaranties are clear and unambiguous, but differs with Steelcase inasmuch as these guaranties are clearly limited to specific purchase orders identified in them.

## 4.0  LAW AND ARGUMENT

### 4.1  WHAT IS NOT DISPUTED

Harbin does not take issue with the standard of review proposed by Steelcase. Harbin agrees that the interpretation of an unambiguous contract (which the guaranties are) is a question of law for this Court to decide. Harbin also agrees that Michigan law applies. Harbin does not take issue with the rules of construction set forth in Steelcase's brief in support of its motion for partial summary judgment. However, Steelcase's legal theory begins to unravel as it attempts to apply these rules of construction to the guaranties at issue in this case **(Exhibits 1 and 2)**.

### 4.2  BOTH GUARANTIES CLEARLY GUARANTEE PAYMENT OF SPECIFIC PURCHASE ORDERS IDENTIFIED IN THEM AND NOTHING MORE.

The guaranties are unambiguous and their terms are internally consistent and completely reconcilable. Steelcase's claim under the guaranties is based on ¶ 1 of the guaranties (different in the two guaranties only with respect to the specific purchase orders identified in each of them). Paragraph 1 of the June 10, 1993 Guaranty **(Exhibit 1)** reads as follows:

> 1. In consideration of any credit heretofore or hereafter extended to HARBIN'S, INCORPORATED, an Alabama corporation, whose address is 300 S. Perry Street,

> Montgomery, Alabama 36104 ("Debtor"), by STEELCASE INC., a Michigan corporation, whose address is 901-44th Street, S. E., Grand Rapids, Michigan 49508, or any Steelcase subsidiary now existing or hereafter acquired or formed by Steelcase, including, but not limited to, those listed on the attached Exhibit A (hereinafter collectively referred to as "Creditor"), the undersigned hereby absolutely and unconditionally guarantee(s) prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liabilities of every nature and kind, including all renewals, extensions and modifications thereof, now or hereafter owing from Debtor to Creditor, however and whenever created, arising, evidenced or acquired, and all interest accrued thereon (hereinafter collectively called the "Indebtedness'), in connection with Debtor's Purchase Order Number(s) P00000396 (sic), P00000405, P00000406, P0000413, P00000422, and P00000443 to Steelcase, including all renewals, extensions, and modifications thereof, and the undersigned further agrees to reimburse Creditor for all costs, attorneys' fees, and other expenses at any time expended or incurred by Creditor in the collection or attempted collection of the indebtedness, or in the enforcement in this Guaranty.

The above language identifies what the parties intended, i.e. that the Guaranty guarantee the "Indebtedness". Steelcase argues in its brief (p. 9) as follows:

> ...[T]he Court should note that paragraph 1 is carefully crafted so that the term Indebtedness is defined without <u>reference</u> to the enumerated purchase orders. The 'in connection with' phrase in paragraph 1 referencing specific purchase orders comes after the <u>definition</u> of Indebtedness. The purchase orders are <u>not</u> included in the definition of 'Indebtedness'

Steelcase provides no explanation of the importance of the fact that the specific purchase order numbers follow the term defined ("Indebtedness") rather than precede it. Is it Steelcase's position that a term can only be defined by the words that precede it and not by those that follow? If that is the rule, it could become an organizational nightmare for publishers of dictionaries and encyclopedias. It would also require the rewriting much of

the U.S. Code and statutes of all fifty states. Once again, Steelcase seeks to manufacture a rule where none exists. [1]

Steelcase's guarantee claim against Harbin hinges on ¶ 4 (identical in the two guaranties) which reads as follows:

> This Guaranty is made and shall continue as to any and all **Indebtedness** incurred or arising prior to receipt by Creditor of written notice of the termination hereof from the undersigned, including any and all extensions, renewals and modifications thereof made at any time thereafter. Any such notice shall be effective only as to the person giving the same, and this Guaranty shall continue in full force and effect as to any of the undersigned not giving such notice. (Emphasis added.)

Steelcase argues that ¶ 4 is intended to mean that Harbin guaranteed all debt of Harbin's, Inc. to Steelcase and that the guaranty could be terminated by Harbin, but only upon written notice, and such termination would only be applicable to debt incurred after Steelcase received such written notice.

Inasmuch as "Indebtedness" is defined in ¶ 1 and is capitalized and surrounded by quotation marks, when ¶ 4 refers to "Indebtedness" it is obviously referring to the same "Indebtedness" defined in ¶ 1. Since "Indebtedness" in ¶ 1 is only that Indebtedness which was incurred "in connection with" the specifically identified purchase orders, it is obvious that ¶ 4 refers only to that Indebtedness incurred "in connection with" those specifically identified purchase orders. So interpreted, these paragraphs are perfectly reconcilable and internally consistent.

---

[1] During the hearing on Steelcase's Motion to Strike Harbin's Affirmative Defense No. 5, Magistrate Scoville indicated that Steelcase sought to manufacture a rule where none existed.

### 4.3 STEELCASE'S ASSERTED INTERPRETATION OF THE GUARANTIES REQUIRES THE COURT TO IGNORE OR DELETE THE LANGUAGE IN ¶ 1 FOLLOWING THE TERM "INDEBTEDNESS".

As Steelcase correctly points out in its brief, a fundamental principal of contract interpretation requires that meaning be given to all of its provisions (Steelcase's brief at p. 10). However, Steelcase's asserted interpretation of ¶ 4 would require that the Court ignore the words "in connection with Debtor's Purchase Order No(s))..." in ¶ 1. This is true because if the Guaranties are truly continuing guaranties, guaranteeing all of Harbin's, Inc.'s debt to Steelcase, then there was no need to specifically identify these purchase orders. As Steelcase so aptly points out in its brief (p. 11), an interpretation which renders specific language in a contract meaningless is untenable as a matter of law.

Steelcase argues that the reference to specific purchase orders, when read in conjunction with ¶ 4, is solely for the purpose of removing any right Harbin might have to give a termination notice under ¶ 4 related to the specifically identified purchase orders. However, that assumes that these purchase orders had been filled (debt had been incurred) and there is nothing in the pleadings, or proofs, which suggests that to have been the case. If the purchase orders had not been filled (and it is extremely unlikely that Steelcase would have shipped before the guaranties were signed), Harbin could have terminated this Guaranty at any time before shipment rendering the reference to them (under Steelcases' proposed interpretation) meaningless. Steelcase's interpretation violates the requirement that all of the language in a contract must be given meaning and effect.

Harbin asks this Court to interpret the guaranties such that they limit his guaranty obligation to personally guarantee only those purchase orders identified in the guaranties. Steelcase asks this Court to interpret those same guaranties to obligate Harbin to guaranty all debt of Harbin's, Inc. to Steelcase from June 10, 1993 to December of 2003 when Steelcase terminated its relationship with Harbin's, Inc. In <u>Bandit Industries v. Hobbs International, Inc.</u>, 463 Mich 504, 511 (2001), the court noted that a guarantor is bound to the obligation identified in the agreement and the obligation is not to be extended by implication beyond the terms of the guaranty contract. A personal guaranty "cannot be implied from language that fails to clearly and unambiguously reflect an intent to assume such a responsibility." Id at p. 514. Harbin's interpretation follows this rule of construction applicable to guaranty contracts. Steelcase's interpretation defies it.

### 5.0 CONCLUSION

Steelcase's motion for partial summary judgment is not supported by fact or law and should be denied.

Dated: May 27, 2005              SILVERMAN, SMITH & RICE, P.C.
                                 Attorneys for Defendant Michael G. Harbin

                                 /s/ Robert W. Smith
                                 Robert W. Smith (P31192)