UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

       Defendants.

_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

### PLAINTIFF STEELCASE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

       In reply to Defendant Michael G. Harbin's Brief in Response to Plaintiff's Motion for Partial Summary Judgment, plaintiff Steelcase Inc. asks the Court to consider the following points:

       1.    Defendant Michael Harbin does not contest the rules of construction set forth in Steelcase's initial brief. Thus, the parties are in agreement that the Court's review should be confined to the terms of the Guaranties themselves.

       2.    Steelcase is not, of course, asserting that the words defining the meaning of a particular term can never follow the term. Steelcase is saying that in the Guaranties at issue here, the term "Indebtedness" is not defined to include the specified purchase orders. Had it been the intent of the drafter to do so, it would have been a simple matter to move the parenthetical phrase "(hereinafter collectively called the 'Indebtedness')" to follow the specific purchase order numbers. That was not done.

3. Defendant Michael Harbin has not offered any explanation as to the purpose and intent of paragraph 4 of the Guaranties if his interpretation that the limitation to specific purchase orders, found in paragraph 1, is incorporated into paragraph 4 as well. If Mr. Harbin is correct, why would the drafter have included both paragraphs?

4. Defendant Michael Harbin says that Steelcase's interpretation, which does give independent meaning to paragraph 4, renders paragraph 1 meaningless, because the specific purchase orders referenced in paragraph 1 may not have in fact been filled. The simple answer to this argument is that if a purchase order had not been filled, then there would have been no debt owing by Harbin's, Inc. under that purchase order to be guaranteed by Michael Harbin.

The language of the Guaranties is clear and unambiguous, and paragraph 4 extended the guaranty liability of Michael Harbin (and his former wife) to indebtedness going beyond the specified purchase orders. The Court should therefore rule that the Guaranties are applicable to the indebtedness of Harbin's, Inc. reflected in the default judgment.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Plaintiff, Steelcase Inc.

Dated: June 10, 2005

By /s/ Jon G. March
    Jon G. March (P17065)
    Sara G. Lachman (P67523)
Business Address:
    250 Monroe Avenue, N.W., Suite 800
    PO Box 306
    Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700