UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEELCASE INC., a Michigan
corporation,

      Plaintiff,                             Case No. 1:04CV0026

v.                                                Honorable Robert Holmes Bell
                                                     Chief, U.S. District Judge

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

      Defendants.
_____/

**PLAINTIFF STEELCASE INC.'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S CLAIM OF PIERCING THE CORPORATE VEIL**

      This Reply Brief is filed in response to Defendant Michael G. Harbin's Brief in Response to Plaintiff Steelcase Inc.'s Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil dated June 28, 2005, to address the following matters.

      1.      **Procedural Status of the Motion.**  Defendant Michael Harbin appears to be under the misunderstanding that plaintiff Steelcase's Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil is not presently before the Court for decision. Plaintiff believes that this is incorrect. At the oral argument held on June 17, 2005 in this matter, plaintiff's counsel specifically indicated that he was addressing not only defendant Michael Harbin's motion for summary judgment on the piercing the corporate veil claim, but was also arguing in support of plaintiff's own motion for summary judgment on that claim. This fact is reflected in the Court's Minutes of the Motion Hearing in which it is indicated that there was a

"hearing on cross motions for summary judgment (Docket Nos. 114, 119, 149)." Docket No. 149 is Steelcase's Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil. Thus, defendant believes that the matter is presently before the Court for decision. Defendant's June 28th brief and related papers, coming <u>after</u> the oral argument, is improper and should not be considered without the Court also considering this Reply Brief.

2. **Defendant Michael Harbin Has Misrepresented the Record Evidence.**
Defendant Michael Harbin erroneously describes Steelcase's evidence of his abuses of the corporate form as "isolated incidents." (Harbin Brief, p. 18). To reach that erroneous conclusion, Mr. Harbin repeatedly misinterprets the record evidence which Steelcase has presented in support of its claim to pierce the corporate veil. For example, Mr. Harbin states that the "only instance" that Steelcase cites of Mr. Harbin's siphoning corporate funds for personal use is one rebate check in the amount of $1,598.00. (Harbin Brief, p. 10). In fact, plaintiff cited numerous instances where Mr. Harbin either deposited corporate checks into his own personal account and used the funds personally or took corporate funds from a corporate account and wrote a check to his personal account for personal use. (Plaintiff's Brief dated May 27, 2005, pp. 16-19). In each instance the source of the evidence is Mr. Harbin's own sworn testimony. Plaintiff does not intend to repeat its recitation of the factual record which is fully set forth in its original brief, but it does request the Court to compare that evidence against plaintiff's description of it. There is no question that Steelcase has submitted undisputed evidence, in the form of Mr. Harbin's own sworn testimony, that he repeatedly misused the corporate form and did so for personal gain.

3. **There Is a Nexus Between Mr. Harbin's Misuse of the Corporate Form and Steelcase's Losses.** After mischaracterizing Steelcase's proof of Mr. Harbin's abuse

2

of corporate formalities as "isolated incidents," Mr. Harbin then argues that there is no nexus between Mr. Harbin's wrongdoing and Steelcase's loss, and cites a Virginia circuit court case for the proposition that such a nexus must exist. (Harbin's Brief, pp. 17-18).

First, it should be noted that defendant cites no case, and plaintiff is aware of none, that holds that a defendant's abuse of the corporate form must be a proximate cause of plaintiff's loss. To the extent the requirement of a "nexus" exists at all, it is something far less. Nexus is defined simply as a "connection" or "link." *Webster's Third New International Dictionary.* This definition is consistent with one of the tests for piercing the corporate veil formulated by the Sixth Circuit Court of Appeals in *Bodenhamer Bldg. Corp. v. Architectural Research Corp.,* 873 F.2d 109, 112 (6th Cir. 1989):

> A court may find an identity between business entities and pierce the corporate veil upon proof of three elements: first, the corporate entity must be a mere instrumentality of another entity or individual; second, the corporate entity must be used to commit a fraud or wrong; third, there must have been an unjust loss or injury to the plaintiff. [citations omitted]

It is important to note that the Sixth Circuit did not include a causation element in its test. Rather, the plaintiff's loss need only be "unjust," implying some connection to defendant's "wrong," i.e., defendant's misuse of the corporate form.

Such a connection, such a nexus, does exist here. The wrongdoing of Mr. Harbin is connected to Steelcase's loss so as to make that loss "unjust." Of Mr. Harbin's wrongdoing resulting in the diversion of corporate funds for Mr. Harbin's personal use of which Steelcase is aware, most occurred in 2000 and 2001. (See the record citations set forth in Steelcase's initial brief.) By Mr. Harbin's own admission, his corporation was undercapitalized during the three-year period leading to its collapse. (Michael Harbin's testimony, Exhibit B to Steelcase's original Brief, page 31). Mr. Harbin states in his affidavit that Harbin's Inc. ceased doing

3

business in April, 2004. Accordingly, in 2000 and 2001, <u>immediately before and during</u> its period of undercapitalization and collapse, Mr. Harbin was commingling corporate funds and using corporate funds for his own personal uses. His wrongdoing and abuse of the corporate form occurred at a time when the corporation was undercapitalized and in financial trouble, leading to its ultimate failure and the unpaid debt to Steelcase. These facts provide a sufficient nexus between Mr. Harbin's misuse of both the corporate form and corporate assets and Steelcase's resulting loss. Mr. Harbin's misuse of corporate assets for personal uses was wrong. It impacted Steelcase, resulting in an unjust loss.

Michael Harbin argues that since Steelcase did business with Harbin's, Inc. for thirty-seven years it cannot be heard to complain about how Michael Harbin misused the corporate form and took corporate assets in the latter portion of that period. He argues that Harbin's, Inc. was not undercapitalized for all thirty-seven years, even though Steelcase has never contended otherwise. Mr. Harbin misses the point. By his own admission his business was undercapitalized at the very time he was taking corporate assets for his personal use, thereby exacerbating the situation. By his own admission his business was undercapitalized at the very time Steelcase was extending further credit for Steelcase product. There is a clear temporal connection, a "nexus," between Mr. Harbin's abuse of the corporate form, misuse of corporate assets, the company's financial condition, and Steelcase's loss.

Mr. Harbin cites <u>no authority</u> holding that before Steelcase can recover on a claim of piercing the corporate veil it must prove that he took money from the sale of Steelcase products. Mr. Harbin cites <u>no authority</u> holding that he can only be held liable on a claim of piercing the corporate veil to the extent that the corporate funds he took equates to Steelcase's loss. Mr. Harbin cites <u>no authority</u> holding that if plaintiff can only prove he took a small

4

percentage of the overall loss, he has no responsibility for having abused the corporate form and having taken corporate assets. He cites no such authority because there is none.

4. **There Is a Significant Public Policy at Issue Here.** Mr. Harbin states that "Steelcase has also failed to articulate any overriding public policy which would be circumvented if this Court recognizes the corporate form." (Harbin's Brief, p. 17). Mr. Harbin is wrong. The overriding public policy is that a person cannot abuse the corporate form of ownership and then hide behind it as a shield. That is exactly what Mr. Harbin has done and is seeking to do. The doctrine of piercing the corporate veil was intended to prohibit it.

5. **Conclusion.** All of Steelcase's evidence in support of its claim for piercing the corporate veil comes from Mr. Harbin's own sworn testimony. That evidence amply supports Steelcase's claim, and there is a sufficient connection between Mr. Harbin's wrongdoing and Steelcase's losses. Summary judgment should be issued in favor of Steelcase and against defendant Michael Harbin.

                                          Respectfully submitted,

                                          MILLER JOHNSON
                                          Attorneys for Plaintiff, Steelcase Inc.

Dated: July 13, 2005              By /s/ Jon G. March
                                            Jon G. March (P17065)
                                            Sara G. Lachman (P67523)
                                        Business Address:
                                            250 Monroe Avenue, N.W., Suite 800
                                            PO Box 306
                                            Grand Rapids, Michigan 49501-0306
                                        Telephone: (616) 831-1700