UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

       Plaintiff,

v

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

       Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

MILLER, JOHNSON, SNELL &
CUMMISKEY, P. L. C.
Jon G. March  (P17065)
Attorneys for Plaintiff
250 Monroe Avenue, N. W. - Ste 800
P. O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

HOPE D. PATTERSON
Defendant in Pro Se
5626 Mill Race Court
Atlanta, GA 30338

SILVERMAN, SMITH & RICE, P.C.
Robert W. Smith (P31192)
Attorneys for Defendant Michael G. Harbin
151 S. Rose Street
707 Comerica Building
Kalamazoo, MI 49007
(269) 381-2090

_____/

**BRIEF IN SUPPORT OF DEFENDANT MICHAEL G. HARBIN'S
MOTION TO STRIKE PLAINTIFF STEELCASE, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S CLAIM OF PIERCING THE CORPORATE VEIL**

**1.0    INTRODUCTION**

      Defendant Michael G. Harbin ("Harbin") filed a Motion for Summary Judgment on

April 29, 2005. Plaintiff Steelcase, Inc. ("Steelcase") filed a Motion for Partial Summary

Judgment on April 29, 2005. Both parties requested oral argument. The Court scheduled oral argument on those two motions for June 17, 2005.

On May 31, 2005, Steelcase filed its Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil. Steelcase did not ask for oral argument on that motion, and none was scheduled. Moreover, under Local Civil Rule 7.2(c) Harbin had 21 days after service of Steelcase's Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil within which to file a response brief. Harbin's response brief was filed on June 28, 2005, well after the cross-motions for summary judgment were argued. Local Civil Rule 7 contemplates that no argument will be scheduled until the opposing party has had an opportunity to respond to the motion. Accordingly, considering Steelcase's Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil, without giving Harbin a chance to respond in writing would have been improper. Any oral argument prior to Harbin having had his opportunity to respond would also have been improper.

Harbin's response to Steelcase's Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil was filed on June 28, 2005. Steelcase's Reply Brief in Support of Its Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil ("Steelcase's Reply Brief") was filed on July 13, 2005, 15 days later, in direct contravention of Local Civil Rule 7.2(c) which requires that reply briefs be filed within 14 days after service of the response brief. Steelcase's Reply Brief is impertinent and should be stricken under Fed. R. Civ. Proc. 12(f).

In the event that this Court chooses to deny Harbin's Motion to Strike Steelcase's Reply Brief as untimely, alternatively, Harbin requests this Court to strike the section of Steelcase's Reply Brief entitled "Procedural Status of the Motion" for the reason that Steelcase's Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil was not properly before the Court on July 12, 2005, the deadline for Steelcase's ability to file a reply brief. Local Civil Rule 7.2(d) indicates that the court may schedule oral argument or dispose of the motion without argument only at the end of the briefing scheduling. The briefing schedule is now complete. Any reference to an oral argument made prior to the end of the briefing schedule should be stricken as impertinent.

## 2.0 CONCLUSION

Steelcase's Reply Brief is untimely and should be stricken. Alternatively, at least the section of Steelcase's Reply Brief entitled "Procedural Status of the Motion" should be stricken for the reasons set forth above.

Dated: July 19, 2005

SILVERMAN, SMITH & RICE, P.C.
Attorneys for Defendant Michael G. Harbin

/s/ Robert W. Smith

Robert W. Smith (P31192)