UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEELCASE INC., a Michigan
corporation,

        Plaintiff,                   Case No. 1:04CV0026

v.                                   Honorable Robert Holmes Bell
                                   Chief, U.S. District Judge

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

        Defendants.
_____/

## PLAINTIFF STEELCASE INC.'S RESPONSIVE BRIEF
## TO DEFENDANT MICHAEL HARBIN'S MOTION TO STRIKE REPLY BRIEF

On July 19, 2005 defendant Michael Harbin filed his Motion to Strike plaintiff Steelcase Inc.'s Reply Brief in Support of its Motion for Summary Judgment on Plaintiff's Claim of Piercing the Corporate Veil.

The ground for defendant's motion to strike was that plaintiff's reply brief was filed 15 days after the date of the brief to which it responded, and was therefore one day late.

Plaintiff calls to the Court's attention that defendant's motion to strike was filed without any communication between counsel as was required under Local Rule 7.1(d). As soon as plaintiff's counsel reviewed the motion to strike and realized that the brief had been filed one day late, plaintiff filed a motion for leave to file the reply brief, which is pending. If the motion for leave to file the reply brief is granted, then defendant's motion to strike is moot.

As set forth in the motion for leave to file the reply brief, the failure to timely file was inadvertent.  Plaintiff believes the reply brief sets forth arguments and authority which will assist the Court in deciding the motions now before it, and the fact it was one day late will prejudice neither the Court nor defendant.

Defendant has further requested the Court that if its motion to strike the reply brief in its entirety is not granted, that the portion of the reply brief entitled "Procedural Status of the Motion" be stricken.  Plaintiff respectfully suggests that this is a tempest in a teapot.  Clearly at the oral argument on June 17, 2005, plaintiff's counsel indicated on the record that he was arguing both against defendant's motion for summary judgment on the piercing the corporate veil claim and in support of plaintiff's own motion for summary judgment on that claim.  Defendant's counsel raised no objection at that time.  In any event, defendant did file a further responsive brief dated June 28, 2005, to which the reply brief now in question before this Court was a response.  If the Court considers both the defendant's responsive brief and plaintiff's reply brief, then all the matters and arguments of the parties will be before the Court and the matter ripe for decision.

Accordingly, plaintiff requests that defendant's motion to strike be denied.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Plaintiff, Steelcase Inc.

Dated:  July 20, 2005            By  /s/ Jon G. March
                                         Jon G. March (P17065)
                                         Sara G. Lachman (P67523)
                                 Business Address:
                                         250 Monroe Avenue, N.W., Suite 800
                                         PO Box 306
                                         Grand Rapids, Michigan  49501-0306
                                 Telephone:  (616) 831-1700

2