UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

       Defendants.
_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

**PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL G. HARBIN'S
MOTION FOR CHANGE OF VENUE, OR ALTERNATIVELY, TO ADJOURN
THE TRIAL AND SETTLEMENT CONFERENCE**

**\*\*ORAL ARGUMENT REQUESTED\*\***

**Introduction**

Defendant Harbin has moved this Court, under 28 U.S.C. § 1404(a) to transfer the litigation that has been pending in this Court for 1 ½ years to the Middle District of Alabama. But to do so, defendant must carry the heavy burden of showing that the Middle District of Alabama is a notably more convenient forum and the balance of convenience is "strongly" in favor of the transfer. Defendant simply has not and cannot meet that burden.

Defendant's proposed alternative venue is a state in which neither plaintiff nor defendant resides nor does any potential witness but one, and this witness is unlikely to have any relevant testimony. In fact, defendant's argument for transfer is based almost entirely on the convenience of witnesses who are the agents of plaintiff — and notably who do not even reside in Alabama.

The most convenient place for this litigation is the Western District of Michigan. The plaintiff's choice of forum should not be disturbed, and defendant's motion should be denied.

## Summary of Relevant Facts

Steelcase originally filed an action against Harbin's, Inc., a former Steelcase dealer, on a past-due account. Subsequently, Steelcase amended its Complaint to add defendants Michael G. Harbin, the owner and operator of Harbin's, Inc., and Hope Harbin Patterson, Michael Harbin's former wife, on a claim to enforce personal guaranties. Then after sufficient evidence was uncovered through discovery, Steelcase again amended the Complaint to add a count against Michael G. Harbin alone to pierce the corporate veil.

A Default Judgment against Harbin's, Inc. was entered on December 1, 2004, awarding Steelcase Three Hundred Eighty-Five Thousand Two Hundred Seventy-Five and 79/100 Dollars ($385,275.79), plus further accrued interest and costs.

On August 4, 2005, the parties agreed upon and filed a Proposed Final Pretrial Order (Docket No. 167), and on August 8, 2005 the final pretrial conference was held before Magistrate Judge Scoville. While there were a few changes made in the Proposed Final Pretrial Order, (the actual Final Pretrial Order has not yet been submitted for entry), mostly incorporating Magistrate Judge Scoville's rulings on objections to exhibits, <u>no changes were either made or requested in the proposed witnesses to be called by defendant Michael Harbin</u>. Mr. Harbin listed thirteen witnesses, only one of whom lives in Alabama. Significantly, the Proposed Final Pretrial Order addressed <u>all</u> the claims in the case, including the claim of piercing the corporate veil.

Subsequently, on August 11, 2005, after having heard oral argument on cross motions for summary judgment, this Court entered judgment in favor of defendants Michael Harbin and Hope Harbin Patterson on Count II to enforce the Guaranties but denied both parties' motions for summary judgment on Count III to pierce the corporate veil. (Docket No. 169.) Thus, all that remains to proceed to trial is Count III of Plaintiff's Second Amended Complaint against defendant Michael Harbin to pierce the corporate veil.

Defendant Michael Harbin has earlier filed a Motion for Change of Venue, or Alternatively, to Adjourn the Trial and Settlement Conference. (Docket No. 124). Steelcase initially responded with a Motion to Hold in Abeyance Defendant Michael G. Harbin's Motion for Change of Venue. (Docket No. 127.) Shortly thereafter, on May 25, 2005, this Court issued a Scheduling Order in which Steelcase was given fourteen days following the resolution of the cross motions for summary judgment to file a response to defendant Michael Harbin's motion for change of venue. (Docket No. 140.) Steelcase responds to that motion in this brief.

**Law & Argument**

I. **THE REMAINING CLAIM AGAINST DEFENDANT SHOULD NOT BE TRANSFERRED AS DEFENDANT HAS NOT MET HIS HEAVY BURDEN TO SHOW ANOTHER FORUM TO BE MORE CONVENIENT.**

Defendant Harbin argues that the remaining claim against him to pierce the corporate veil should be transferred to the U.S. District Court for the Middle District of Alabama under 28 U.S.C. § 1404(a).

Section 1404(a) allows for the change of venue "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." Yet, "[i]t is not enough . . . that the [moving party] would

3

prefer another forum, nor is it enough merely to show that the claim arose elsewhere. Nor will transfer be ordered if the result is merely to shift the inconvenience from one party to the other." 15 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3848, pp. 383-386 (2d ed. 1986) (internal citations omitted). Rather, defendant must show "that the balance of convenience [is] strongly in favor of the moving party before a transfer will be ordered." *Id*., at 389 (citing to *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951)) (emphasis added). This is a burden that defendant does not, and cannot, meet.

To determine whether a moving party has met the heavy burden, a court must weigh a number of factors. These factors include:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice, a term broad enough to cover the particular circumstances of each case.

*Steelcase Inc. v. Smart Technologies Inc.*, 336 F. Supp.2d 714 (W.D. Mich. 2004). Courts may also consider public-interest concerns. These include:

> (i) the enforceability of the judgment; (ii) the practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law.

*Id.* Most § 1404(a) factors favor venue in the Western District of Michigan.

### A. **Plaintiff's Choice Of Forum Heavily Weighs In Favor Of Denying Defendant's Motion To Transfer.**

Importantly, as a general rule, the plaintiff's choice of forum is given substantial weight and will not be disturbed unless the other factors weigh heavily in

4

favor of transfer. *Steelcase Inc.*, 336 F. Supp.2d at 720; *Shutte v Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (plaintiff's choice of forum is of paramount concern); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989), cert. denied, 493 U.S. 935 (1989) ("the plaintiff is generally entitled to choose the forum"); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (plaintiff's privilege of choosing forum is "highly esteemed"); *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994) (plaintiff's choice of forum is entitled to "great deference"). In fact, as held by Judge Gordon J. Quist for the Western District of Michigan a mere 18 months ago, in *Steelcase Inc. v. Smart Technologies Inc.*, *supra*:

> One of the **most significant factors in considering whether venue should be transferred is the plaintiff's choice of forum**. In general, a plaintiff's choice of forum is entitled to substantial consideration in balancing the § 1404(a) factors. **This is especially true where the plaintiff also resides in the chosen forum**. (Emphasis added) (internal citations omitted).

Thus, as Steelcase resides in the Western District of Michigan and chose this District as the forum for the litigation, this factor should be given substantial weight and heavily favors keeping the final stage of this litigation in the Western District of Michigan.

  B. **There Is No Credible Argument That Convenience Of The Parties And Witnesses Weighs In Favor Of A Transfer.**

The Western District of Michigan is just as convenient if not more convenient for parties and witnesses than the Middle District of Alabama.

Steelcase resides in the Western District of Michigan. Neither plaintiff nor defendant resides in the Middle District of Alabama (although Mr. Harbin states he maintains an apartment there). Thus, it is truly impossible to say that a transfer would

5

create more convenience for the parties. At its best, it would create a shift in the inconvenience between the parties, which does not justify a transfer.

The Western District is just as convenient if not more convenient for the witnesses as well. In the parties' Proposed Final Pretrial Conference Order (Docket No. 167), defendant Harbin listed a total of 13 witnesses: <u>four</u> of whom reside in Michigan; two of whom reside in Florida; six of whom reside in Georgia; and only <u>one</u> of whom resides in Alabama.[1] Defendant claims that transfer to Alabama is necessary for convenience of the witnesses; however, <u>only one potential witness is located in Alabama.</u> There are four potential witnesses in the present venue.

Defendant has also listed six witnesses in the nearby state of Georgia — but <u>five of them are employees of plaintiff</u>. Defendant can hardly justify his request for a transfer to Alabama over concern for the agents of plaintiff when it was plaintiff who purposefully filed the action in the Western District.

Further, there is no certainty that any of these witnesses listed would in fact be called to testify or whether they would have relevant testimony. Yet, "[i]t is the materiality of the prospective witnesses['] testimony, and <u>not merely the number of prospective witnesses [that] will determine the extent to which their convenience will be weighed</u>. James Wm. Moore, MOORE'S FEDERAL PRACTICE § 111.13[1][f], p. 111-83 (3d ed. 2005) (emphasis added) (internal citations omitted). To demonstrate witness inconvenience, the party seeking transfer:

> must specifically list the evidence and witnesses on which
> the party intends to rely in the transferee district, along with
> a general statement of the topics of each witness'

---

[1] In Mr. Harbin's Affidavit supporting his change of venue motion, he listed 14 witnesses who lived in Alabama and would testify on the piercing claim. Plaintiff doubted that any or all of these persons would actually be witnesses, and none of them submitted affidavits in support of or in opposition to the Summary Judgment motions. Plaintiff's suspicion was confirmed when none of them were listed in the Proposed Final Pretrial Order.

6

>   testimony. . . . Absent such a showing, the motion should
>   be denied."

*Id*. (citing *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995).

Defendant has failed to show or even attempt to show that any of the potential witnesses are likely to have relevant testimony. Actually, all but three of the witnesses listed are identified as those who "*may* be called." (Emphasis added.) And, in fact, it is quite likely that none of them will be called to testify regardless of where the trial is conducted. Had any of the potential witnesses possessed relevant information, one would expect that their affidavit would have accompanied defendant's brief in support or in response to motions for summary judgment. Yet, no such affidavit was proffered.

Additionally, if any witnesses would be inconvenienced by travel, their testimony may be by deposition bene esse. *Steelcase Inc.*, 336 F. Supp.2d at 721 ("To the extent that these witnesses' testimony can be presented by deposition, inconvenience to the witnesses would not be an issue") In fact, defendant, in his brief in support of this motion, p. 6, states that he anticipates deposing the additional witnesses bene esse. Thus, there should be no issue whatsoever with the convenience of these witnesses. Testimony handled in this manner would be the most convenient option for any of the witnesses regardless of where the trial is held.

### C. There Is No Basis To Transfer The Action For Relative Ease Of Access To Sources Of Proof.

Defendant's assertion that the relative ease of access to sources of proof weighs in favor of transfer is untenable.

First, Steelcase submitted document requests to defendant seeking corporate and financial records that would illuminate Michael Harbin's dealings with his corporation. While some documents were produced, most were not because, according to Mr. Harbin, it is his belief that "they're in the Montgomery County [Alabama] landfill."

7

(Michael Harbin Dep, at 7-12, 14-16, 121.) Defendant confirmed this assertion in his Brief In Support Of Defendant Michael G. Harbin's Motion for Summary Judgment, Docket No. 115, p. 16, where he stated that he "left [most of the corporate records] behind when Harbin's, Inc. closed its doors for the final time. To his knowledge they were destroyed when the bank took possession of the building and sold it." If there are additional corporate records on the issues involved in piercing, those should have been produced to Steelcase pursuant to the document request. If there are not, then all relevant documents are already in the Western District of Michigan.

Second, any third parties possessing additional relevant documents can easily and efficiently produce those records in the Western District of Michigan. See *Steelcase Inc.*, 336 F. Supp.2d at 722 (holding that without an indication of why it would be overly burdensome to produce documents in the current forum, an argument to transfer amounts to no more than a shift in the inconvenience from one forum to another). Also, attorneys for both parties are in the Western District of Michigan; thus, any documentary evidence will travel here regardless.

**D. In The Interests Of Justice, The Western District Of Michigan Is The Proper Forum For The Trial On The One Remaining Claim.**

This case has been pending in this District for 1 ½ years. This Court has heard and decided cross motions for summary judgment. A trial date has been set for late September, and although there is an uncontested motion to adjourn the trial, trial would occur in this District in 2005. The case should remain in this District for trial.

8

## II. THERE IS NO LEGITIMATE NEED TO ADJOURN TRIAL TO ALLOW DEFENDANT ADDITIONAL TIME FOR DISCOVERY GIVEN THAT ALL DISCOVERABLE, RELEVANT EVIDENCE IS IN THE DEFENDANT'S HANDS.

Defendant requests as alternative relief that this Court adjourn trial to provide an opportunity for defendant to conduct additional discovery. Discovery closed 4 ½ months ago. But not only has discovery long-since closed, no additional time for discovery is needed.

Defendant Harbin contends that additional time is needed to interview potential witnesses. But this is incredible. For example, Courtney Harbin, who defendant intends to call as a witness is the wife of Michael Harbin. An argument that formal discovery needs to be taken by the defendant from his own wife cannot be seriously maintained. In regards to any potential witnesses who are the agents of plaintiff, defendant has failed to assert any basis as to what relevant testimony those agents may have, and it is difficult to conceive of what their relevant testimony would be: what is important in a piercing claim is whether defendant abused the corporate form, not how Steelcase conducted its business. (See Defendant's Brief, p. 6 "The gravamen of a piercing claim is a misuse of the corporate form.")

Defendant Harbin also claims additional discovery is needed "to discover what, if any, evidence will rely upon to support its piercing claim." See Defendant's Brief p. 6. As stated in oral argument and as evident in the Final Pretrial Conference Order, plaintiff proffered nearly all evidence that it had in its motion for summary judgment on the claim to pierce the corporate veil. The only additional evidence is likely to come from the defendant and his former wife. Thus, this argument of defendants is without support.

9

In short, all of discoverable information relevant to a claim to pierce the corporate veil — of the corporation defendant Harbin owned — is in the defendant's hands. We are on the eve of a conclusion to this litigation. This push for an extension in discovery is nothing more than a strategic attempt to delay trial and further discourage plaintiffs from pursuing the claim.

## Conclusion

For the reasons stated above, plaintiff respectfully requests that the Court deny defendant Michael Harbin's motion in its entirety.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Plaintiff, Steelcase Inc.

Dated: August 25, 2005     By   /s/ Jon G. March
                                Jon G. March (P17065)
                                Sara G. Lachman (P67523)
                             Business Address:
                                250 Monroe Avenue, N.W., Suite 800
                                PO Box 306
                                Grand Rapids, Michigan  49501-0306
                             Telephone:  (616) 831-1700

Case 1:04-cv-00833-RHC ECF No. 78 filed 08/25/2005 PageID.1010 Page 10 of 10