# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEELCASE, INC. a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S INC., an Alabama
corporation, MICHAEL G. HARBIN
and HOPE D. HARBIN PATTERSON (now
HOPE DUNCAN PATTERSON),

       Defendants.

Case No.: 1:04cv0026
Hon. Robert Holmes Bell
Chief, U. S. District Judge

_____/

| MILLER, JOHNSON, SNELL & CUMMISKEY, P. L. C. | SILVERMAN, SMITH & RICE, P.C. |
|---|---|
| Jon G. March (P17065) | Robert W. Smith (P31192) |
| Attorneys for Plaintiff | Attorneys for Defendant Michael G. Harbin |
| 250 Monroe Avenue, N. W. - Ste 800 | 151 S. Rose Street |
| P. O. Box 306 | 707 Comerica Building |
| Grand Rapids, MI 49501-0306 | Kalamazoo, MI 49007 |
| (616) 831-1700 | (269) 381-2090 |

_____/

**REPLY BRIEF OF DEFENDANT MICHAEL G. HARBIN
TO PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL G. HARBIN'S
MOTION FOR CHANGE OF VENUE, OR ALTERNATIVELY, TO ADJOURN
THE TRIAL AND SETTLEMENT CONFERENCE**

**(ORAL ARGUMENT REQUESTED)**

## 1.0   BACKGROUND INFORMATION

After the default judgment was granted in favor of Defendant Harbin's, Inc. ("Harbin's, Inc."), and the partial granting of summary judgment to Defendants Michael G.

Harbin ("Harbin") and Defendant Hope D. Patterson ("Patterson"), there remains one claim for trial. That claim is whether or not the corporate veil of a former retail office dealer in Montgomery, Alabama should be pierced, and Harbin a former resident of Montgomery, Alabama and current resident of Florida, should be personally exposed to liability for the corporate debt in the State of Michigan.

Harbin's Motion for Change of Venue, or Alternatively, to Adjourn the Trial and Settlement Conference ("Venue Motion") was filed on May 2, 2005; discovery had closed on March 31, 2005. The Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint was entered on April 8, 2005, eight days after the close of discovery. Plaintiff Steelcase, Inc.'s ("Steelcase") Second Amended Complaint was the first pleading alleging the piercing claim. **Harbin has never had the opportunity to conduct discovery regarding the piercing claim.**

## 2.0   LAW AND ARGUMENT

In Plaintiff's Response to Defendant Michael G. Harbin's Motion for Change of Venue, or Alternatively, to Adjourn the Trial and Settlement Conference ("Response Brief"), it argues that Harbin agreed to the Final Proposed Pretrial Order in which Harbin listed 13 witnesses, only one of whom lives in Alabama. As indicated in Harbin's affidavit **(Exhibit A)**, he listed 17 additional witnesses, 14 of which live in Alabama, in his Venue Motion. Also see Affidavit of Michael G. Harbin, Jr. in Support of Motion for Summary Judgment, or Alternatively, Transfer of Venue **(Exhibit B)**. Those additional witnesses, with the exception of Courtney Harbin who Steelcase objects to, were not listed in the Proposed Final Pretrial Order because Harbin does not have the financial wherewithal to arrange for

their appearance in Michigan, nor does he have the financial wherewithal to pay his attorney to depose them in Alabama, Florida, and Tennessee. Consequently, if Harbin is forced to defend this case in Michigan, he does not have the financial resources to present an adequate defense. Of course, Steelcase knows this and that is why it is so strenuously attempting to avoid a change of venue.

In its Response Brief, Steelcase points out that it

> ...proffered nearly all evidence that it had in its motion for summary judgment on the claim to pierce the corporate veil. The only additional evidence is likely to come from the defendant and his former wife (p. 9).

Based on the "evidence" cited by Steelcase to support its Motion for Summary Judgment on the piercing claim, and its statements about additional evidence coming only from Harbin and his former wife Patterson, it is clear that the only two witnesses Steelcase intends to call in this case will be Harbin, a resident of Florida, and Patterson, a resident of Georgia.

With the exception of Harbin and his wife Courtney, all of the witnesses listed by Harbin in the Proposed Final Pretrial Order would have testified with respect to the guaranties. That issue is no longer of any relevance. The out-of-state witnesses were not listed because Harbin knew very well that he could not afford to depose them, or bring them to Michigan.

The factors Steelcase suggests this Court consider in deciding this Venue Motion (Response Brief - p. 4), citing <u>Steelcase, Inc. v Smart Technologies, Inc.,</u> 336 F. Supp. 2d 714 (W. D. Mich. 2004) are:

---

Steelcase, Inc. v Harbin's, Inc., et. al.
**Reply Brief of Defendant Michael G. Harbin**          (Page 3)                    Case No.: 1:04cv0026

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice, a term broad enough to cover the particular circumstances of each case.

And, the Court may also consider public interest concerns such as (id):

> (i) The enforceability of the judgment; (ii) the practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest and deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law.

These factors uniformly weigh in favor of a change of venue to the Middle District of Alabama because:

1. Inasmuch as Steelcase does not intend to call any Michigan witnesses, and it does business in Alabama, who is the Western District convenient for? Certainly not Steelcase's witnesses (Harbin and Patterson). Inasmuch as Steelcase has no intention of calling any Michigan witnesses, the Middle District of Alabama is a far more convenient forum for any witnesses which might be called.

2. It is true that there are few business records remaining, however, if this case is transferred to the Middle District of Alabama there may be records still available from Harbin's former business partners, Harbin's, Inc.'s bank, suppliers, customers, the church that purchased its building, and/or the bank where Harbin had his personal bank account. So, to the extent that there may be some business records available, they would only be available through the subpoena process in Alabama.

3.      Inasmuch as most of the additional witnesses are located in Alabama, process is available to compel their attendance.

4.      Clearly, the cost of bringing willing witnesses from Alabama to Michigan is beyond the financial resources of Harbin.

5.      The practical problems associated with trying the case in Michigan are simply that it is too expensive for Harbin to consider paying for an adequate defense.

6.      The interest of justice clearly militates in favor of this case being transferred to the Middle District of Alabama. Harbin had no time to conduct any discovery on the piercing claim. All of his witnesses are either located in the Middle District of Alabama, or within driving distance. Steelcase indicates that it will call no Michigan witnesses. Harbin cannot afford to mount an adequate defense in Michigan. The only conceivable reason for Steelcase to oppose a change of venue is its knowledge that Harbin will not be able to present an adequate defense in Michigan.

7.      Clearly, Alabama has an interest in determining whether the corporate veil of an Alabama corporation should be pierced.

8.      An Alabama trial judge would likely have a better grasp of Alabama law with respect to the claim of piercing the corporate veil than would this Court.

9.      Steelcase points out that Harbin's brief in support of his Venue Motion stated that he "anticipates deposing the additional witnesses de benne esse." When that brief was filed on May 2, 2005, that was counsel's intention. However, Harbin has since come to the conclusion that he simply cannot afford a full defense of Steelcase's claims in the Western District of Michigan.

Case 2:04-cv-00026-RTR-SCD Document 182 Filed 09/02/2005 Page 6 of 7

10. In opposing Harbin's request for an adjournment, if the Court decides not to transfer venue, Steelcase objects to giving Harbin time to conduct discovery on the piercing claim. Steelcase not only gratuitously offers the opinion that no additional time for discovery is needed, but frivolously suggests that the only additional witness listed by Harbin is his wife Courtney, and, of course, formal discovery would not be necessary to obtain discoverable information from Courtney. Steelcase does not acknowledge the fact that it objects to the testimony of Courtney due to surprise, in spite of the fact that it had Harbin's affidavit almost four months ago disclosing her role as a potential witness.

Steelcase's Second Amended Complaint alleges a number of specific allegations against Harbin that allegedly support its piercing claim. Some of these include co-mingling of funds, using corporate funds for his own personal use, disregarding the corporate existence, failing to safeguard records, personally guaranteeing corporate debt, operating an under-capitalized business, operating Harbin's, Inc. for his own personal interest such that it was his alter ego, and that all of this behavior was an injustice to Steelcase. Harbin has never had an opportunity to file requests for admissions, interrogatories, or requests for production of documents, with respect to any of these allegations. It is inconceivable that Harbin would be required to defend this new legal theory without being given the opportunity to conduct some discovery to at least probe Steelcase's legal theory and the alleged facts which support it.

Finally, it is disingenuous in the extreme for Steelcase to argue that Harbin should not have the opportunity to conduct discovery. Immediately after Harbin filed his Motion for Change of Venue, or Alternatively, to Adjourn the Trial and Settlement Conference,

Steelcase asked this Court to hold the motion in abeyance and the Court did. The motion has been held in abeyance for almost four months. Steelcase now seeks to take advantage of Harbin through its procedural gamesmanship by arguing that Harbin is the cause for delay and that this is a defense tactic to prevent Steelcase from bringing this case to trial. This Court ought not permit such procedural gamesmanship. At the very least, Harbin ought to be given 90 days to conduct discovery.

### 3.0 CONCLUSION

The only way that Harbin will have the financial wherewithal to defend the claims against him would be if this Court transfers venue of this case to the Middle District of Alabama. Otherwise, he must defend this case without witnesses and without access to records which may very well support his defenses. In any event, if the Court chooses to deny Harbin's Venue Motion, he requests that this Court grant him a minimum of 90 days to conduct discovery, including the ability to propound at least 25 interrogatories, and that trial be adjourned until subsequent to the completion of the discovery.

Dated: September 1, 2005

SILVERMAN, SMITH & RICE, P.C.
Attorneys for Defendant Michael G. Harbin

/s/ Robert W. Smith
Robert W. Smith (P31192)