UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan corporation,

        Plaintiff,

v.

HARBIN'S, INC., an Alabama corporation, MICHAEL G. HARBIN, and HOPE D. HARBIN PATTERSON,

        Defendants.

_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RULE 54(b) CERTIFICATION OF JUDGMENT

**\*\* EXPEDITED CONSIDERATION REQUESTED\*\***

Steelcase Inc. moves this Court to certify under Fed. R. Civ. P. 54(b) the Judgment entered on August 11, 2005, in favor of defendants Michael Harbin and Hope Harbin Patterson on Count II of Steelcase's Second Amended Complaint to enforce the personal guaranties.

Under Rule 54(b), certification of judgment, allowing fewer than all claims in a multi-claim litigation to be appealed before final adjudication of all claims, is proper where 1) the judgment on the claim sought for certification is final, and 2) there is no just reason for delay of entering final judgment.

In this litigation, the judgment on the claim to enforce the guaranties is final, as there are no remaining issues for the trial court to decide on that claim. There is also no just reason for delay. The claim to enforce the guaranties is factually and legally

967031 8810-492 9/7/05

1

unrelated to the claim seeking to pierce the corporate veil, which is the only claim remaining for trial. An appellate ruling on the guaranties claim would have no effect on Steelcase's claim to pierce the corporate veil.

Importantly, delay may in fact prejudice Steelcase. Defendant Michael Harbin has moved this Court to transfer venue to the Middle District of Alabama. While Steelcase vigorously opposes that motion, should the motion be granted, an appeal on the guaranties claim would presumably be heard by the Eleventh Circuit, not the Sixth Circuit. Since Michigan law controls the legal issues involved in the guaranties claim, the Sixth Circuit is better positioned to hear that appeal. Further, if the guaranties claim were to be remanded for trial, it would not be heard by this Court, the court that is familiar with the applicable state law, the facts, and underlying procedural history of the case already spanning 19 months.

Thus, certification of judgment is not only proper as there is no just reason for delay, but it would also assure that the appellate and trial courts most familiar with the applicable law (and in the case of the trial court, the facts) would resolve these issues.

**Relevant Procedural History**

Steelcase originally filed an action against Harbin's, Inc., a former Steelcase dealer, on a past-due account. Steelcase first amended its Complaint to add defendants Michael G. Harbin, the owner and operator of Harbin's, Inc., and Hope Harbin Patterson, Michael Harbin's former wife, on a claim to enforce personal guaranties. Subsequently, Steelcase amended the Complaint to add a count against Michael G. Harbin alone to pierce the corporate veil.

All but one of those claims has been decided. A Default Judgment against Harbin's, Inc. was entered on December 1, 2004, awarding Steelcase Three Hundred Eighty-Five Thousand Two Hundred Seventy-Five and 79/100 Dollars ($385,275.79), plus further accrued interest and costs. Then on August 11, 2005, after having heard oral argument on cross motions for summary judgment, this Court entered judgment in favor of defendants Michael Harbin and Hope Harbin Patterson on Count II to enforce the guaranties. This Court denied both parties' motions for summary judgment on Count III to pierce the corporate veil. (Docket No. 169). Thus, only the single count against defendant Michael Harbin to pierce the corporate veil remains to be tried.

On May 2, 2005, defendant Michael Harbin filed a Motion for Change of Venue, or Alternatively, to Adjourn the Trial and Settlement Conference. (Docket No. 124). Steelcase has timely responded opposing that motion. (See Docket No. 178). The motion remains pending.

**Law & Argument**

**I.  LEGAL STANDARD FOR CERTIFICATION OF FINAL JUDGMENT UNDER RULE 54(b).**

"A district court may certify an order as final and appealable 'as to one or more but fewer than all the claims . . . only upon an express determination that there is no just reason for delay. . . .'" *Local Union No. 1812 v. Bethenergy Mines, Inc.*, 992 F.2d 569, 571-72 (6th Cir. 1993). Certification of judgment may be sought at any time prior to the entry of judgment that disposes of all claims, but absent certification, appeal will be delayed until the final conclusion of the trial court's proceedings. Fed. R. Civ. P. 54(b); *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed. Cir. 1996).

3

Judicial policy generally disfavors "piecemeal" appellate litigation, (*see, Good v Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997); *see also Curtiss-Wright v. General Electric Co.*, 466 U.S. 1, 8 (1980)). Rule 54(b), however, expressly contemplates the entry of final judgments on fewer than all of the claims in one action, leaving the decision to "express[ly] direct[ ] for the entry of judgment" to the broad discretion of the district court. Application of the Rule must then "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Good v Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997) (internal citations omitted).

To best balance these competing interests, courts consider:

- the relationship between the adjudicated and unadjudicated claims;

- the possibility that the need for review might or might not be mooted by future developments in the District Court;

- the possibility that the reviewing court might be obliged to consider the same issue a second time;

- the presence or absence of a claim or counterclaim that could result in setoff against the judgment sought to be made final; and

- miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*See General Acquisition, Inc. v. GenCoro, Inc.*, 23 F.3d 1022 (6th Cir. 1994); *Local Union No. 1812 v. Bethenergy Mines, Inc.*, 992 F.2d 569, 571-72 (6th Cir. 1993). Some but not necessarily all of these factors may be relevant in a particular case.

If certification is granted, the Court must not merely enter an order stating that there is no just reason for delay. *Daleure v. Commonwealth of Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001). Rather an order must expressly state that judgment is final and

4

"clearly explain why it has concluded that immediate review of the challenged ruling is desirable." *See id*. (emphasis omitted).

## II. CERTIFICATION OF FINAL JUDGMENT IS APPROPRIATE TO ALLOW IMMEDIATE APPELLATE REVIEW OF THE CLAIM TO ENFORCE THE GUARANTIES AS THERE IS NO JUST REASON FOR DELAY AND STEELCASE MAY BE PREJUDICED IF CERTIFICATION IS NOT GRANTED.

This Court's judgment on the claim to enforce the guaranties is a final judgment on that particular claim, (see Order and Partial Judgment, Docket No. 172), because the judgment "end[ed] the litigation [of that claim] on the merits and le[ft] nothing for the court to do but execute the judgment" entered on that claim." *Ginnett v Computer Task Group, Inc*., 962 F.2d 1085, 1092 (2d Cir. 1992) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

Further, there is no just reason for delay for appeal on this claim. Both the factual and legal underpinnings of the guaranties claim and piercing claim are distinct and independent. Proofs on the two claims are unrelated,[1] and the outcome of the piercing claim would not be affected in any way by a ruling on the guaranties claim. Thus, there is no possibility that the need for appellate review might or might not be mooted by future developments by this Court on the piercing claim. Similarly, there is no possibility that the appellate court would be required to consider the same issue a second time.

---

[1] A controlling party having executed personal guaranties on behalf of the corporation is evidence that supports a claim to pierce the corporate veil, and the execution of the guaranties is an element to a claim to enforce the guaranties; however, there has never been any dispute as to whether defendant Michael Harbin did in fact execute the guaranties.

5

Not only is there no just reason for delay, but delay may prove prejudicial if this Court ultimately transfers venue to Alabama. Defendant Michael Harbin has requested that this Court transfer jurisdiction over this litigation to the Middle District of Alabama, which Steelcase opposes. If jurisdiction is so transferred, Steelcase would presumably be forced to appeal the judgment on the guaranties claim to the Eleventh Circuit. This would be prejudicial to Steelcase for several reasons. First, the Eleventh Circuit is unlikely to be as familiar as the Sixth Circuit with the law applicable to interpretation of the guaranties — the laws of the State of Michigan. Second, if the claim were remanded to trial, it would be tried by a court other than that which is familiar with the issues involved in the guaranties claim. This Court has heard cross motions for summary judgment on the scope of the guaranties and has shepherded the litigation for 19 months. Third, Steelcase is a Western Michigan based corporation. Steelcase is most likely to bring any future litigation to enforce similar guaranties in this District. In fact, other Steelcase dealers have executed guaranties with language identical or highly similar to that in the guaranties at issue here. Yet, if the Eleventh Circuit were to hold that the guaranties were of a continuing nature rather than a limited one, the decision would be merely persuasive, unlike the Sixth Circuit where the decision would have a binding effect on all future litigation in this District. These concerns are, of course, obviated if venue remains in this Court.

Additionally, defendant Michael Harbin has requested that discovery be reopened in relation to the claim to pierce the corporate veil. If this request is granted, Steelcase could face several more months of waiting to appeal a decision that affects the enforceability of its guaranty and the collection of a substantial default judgment. Based

on several statements made by defendant Michael Harbin during these proceedings, ultimate collectibility could be adversely impacted by delay.

## Conclusion

Plaintiff therefore requests that the Judgment in favor of defendants Michael Harbin and Hope Harbin Patterson be certified under Rule 54(b) expressly directing the entry of final judgment and setting forth why there is no just reason for delay to appeal this claim.

MILLER JOHNSON

Dated: September 7, 2005     By /s/ Sara G. Lachman
                                            Jon G. March (P17065)
                                            Sara G. Lachman (P67523)
                                            Attorneys for Plaintiff, Steelcase Inc.
                                            250 Monroe Avenue, N.W., Suite 800
                                            PO Box 306
                                            Grand Rapids, Michigan 49501-0306
                                            (616) 831-1700

967031 8810-492 9/7/05