UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEELCASE INC., a Michigan
corporation,

        Plaintiff,                         Case No. 1:04CV0026

v.                                      Honorable Robert Holmes Bell
                                      Chief, U.S. District Judge
HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

        Defendants.
_____/

**EXHIBIT A TO PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
LEAVE TO FILE RESPONSE TO REPLY BRIEF OF DEFENDANT
MICHAEL HARBIN REGARIDNG MOTION FOR CHANGE OF VENUE**

## EXHBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEELCASE INC., a Michigan
corporation,

          Plaintiff,                              Case No. 1:04CV0026

v.                                            Honorable Robert Holmes Bell
                                                Chief, U.S. District Judge

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

          Defendants.
_____/

## PLAINTIFF'S RESPONSE TO REPLY BRIEF OF DEFENDANT MICHAEL G. HARBIN REGARDING MOTION FOR CHANGE OF VENUE

       This brief is submitted by plaintiff Steelcase Inc. to respond to positions taken by defendant Michael G. Harbin for the first time in his reply brief dated September 1, 2005 supporting his motion for change of venue.  Mr. Harbin's newly crafted arguments do not withstand scrutiny.

       1.      <u>Mr. Harbin's Assertion Concerning His Intent To Call Alabama Witnesses Does Not Withstand Scrutiny</u>.  Michael Harbin asserts that venue should be changed to Alabama because he would call several witnesses who live in Alabama or neighboring states.  In support of that statement he points to his affidavit dated April 27, 2005 in which he listed 17 such witnesses.  Steelcase believes that Mr. Harbin's assertion that he would call these witnesses is disingenuous and should be viewed by the Court with great skepticism for the following reasons.

First, none of these witnesses (with the exception of Courtney Harbin, Mr. Harbin's present wife) was listed in the Proposed Final Pretrial Order. Revisions to the Proposed Final Pretrial Order to incorporate the Court's rulings on the admissibility of exhibits and related matters was submitted to counsel for defendant Michael Harbin on September 1, 2005, but he has not, as of the date of this brief, responded

Second, none of these witnesses (again with the exception of Mrs. Harbin) was mentioned or discussed at the Final Pretrial Conference held on August 8, 2005. Neither Mr. Harbin, who was present in court, nor his attorney, at any time suggested that there were other witnesses, not listed in the Proposed Final Pretrial Order, that they intended to call.

Third, neither Mr. Harbin, nor his attorney, made any suggestion at the Final Pretrial Conference, either on the record to the Court or at any time to plaintiff's counsel, that there were other witnesses they would like to call but could not afford to do so if the case was tried in Michigan.

Fourth, even though it is clear that the Proposed Final Pretrial Order deals with the factual and legal issues involved in the piercing the corporate veil claim, as noted above not one word was written or spoken about these alleged witnesses.

Fifth, Michael Harbin never submitted affidavits from any of these witnesses in support of his motion for summary judgment or opposing plaintiff's motion for summary judgment on the piercing the corporate veil claim. If any of these witnesses had material testimony, one would assume that he would have sought an affidavit. Nor did Mr. Harbin submit an affidavit pursuant to Fed. R. Civ. P. 56(f) that he was unable, for any reason whatsoever, to submit an affidavit from any of these witnesses.

Sixth, in his most recent affidavit submitted to this Court (dated August 31, 2005), Mr. Harbin admits that there has been no determination made as to which, if any, of these witnesses will be called to testify. (¶ 6)

2. <u>Any Out-of-State Witnesses Can Testify By Deposition</u>. Even if Mr. Harbin intended to call any of these witnesses to support his defense, he could clearly take their depositions *de bene esse* for use at trial. In fact, at page 6 of his original brief, he indicated he intended to do just that. Now, however, he says he cannot afford to do so. But if these witnesses are going to testify at any trial, whether in Alabama or in Michigan, someone is going to have to spend the time subpoenaing them, preparing them to testify, and conducting the direct examinations. Mr. Harbin says that he cannot pay his attorney in Michigan to travel to Alabama, Florida, and Tennessee to take the depositions of these witnesses, but he indicates that if the case is tried in Alabama, he will retain local counsel "to interview them." He does not explain why his Alabama counsel could not conduct the depositions for use in Michigan. Even a cursory examination of the docket in this case reveals that Mr. Harbin has vigorously defended this case through retained counsel. In addition, he now asks that discovery be reopened. It is incredible to believe he could not afford deposition transcripts of any witnesses he does depose.

3. <u>Mr. Harbin Does Not Specify Any Alabama Exhibits</u>. Mr. Harbin admits that there are "few business records remaining," but then claims there might be records from other sources. Yet he never states that there are in fact relevant records available, and <u>none were listed in the Proposed Final Pretrial Order</u>.

4. <u>Michigan Witnesses</u>. In the Proposed Final Pretrial Order Steelcase has listed four Michigan witnesses. Steelcase anticipates that at least one of those witnesses will be

called to testify concerning Steelcase's lack of knowledge of Mr. Harbin's abuse of the corporate form and when the debt to Steelcase was incurred.

### Summary

Michael Harbin's reasons for moving venue to Alabama do not withstand scrutiny and are rendered incredible by his own inconsistent statements. For the reasons set forth in Steelcase's original brief, the motion to change venue should be denied.

Respectfully submitted,

MILLER JOHNSON
Attorneys for Plaintiff, Steelcase Inc.

Dated: September 7, 2005          By ____/s/ Sara G. Lachman_____
                                       Jon G. March (P17065)
                                       Sara G. Lachman (P67523)
                                  Business Address:
                                       250 Monroe Avenue, N.W., Suite 800
                                       PO Box 306
                                       Grand Rapids, Michigan  49501-0306
                                  Telephone:  (616) 831-1700