UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC., a Michigan
corporation,

       Plaintiff,

v.

HARBIN'S, INC., an Alabama
corporation, MICHAEL G. HARBIN,
and HOPE D. HARBIN PATTERSON,

       Defendants.
_____/

Case No. 1:04CV0026

Honorable Robert Holmes Bell
Chief, U.S. District Judge

## **PROPOSED FINAL PRETRIAL ORDER**

A final pretrial conference was held on the 8th day of August, 2005. Appearing for the parties as counsel were Jon G. March and Sara G. Lachman of Miller, Johnson, Snell & Cummiskey, P.L.C. for Plaintiff, Steelcase Inc. ("Steelcase") and Robert W. Smith of Silverman, Smith & Rice, P.C. for Defendant Michael G. Harbin. Hope D. Harbin Patterson appeared in pro per. Steelcase appeared through a member of its in-house counsel, James O'Connor, and Defendant Michael Harbin was present in person.

At the time of the final pretrial conference, Steelcase and Defendant Michael Harbin had each filed and were awaiting decisions on Motions for Summary Judgment. Since that date, on August 11, 2005, this Court ruled on those cross motions. (See Docket No. 172.) The Court's Order granted Defendant Michael Harbin's Motion for Summary Judgment on Count II to enforce the guaranties and denied both Steelcase's

and Defendant Michael Harbin's Motions for Summary Judgment on Count III to pierce the corporate veil.  Thus, while only the piercing claim against Defendant Michael Harbin alone is to proceed to trial, the rest of this pretrial conference order reflects matters relevant to the guaranties claim as well as the piercing claim, as both claims were addressed in the final pretrial conference.

On May 2, 2005, Michael Harbin filed a Motion for Change of Venue, or Alternatively, to Adjourn the Trial and Settlement Conference.  Steelcase had not yet responded to that Motion as of the date of the final pretrial conference, but since that time, on August 25, 2005, Steelcase responded.  Steelcase's response was timely, as per the Court's Scheduling Order, dated May 25, 2005 (Docket No. 140) where Steelcase was given "given fourteen (14) days following the resolution of the [Motions for Summary Judgment] to file a response" to the Motion for Change of Venue.  The parties currently await a decision on this Motion.

Defendant Michael Harbin demands a jury trial on the count to pierce the corporate veil and also requests a jury trial on the count to enforce the guaranties. Steelcase and Defendant Hope Harbin Patterson object to Defendant Michael Harbin's untimely request for a jury trial on the guaranty claim.  Michael Harbin first made a jury demand in his Answer to Steelcase Inc.'s Second Amended Complaint; therefore, Defendant Michael Harbin is entitled to a jury on the piercing claim but has no right to a jury on the guaranty claim.  However, the Court has discretion to grant the defendant a jury trial on all triable issues to serve judicial efficiency and to eliminate jury confusion. The Court will consider such a motion at an appropriate time.

Additionally, Defendant Michael Harbin preserves his objections to moving forward with a trial on the claim to pierce the corporate veil as he has never had the opportunity to conduct discovery on the matter.

1. <u>EXHIBITS</u>: The parties note that per the Case Management Order, objections to exhibits under Federal Rule of Evidence 402 or 403 that are not contained in this Order are not deemed waived. The following exhibits will be offered by the plaintiff and the defendants:

*PLAINTIFF STEELCASE'S EXHIBITS*:

| *NO.* | *DATE* | *BATES PAGE NOS.* | *DESCRIPTION* | *OBJECTIONS AND RULING* |
|---|---|---|---|---|
| 1 | 06/10/93 | SC 000407-411 | Guaranty I | |
| 2 | 08/04/93 | SC 000402-406 | Guaranty II | |
| 3 | 06/02/93 | SC 000383-387 | Michael Harbin's First Revisions to Guaranties | Parol Evidence Rule **RESERVED** |
| 4 | 06/03/93 | SC 000388 | Michael Harbin's Second Revisions to Guaranties | Parol Evidence Rule **RESERVED** |
| 5 | 03/14/05 | N/A | Hope Harbin Patterson's Notice of Termination | Fed. R. Evid. 402 **RESERVED** |
| 6 | 06/17/93 | SC 000009 | Steelcase Security Agreement Log | Fed. R. Evid. 402 **RESERVED** Parol Evidence Rule **RESERVED** |
| 7 | 03/04/97 | SC 000008 | Steelcase Security Agreement Log | Fed. R. Evid. 402 **RESERVED** Parol Evidence Rule **RESERVED** |
| 8 | 01/27/05 | N/A | Deposition Transcript, Michael Harbin | Fed. R. Evid. 802 **OVERRULED** |
| 9 | 04/02/02 | N/A | Deposition Transcript, Michael Harbin | Fed. R. Evid. 802 **OVERRULED** |
| 10 | 04/27/05 | N/A | Affidavit of Michael Harbin | Fed. R. Evid. 802 **OVERRULED** |

*DEFENDANT MICHAEL G. HARBIN'S EXHIBITS*:

| *No.* | *DATE* | *BATES PAGE NOS.* | *DESCRIPTION* | *OBJECTIONS AND RULING* |
|---|---|---|---|---|
| A | 07/24/03 | SC 000287-288 | E-mails from Van Dyk to Cocos | |
| B | 02/05/91 | SC 000238 | Memo to Credit file from Marvis James | |
| C | 02/26/91 | SC 000235 | Memo from Marvis James to Joseph Erba | |
| D | 03/08/91 | SC 000231 | Memo from Marvis James to Joseph Erba | |
| E | 03/12/91 | SC 000004 | E-mail from Marvis James to Joel Vander Wall | |
| F | 03/18/91 | SC 000005 | Memo to credit file from Marvis James | |
| G | 03/21/91 | SC 000007 | Letter to Michael Harbin from Marvis James | |
| H | 11/07/02 | SC 000021 | Letter from Marvis James to Michael Harbin | |
| I | 06/03/93 | SC 000383-387 SC 000388 | Handwritten note from Michael Harbin to Marvis James with marked-up Guaranty | |
| J | 11/08/02 | SC 000024 | E-mail from Marvis James to Steven Waugh | |
| K | 01/29/03 | SC 000270 | E-mail from Marvis James to Steven Waugh | |
| L | 01/31/03 | SC 000595-611 | Steelcase Statement of Account regarding Harbin's, Inc. | |
| M | 05/2003 | SC 000389-395 | Unsigned Guaranty (individual) | |
| N | 03/31/05 | N/A | Deposition transcript of Marvis James | |
| O | 12/07/99 | SC 000366-381 | Letter from Marvis James to Michael Harbin with unsigned Security Agreement | |

4

*DEFENDANT HOPE D. HARBIN PATTERSON'S EXHIBITS*:

| *No.* | *DATE* | *BATES PAGE NOS.* | *DESCRIPTION* | *OBJECTION* |
|---|---|---|---|---|
| A | 6/99–7/05 | N/A | Timeline of Michael Harbin's Transactions | Fed. R. Evid. 402 **SUSTAINED** Fed. R. Evid. 403 Fed. R. Evid. 404 Fed. R. Evid. 802 Fed. R. Civ. P. 37(c)(1) **SUSTAINED** |
| B | | N/A | Transcription of Conversation Between Michael Harbin and Hope Harbin Patterson | Fed. R. Evid. 402 **SUSTAINED** Fed. R. Evid. 403 Fed. R. Evid. 404 Fed. R. Evid. 802 Fed. R. Civ. P. 37(c)(1) **SUSTAINED** |
| C | | N/A | Description of Deposition or Discovery Document | Fed. R. Evid. 402 **SUSTAINED** Fed. R. Evid. 403 Fed. R. Evid. 404 Fed. R. Evid. 802 Fed. R. Civ. P. 37(c)(1) **SUSTAINED** |
| D | | N/A | Documentation of Michael Harbin Regarding ALFA and Steelcase | Fed. R. Evid. 402 **SUSTAINED** Fed. R. Evid. 403 Fed. R. Evid. 404 Fed. R. Evid. 802 Fed. R. Civ. P. 37(c)(1) **SUSTAINED** |
| E | | N/A | Documentation of BlueCross BlueShield and Harbin's, Inc. | Fed. R. Evid. 402 **SUSTAINED** Fed. R. Evid. 403 Fed. R. Evid. 404 Fed. R. Evid. 802 Fed. R. Civ. P. 37(c)(1) **SUSTAINED** |
| F | | N/A | Documentation of Transaction of Monies of Michael Harbin | Fed. R. Evid. 402 **SUSTAINED** Fed. R. Evid. 403 Fed. R. Evid. 404 Fed. R. Evid. 802 Fed. R. Civ. P. 37(c)(1) **SUSTAINED** |

2. **UNCONTROVERTED FACTS**: The parties have agreed that the following may be accepted as established facts; however, they do not agree as to their relevancy:

    a. Michael Harbin and Hope Harbin Patterson executed a Guaranty on June 10, 1003 and another on August 4, 1993 each on behalf of Harbin's, Inc. and in favor of Steelcase (the "Guaranties").

    b. Steelcase obtained a Default Judgment against Harbin's, Inc. on December 1, 2004, in the amount of $385,275.79, including principal and interest accruing from November 23, 2004 forward, and a further amount for court costs in the amount of $150.00.

    c. Harbin's, Inc. has paid each of the specifically identified purchase orders listed in the Guaranties in full.

    d. Michael Harbin was the controlling shareholder of Harbin's, Inc.

    e. Michael Harbin made personal loans to Harbin's, Inc. without any supporting documentation or written terms of repayment.

    f. Michael Harbin was the controlling shareholder or member of Retail Enhancement Services.

3. **CONTROVERTED FACTS AND UNRESOLVED ISSUES**: The factual issues remaining to be determined and issues of law for the Court's determination are:

    a. Steelcase asserts and Defendant Michael Harbin denies the Guaranties expressly provide for the award of all costs, attorney fees, and other expenses incurred by Steelcase in the enforcement of the Guaranties.

    b. Steelcase asserts and Defendants Michael Harbin and Hope Harbin Patterson deny that the scope of the Guaranties encompasses Harbin's, Inc.'s current indebtedness to Steelcase in the amount of $385,275.79, plus interest, costs, and attorney fees.

    c. Defendant Michael Harbin asserts and Steelcase denies that the Guaranties were limited to those purchase orders specifically listed in each of the Guaranties.

    d. The original drafts of the Guaranties were provided by Steelcase, and many of Michael Harbin's requested changes were incorporated into the final executed version.

e. Steelcase asserts and Defendants Michael Harbin and Hope Harbin Patterson deny that the Guaranties should be enforced against them in the amount of $385,275.79 plus costs, interest, and attorney fees.

f. Defendant Michael Harbin asserts and Steelcase denies that Mr. Harbin was fraudulently induced into executing the Guaranties.

g. Defendant Michael Harbin asserts and Plaintiff Steelcase denies that Steelcase received written notice of termination of the Guaranties by Mr. Harbin.

h. Defendant Michael Harbin asserts and Steelcase denies that Steelcase received written notice of termination of the Guaranties from Mr. Harbin, which stated that all of the specifically identified purchase orders had been paid in full and, therefore, the Guaranties were no longer effective.

i. Defendant Michael Harbin asserts and Steelcase denies that between June 10, 1993 and September 23, 2004, no employee of Steelcase ever suggested to Mr. Harbin that he was personally liable to Steelcase for the debt of Harbin's, Inc.

j. Steelcase asserts and Defendant Michael Harbin denies that Mr. Harbin abused Harbin's, Inc.'s corporate form.

k. Steelcase asserts and Defendant Michael Harbin denies that Mr. Harbin and Harbin's, Inc. had a complete unity of interests.

l. Steelcase asserts and Defendant Michael Harbin denies that a nexus exists between Mr. Harbin's abuse of the corporate form and the harm to Steelcase.

m. Steelcase asserts and Defendant Michael Harbin denies that Steelcase is entitled to pierce Harbin's, Inc.'s corporate veil and therefore Mr. Harbin is personally liable in the amount $385,275.79 for the debt owed to Steelcase.

n. Steelcase asserts and Defendant Michael Harbin denies that Michael Harbin deposited checks designated to Harbin's, Inc. into his personal banking accounts for personal use.

o. Steelcase asserts and Defendant Michael Harbin denies that Michael Harbin deposited corporate funds into his personal banking accounts and then paid creditors of the corporation with those funds, thus commingling corporate and personal funds.

p. Steelcase asserts and Defendant Michael Harbin denies that Michael Harbin disregarded corporate formalities, including failing to maintain adequate records.

7

    q. Steelcase asserts and Defendant Michael Harbin denies Michael Harbin cannot produce the substantial portion of Harbin's, Inc.'s business records and does not know if any of those documents, whatever there ever were, remain in existence.

    r. Steelcase asserts and Defendant Michael Harbin denies Michael Harbin transferred assets between Harbin's, Inc. and other businesses in which he had a controlling interest without adequate consideration.

    s. Steelcase asserts and Defendant Michael Harbin denies that Harbin's, Inc. was undercapitalized during the period where Michael Harbin siphoned off corporate funds and the debts of Harbin's, Inc. that remain outstanding to Steelcase accrued.

    t. Defendant Michael Harbin asserts and Steelcase denies that Mr. Harbin did not personally benefit from any transaction complained of by Steelcase regarding Harbin's, Inc.

    u. Defendant Michael Harbin asserts and Steelcase denies that the transactions between Mr. Harbin and Harbin's, Inc., of which Steelcase complains, were either done for the sole benefit of Harbin's, Inc., or occurred at a time well before the debt at issue in the case existed.

    v. Defendant Michael Harbin asserts and Steelcase denies that Mr. Harbin was not guilty of any wrongdoing which, in equity, should prevent him from receiving the protection of the corporate veil.

    w. Defendant Michael Harbin asserts and Steelcase denies that after Harbin's, Inc. stopped doing business on April 30, 2004, Mr. Harbin had no duty to maintain the corporate records of Harbin's, Inc., except for those corporate records which he was instructed to retain for possible bankruptcy purposes by corporate counsel.

    x. Defendant Michael Harbin asserts and Steelcase denies that Steelcase employee Marvis James induced him to sign the Guaranties by telling Mr. Harbin that those Guaranties were specifically limited only to the purchase orders identified in each of them.

    y. Defendant Hope Harbin Patterson asserts and Defendant Michael Harbin denies that the amount of money owed to Steelcase in the enforcement of the guaranties and attorney fees and all other expenses incurred should be the sole responsibility of Michael G. Harbin, Jr.

  4. <u>WITNESSES</u>:

    a. <u>To Be Called By Plaintiff Steelcase</u>: Steelcase does not anticipate calling an expert witness. Non-expert witnesses to be called by Steelcase, except those who may be called for impeachment purposes, are:

8

Michael G. Harbin
406 Eastern Lake Road
Santa Rosa Beach, Florida 32459
(850) 231-5073

Mr. Harbin will be called testify in the trial of this matter. He will testify in person. Defendants do not anticipate objections to his relevant, material, and non-hearsay testimony.

Hope D. Harbin Patterson
5626 Mill Race Court
Atlanta, Georgia 30338
(770) 395-0051

Ms. Harbin Patterson will be called to testify in the trial of this matter. She will testify in person. Defendant Michael Harbin does not anticipate objections her material, relevant, non-hearsay, and non-opinion testimony. However, Michael Harbin specifically notes that the testimony regarding the acrimonious divorce between these two defendants, and with respect to matters far removed in time from the debt, which is the subject matter of this lawsuit, will be objectionable.

Marvis James, Dealer Financial Accounts, Steelcase
P.O. Box 1967
Grand Rapids, Michigan 49501-1967
(616) 247-2710

Mr. James may be called to testify in the trial of this matter. He may testify in person, or by reading his deposition transcript. Defendants do not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of Marvis James.

James Van Dyk, Manager of Corporate Credit, Steelcase
P.O. Box 1967
Grand Rapids, Michigan 49501-1967
(616) 247-2710

Mr. Van Dyk may be called to testify in the trial of this matter. If he is called, he will testify in person. Defendants do not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of James Van Dyk.

Richard Cocos, Director of Dealer Sales, Steelcase
303 Peachtree Center Avenue, Suite AL-175
Atlanta, Georgia 30303
(404) 523-2201

9

Mr. Cocos may be called to testify in the trial of this matter. If Mr. Cocos is called, he will testify in person. Defendants do not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of Richard Cocos.

An Individual(s) Involved in Drafting the Guaranties

An individual involved in drafting the Guaranties, who Plaintiff is currently trying to identify and locate, may be called to testify in the trial of this matter. If this individual is called, he will testify in person. Defendants objects to this witness under Fed R. Civ. P. 37(c)(1). The Court abstains from ruling at this time but notes that the burden will be on Steelcase to show a reason not to bar the witness from testifying under Fed. R. Civ. P. 37(c)(1) if the witness is called.

Randy Essenberg, Former Steelcase Employee
1349 Crystalaire Court SE
Caledonia, Michigan 49316
(616) 698-7252

Mr. Essenberg may be called to testify in the trial of this matter. If Mr. Essenberg is called, he will testify in person. Defendants do not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of Randy Essenberg.

b. To Be Called By Defendant Michael Harbin: Defendant Michael Harbin does not anticipate calling an expert witness. Non-expert witnesses to be called by Mr. Harbin, except those who may be called for impeachment purposes, are:

Michael G. Harbin
406 Eastern Lake Road – A
Santa Rosa Beach, Florida 32459-8536
(850) 231-5073

Mr. Harbin will be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of Michael Harbin.

Marvis James, Dealer Financial Accounts, Steelcase
P.O. Box 1967
Grand Rapids, Michigan 49501-1967
(616) 247-2710

Mr. James may be called to testify in the trial of this matter. He may testify in person, or by reading his deposition transcript. Steelcase does not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of Marvis James.

Courtney Harbin
406 Eastern Lake Road – A
Santa Rosa Beach, Florida 32459-8536
(850) 231-5073

Ms. Harbin will be called to testify in the trial of this matter. She will testify in person. Steelcase objects to the testimony of Courtney Harbin under Fed. R. Civ. P. 37(c)(1). The Court abstains from ruling at this time but notes that the burden will be on Defendant Michael Harbin to show a reason not to bar the witness from testifying under Fed. R. Civ. P. 37(c)(1).

Keeper of the Records, Steelcase, Inc.
303 Peachtree Center Avenue, Suite AL-175
Atlanta, Georgia 30303
(404) 523-2201

Steelcase's Keeper of the Records will be called to testify in the trial of this matter. He/she will testify in person. Steelcase does not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of Steelcase's Keeper of the Records.

James Van Dyk, Manager of Corporate Credit, Steelcase
P.O. Box 1967
Grand Rapids, Michigan 49501-1967
(616) 247-2710

Mr. Van Dyk may be called to testify in the trial of this matter. If he is called, he will testify in person. Steelcase does not anticipate any objections to the material, relevant, non-hearsay, and non-opinion testimony of James Van Dyk.

Hope D. Harbin Patterson
5626 Mill Race Court
Atlanta, Georgia 30338
(770) 395-0051

Ms. Harbin-Patterson may be called to testify in the trial of this matter. She will testify in person. Steelcase does not anticipate any objections to her material, relevant, non-hearsay testimony.

Brian Clark, former Steelcase Representative
2141 14th Ave.
South Birmingham, AL 35205
(404) 523-2210

Brian Clark may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

Joe Erbay, Steelcase
303 Peachtree Center Avenue, Suite AL-175
Atlanta, Georgia 30303
(404) 523-2201

Joe Erbay may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

Richard Giunta, Steelcase
303 Peachtree Center Avenue, Suite AL-175
Atlanta, Georgia 30303
(404) 523-2201

Richard Giunta may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

Steven Waugh, Steelcase
P.O. Box 1967
Grand Rapids, Michigan 49501-1967
(616) 247-2710

Steven Waugh may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

Richard Cocos, Steelcase
303 Peachtree Center Avenue, Suite AL-175
Atlanta, Georgia 30303
(404) 523-2201

Richard Cocos may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

Joel Vanderwall, Steelcase
303 Peachtree Center Avenue, Suite AL-175
Atlanta, Georgia 30303
(404) 523-2201

Joel Vanderwall may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

Gary Malburg, Steelcase
P.O. Box 1967
Grand Rapids, Michigan 49501-1967
(616) 247-2710

Gary Malburg may be called to testify in the trial of this matter. He will testify in person. Steelcase does not anticipate any objections to his material, relevant, non-hearsay testimony.

      c.      To Be Called By Defendant Hope Harbin Patterson: Defendant Hope Harbin Patterson does not anticipate calling an expert witness. Non-expert witnesses to be called by Ms. Patterson, except those who may be called for impeachment purposes, are:

Hope D. Harbin Patterson
5626 Mill Race Court
Atlanta, Georgia 30338
(770) 395-0051

Ms. Harbin-Patterson will be called to testify in the trial of this matter. She will testify in person. Defendant Michael Harbin objects on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTIONS OVERRULED**.

Thomas A. Methvin
Beasley Allen Crow Methvin Portis & Miles PC
218 Commerce St.
Montgomery, Alabama 36104
(334) 466-1059

Mr. Methvin will be called to testify in the trial of this matter. He will testify in person. Defendant Michael Harbin objects on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTION SUSTAINED UNDER FED. R. CIV. P. 32(c)(1).**

13

Amy Methvin
9828 Wynchase Dr.
Montgomery, Alabama 36117
(334) 274-1044

Ms. Methvin will be called to testify in the trial of this matter. She will testify in person or by telephone not in the presence of her husband. Defendant Michael Harbin objects on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTION SUSTAINED UNDER FED. R. CIV. P. 32(c)(1).**

Jacque Parks Holley
339 Nelocco St.
Auburn, Alabama 36830
(334) 466-1059

Mrs. Holley will be called to testify in the trial of this matter. She will testify in person. Defendant Michael Harbin objects on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTION SUSTAINED UNDER FED. R. CIV. P. 32(c)(1).**

Dede (Anne) Harbin
2094 Myrtlewood Dr.
Montgomery, Alabama 36111
(334) 263-0054

Ms. Harbin may be called to testify in the trial of this matter. If Ms. Harbin is called, she will testify in person. Defendant Michael Harbin objects on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTION SUSTAINED UNDER FED. R. CIV. P. 32(c)(1).**

Mickey Whitaker
30-A Realty
45 Sugar Sand Lane
Suite D
Seagrove Beach, Florida 32459
(850) 534-0600
1-800-231-2530

Mr. Whitaker may be called to testify in the trial of this matter. If Mr. Whitaker is called, he will testify in person or by telephone. Defendant Michael Harbin objects on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTION SUSTAINED UNDER FED. R. CIV. P. 32(c)(1).**

>Mary Brown
>30-A Realty
>45 Sugar Sand Lane
>Suite D
>Seagrove Beach, Florida

>Ms. Brown may be called to testify in the trial of this matter. If Ms. Brown is called, she will testify in person or by telephone. Defendant Michael Harbin anticipates objections on the basis of Fed. R. Evid. 402, 403, 404, 802, and/or Fed. R. Civ. P. 37(c)(1). **OBJECTION SUSTAINED UNDER FED. R. CIV. P. 32(c)(1).**

In the event that the Court permits any of Hope Harbin Patterson's witnesses to testify by telephone, Defendant Michael Harbin requests that he be entitled to the same opportunity.

### 5. DEPOSITIONS AND OTHER DISCOVERY DOCUMENTS:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

*PLAINTIFF STEELCASE'S USE OF DEPOSITION TESTIMONY*:

| DESCRIPTION OF DEPOSITION OR DISCOVERY DOC. | PAGE/LINE NUMBER OR PARAGRAPH | OBJECTION |
|---|---|---|
| Dep. of Michael G. Harbin (1/27/05) | p. 7(17) – p. 12(8) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 14(4) – p. 16(1) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 21(20) – p. 21(23) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 22(1) – p. 22(14) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p.23(13) – p. 23(15) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 26(11) – p. 26(12) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 31(6) – p. 31(15) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 40(16) – p. 45(5) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 67(8) – p. 70(15) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 72(14) – p. 74(17) | Fed. R. Evid. 802 **OVERRULED** |

| | | |
|---|---|---|
| Dep. of Michael G. Harbin (1/27/05) | p. 90(1) – p. 98(7) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 105(11) – p. 106(3) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 121(12) – p. 123(11) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 128(5) – p. 129(8) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (1/27/05) | p. 131(13) – p. 133(12) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 182(3) – p. 182(22) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 194(6) – p. 195(23) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 197(18) – p. 198(5) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 198(21) – p. 199(3) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 207(6) – p. 208(16) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 218(5) – p. 219(14) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 229(19) – p. 230(9) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Michael G. Harbin (4/2/02) | p. 231(18) – p. 232(14) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p. 25(1) – p. 26(19) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p.29(9) – p. 32(7) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p. 36(20) – p. 37(11) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p. 41(15) – p. 42(18) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p. 44(20) – p. 45(1) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p. 52(15) – p. 54(9) | Fed. R. Evid. 802 **OVERRULED** |
| Dep. of Marvis James (3/31/05) | p. 55(22) – p. 58(16) | Fed. R. Evid. 802 **OVERRULED** |
| Affidavit of Michael G. Harbin (4/27/05) | ¶¶ 1; 3; 12; 13(a), (b), (d); 16(i); 20-24 | Fed. R. Evid. 802 **OVERRULED** |
| Michael G. Harbin's Answer to Second Amended Complaint | ¶¶ 12, 14, 20-24, 27 | |

*DEFENDANT MICHAEL G. HARBIN'S USE OF DEPOSITION TESTIMONY*:

| ***DESCRIPTION OF DEPOSITION OR DISCOVERY DOC.*** | ***PAGE/LINE NUMBER OR PARAGRAPH*** | *OBJECTION* |
|---|---|---|
| Plaintiff Steelcase's Response to Defendant Michael G. Harbin's Request to Admit Facts Directed to Plaintiff Steelcase | Answers 2 and 4 | |
| Second Amended Complaint and Answer | pp. 15(8) – 15(25) | |
| Dep. of Marvis James (03/31/05) | pp. 16(23) – 17(3) | |
| Dep. of Marvis James (03/31/05) | pp. 20(2) - 20(16) | |
| Dep. of Marvis James (03/31/05) | pp. 25(17) – 27(17) | |
| Dep. of Marvis James (03/31/05) | pp. 28(17) – 29(8) | |
| Dep. of Marvis James (03/31/05) | pp. 29(25) – 31(16) | |
| Dep. of Marvis James (03/31/05) | pp. 32(8) – 36(17) | |
| Dep. of Marvis James (03/31/05) | pp. 37(2) – 37(11) | |
| Dep. of Marvis James (03/31/05) | pp. 38(22) – 39(7) | |
| Dep. of Marvis James (03/31/05) | pp. 42(7) – 43(20) | |
| Dep. of Marvis James (03/31/05) | pp. 48(7) – 43(20) | |
| Dep. of Marvis James (03/31/05) | pp. 51(16) – 52(13) | |
| Dep. of Marvis James (03/31/05) | pp. 58(19) – 59(22) | |

*DEFENDANT HOPE HARBIN PATTERSON'S USE OF DEPOSITION TESTIMONY*:

Defendant Hope Harbin Patterson does not plan to use deposition testimony or other discovery documents from this litigation.

6. <u>Length of Trial</u>: Plaintiff estimates the trial will last approximately one full day total and Defendant Michael Harbin estimates that it will last two to three days.

7. <u>Prospect of Settlement</u>: The parties engaged in settlement discussions during the Settlement Conference on August 8, 2005, with the assistance of Magistrate Judge Scoville. It is unlikely there will be any progress toward settlement until the pending dispositive motions have been decided.

Dated: _____        _____
                              ROBERT HOLMES BELL
                              Chief, United States District Judge

17

APPROVED AS TO FORM:

MILLER JOHNSON
Attorneys for Plaintiff
By  /s/ Sara G. Lachman
     Jon G. March (P17065)
     Sara G. Lachman (P67523)
250 Monroe Avenue, N.W., Suite 800
PO Box 306
Grand Rapids, Michigan  49501-0306
(616) 831-1700


SILVERMAN, SMITH, BINGEN, & RICE, PC
Attorneys for Defendant Michael Harbin
By   /s/ Robert Smith
     Robert Smith (31192)
151 S. Rose Street, Suite 707
Kalamazoo, Michigan 49007
(269) 381-2090


Hope Harbin Patterson
In pro per
By  /s/ Hope Harbin Patterson
5626 Mill Race Court
Atlanta, GA 30338
(770) 395-0051

Case 2:05-04-00888026-RHC-SC Document 192 Filed 06/09/20/2005 Page 18 of 18