UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE, INC., a Michigan
corporation,

        Plaintiff,

                                         File No.  1:04-CV-26

v.

                                       HON. ROBERT HOLMES BELL

MICHAEL G. HARBIN,

        Defendant.

_____/

## O P I N I O N

This matter is before the Court on Defendant Michael G. Harbin's motion for change of venue or alternatively, to adjourn the trial and settlement conference, and on Plaintiff Steelcase, Inc.'s motion for certification of judgment.

Steelcase originally filed this action against Harbin's Inc. in January 2004 for a past due account.  Steelcase filed an amended complaint in October 2004, adding a claim against Michael G. Harbin and Hope D. Harbin Patterson, for enforcement of personal guaranties. A default judgment was entered against Harbin's Inc. on December 1, 2004, in the amount of $385,275.79.  (Docket # 45).  Steelcase filed a second amended complaint in April 2005, adding a claim against Mr. Harbin to pierce the corporate veil of Harbin's Inc. and to hold Mr. Harbin liable for the Harbin's Inc. debt to Steelcase.  On August 11, 2004, summary judgment was entered in favor of Mr. Harbin and Hope D. Harbin Patterson on the personal

guaranty claim. The only remaining claim for trial is the claim against Mr. Harbin for

piercing the corporate veil.

Motions for change of venue are governed by 28 U.S.C. § 1404(a) which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). This Court articulated the standards applicable to § 1404(a) motions

in a previous opinion denying Mr. Harbin's first motion for change of venue:

A district court has "broad discretion" to grant or deny a motion to transfer under § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). Courts grant "substantial deference" to a plaintiff's chosen forum, especially where the plaintiff lives in his chosen jurisdiction. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). Nevertheless, a plaintiff's chosen forum will not defeat a well-founded motion for a change of venue. *Id.* Generally, transfer is not proper if the result is simply to shift the inconvenience from one party to another. *Evans Tempcon, Inc. v. Index Industries, Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).

(Op. of Sept. 24, 2004, at 8-9, Docket # 19).

At the time this Court denied Mr. Harbin's first motion for change of venue the only

claim against Mr. Harbin was the personal guaranty claim. The Court denied the motion to

transfer because a transfer would merely shift the inconvenience from one party to another.

Subsequent to the entry of that order, circumstances have changed. The Court entered

judgment on the personal guaranty claim and Steelcase added a claim for piercing the corporate veil.

Mr. Harbin is currently a resident of Florida. Harbin's Inc. had its principal place of business in Montgomery, Alabama, and Mr. Harbin resided in Alabama when Harbin's Inc. was in business. Mr. Harbin contends that in order to defend on the piercing the corporate veil claim he may need to call as many as 17 witnesses including 14 located in Alabama, one located in Tennessee, and two located in Florida. Those witnesses include the corporate attorney, corporate accountant, corporate bookkeepers, personal banker, corporate bankers, the company that handled the Harbin's Inc. payroll, and several major customers' of Harbin's Inc. (Michael Harbin Aff. ¶ 16).

Steelcase contends that Mr. Harbin's representation that he needs to call these 17 witnesses is disingenuous because most of these witnesses were not listed in the proposed final pretrial order. In the proposed final pretrial order Mr. Harbin listed 13 witnesses, only one of whom was located in Alabama.

The Court does not find Mr. Harbin's representations regarding the Alabama witnesses to be disingenuous. Mr. Harbin named the Alabama witnesses when he filed his motion for change of venue in May 2005, and he indicated at that time that he could not afford to bring them to Michigan or to take their depositions de bene esse. He further advised that the cost of producing these witnesses in Alabama would be comparatively minor because process would be available to compel their attendance. The focus of the piercing the corporate veil

claim will be on Mr. Harbin's actions with respect to Harbin's Inc. in Alabama. Because the corporate records of Harbin's Inc. are no longer in existence, the Court has no reason to doubt that many Alabama witnesses will be material to Mr. Harbin's defense to the piercing the corporate veil claim.

By contrast, there are very few witnesses in Michigan who would have any input on the piercing the corporate veil claim. Steelcase has merely stated that it anticipates calling "at least one" of the four Michigan witnesses listed in the final pretrial order to testify concerning Steelcase's lack of knowledge of Mr. Harbin's abuse of the corporate form when the debt to Steelcase was incurred.

Now that the focus of this case has shifted from the corporate debt and the personal guaranties to the issue of piercing the corporate veil, the Court is satisfied that the balance of convenience to the parties and the witnesses, and the interests of justice, all weigh heavily in favor of transferring this case to Alabama where the majority of the relevant witnesses are located. Accordingly, the Court will grant Mr. Harbin's motion and will transfer this case to the Middle District of Alabama.

In light of the determination that this case will be transferred, Mr. Harbin's renewed motion for continuance of trial is moot.

Steelcase has filed a motion for certification of judgment on Count II of Steelcase's second amended complaint against Defendants Michael G. Harbin and Hope D. Harbin Patterson to enforce personal guaranties. Rule 54(b) permits the Court to direct the entry of

4

a final judgment as to part of the claims "only upon an express determination that there is no just reason for delay." FED. R. CIV. P. 54(B). This determination requires the Court "to balance the needs of the parties against the interests of efficient case management." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). Rule 54(b) is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997) (quoting *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993)).

Steelcase contends that certification of the judgment on the personal guaranty claim is appropriate because the factual and legal underpinnings of the guaranty claim and the piercing claim are distinct. Steelcase also contends that if this case is transferred, appellate review will be conducted by the Eleventh Circuit rather than the Sixth Circuit, and, if the summary judgment order is reversed, the case will have to be tried to a new court in the Eleventh Circuit rather than by this Court that is already familiar with the case.

The Court is not convinced that Steelcase's concerns are sufficient to support certification of the judgment on the personal guaranty claim. Although the guaranty claim rests on a different legal theory than the piercing claim, and although the claims rely on different proofs, both claims arise out of the same buyer/seller relationship and both claims aim to hold Mr. Harbin liable for the same corporate debt. It would not be in the interests

of justice to permit piecemeal appeals on these related issues.  Accordingly, Steelcase's

motion for certification of judgment will be denied.

An order consistent with this opinion will be entered.


Date:     September 14, 2005          /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE